Docket No.:

# 𝔘nited 𝔖tates 𝔇istrict 𝔠ourt
## EASTERN DISTRICT OF NEW YORK

RICHARD KOSOWSKI,

*Plaintiff*

*–v–*

NASSAU COUNTY,
NASSAU COUNTY POLICE DEPARTMENT,
NASSAU COUNTY POLICE CHIEF
PATRICK J. RYDER, in his official capacity only,
Nassau County Police Officer MICHAEL
MARZOCCA, Nassau County Police Officer
CHRISTOPHER VARGA, Nassau County Police
Officer PHILLIP CUIFFO, Nassau County Police
Officer RYAN GALE, Nassau County Police
Officer WALTER PALM and Nassau County Police
Officers JOHN and JANE DOE ## 1-10

*Defendants*

# COMPLAINT

Cory H. Morris, Esq.
THE LAW OFFICES OF CORY H. MORRIS
*Attorneys for Plaintiff*
863 Islip Avenue
Central Islip, NY 11722
Phone: (631) 450–2515
Email: info@coryhmorris.com

Victor John Yannacone, jr, Esq., *of counsel*
Email: vyannacone@yannalaw.com

# TABLE OF CONTENTS

Preliminary Statement ........................................................................................2

Jurisdiction ........................................................................................................3

Venue ................................................................................................................3

Parties ...............................................................................................................3

    Plaintiff ........................................................................................................ 3

    Defendants ................................................................................................... 5

Facts .................................................................................................................6

    Arrest and handcuffing ................................................................................. 10

    Recovery of Plaintiff's vehicle and cameras ................................................... 15

    Disposition of the charges against Plaintiff .................................................... 16

Claims against Defendants ...............................................................................17

Causes of Action .............................................................................................20

*Monell* considerations .....................................................................................21

First Cause of Action 42 U.S.C. § 1983; First Amendment ...............................22

The "no recording" Policy ...............................................................................25

Injury ..............................................................................................................28

Damages ..........................................................................................................29

Prayer for relief ...............................................................................................30

# VERIFIED COMPLAINT

## PRELIMINARY STATEMENT

1. Plaintiff Richard Kosowski is a citizen of the United States and a resident taxpayer of the County of Nassau who records his encounters with public officials who are performing their public duties. He does so to educate others on what to expect from such encounters and as an expression of his First Amendment rights.

2. Plaintiff publishes his journalism on *YouTube* at https://www.youtube.com/@ruleoflawnews#.

3. Plaintiff has been arrested for recording police officers engaged in police activities in a public place.

4. On several occasions when Plaintiff Richard Kosowski filmed the Nassau County Police as their vehicle was driving near his, he was pulled over and issued Traffic Summons for having an Electronic Device in his hand.

5. Plaintiff Richard Kosowski was pulled over by the Hempstead Police for video recording them outside a deli and getting into their marked patrol vehicles.

6. Plaintiff files this action to challenge the unlawful policy of the Nassau County Police Department ("NCPD") arresting individuals when they record police officers within publicly accessible areas of Nassau County.

7. The NCPD's patently illegal policy of prohibiting recording of police activities in public places reflects the Department's hostility towards transparency and accountability.

8. Plaintiff seeks to have this illegal policy enjoined and an award of damages and reasonable attorneys' fees, all together with such other and further relief as this Court shall believe is just and proper under the circumstances.

## JURISDICTION

9. Jurisdiction is asserted under 28 U.S.C. § 1331 as arising under the Constitution because the rights of Plaintiff Richard Kosowski guaranteed by the First Amendment have been violated by Defendants as state actors.

## VENUE

10. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391 because Defendants  reside and/or are domiciled in this district.

## PARTIES

## Plaintiff

11. Plaintiff Richard Kosowski is a citizen of the United States and a resident taxpayer of the County of Nassau.

12. Plaintiff Richard Kosowski is a journalist who documents public officials in public spaces.

13. Plaintiff Richard Kosowski is a journalist who documents and investigates government conduct.

3

14. Plaintiff travels to Nassau County Police Facilities and engages police personal in conversation while audio recording to gather information and news about official Departmental Policies to determine if law enforcement practices are in compliance with the Law or if there is any non-compliance or discrepancies, if so, whether it was the result of Unofficial Unlawful Departmental Policies.

15. The news gathered by Plaintiff Richard Kosowski is disseminated on his RULEOFLAWNEWS Podcast on Rumble.com

16. Plaintiff Richard Kosowski does this work to show his viewers various police practices, to exercise his right to record government agents engaged in government conduct, and to protect the rights of others to record public officials.

17. Plaintiff Richard Kosowski is a journalist who posts the results of his journalistic efforts on the Internet by means of *YouTube* a publicly accessible site under the name and style, *Rule of Law* at https://www.youtube.com/@ruleoflawnews#

18. Plaintiff's conducts his journalism principally to protect the right to record law enforcement officers who may be engaged in misconduct.

19. Over the past fifteen years, recordings of law enforcement officers by civilians have revolutionized the way the public understands policing. Outrageous acts of misconduct, including murder, have been exposed solely through the vigilant actions of civilians armed only with a recording device.

20. A recording by a civilian bystander of then Police Officer Derek Chauvin killing George Floyd in Minneapolis in 2020 not only ignited a national uprising against police violence but also provided crucial evidence in the successful murder trial of officer Chauvin. *See* State v. *Chauvin*, No. 27-CR-20-12646 (Minn. Dist. Ct., Hennepin Cnty. June 25, 2021).

21. Recording the police has become a crucial accountability and safety tool, particularly for marginalized communities of which there are several in Nassau County.

22. Any interaction in which a person cannot independently record law enforcement actions and activity is inherently unsafe.

## Defendants

23. Defendant Nassau County ("County") is a municipal entity created and organized under the laws of the State of New York.

24. Defendant Nassau County is responsible for the policies, practice, supervision, implementation, and conduct of all Nassau County Police Department ("NCPD") matters and is responsible for the appointment, training, supervision, discipline and retention, and conduct of all NCPD personnel.

25. Defendant Nassau County is responsible for ensuring that NYPD personnel obey the laws of the United States and the State of New York.

26. Defendants Nassau County Police Chief Patrick J. Ryder, in his official capacity, is an employee of Defendant Nassau County and/or Defendant Nassau County Police Department.

27. Upon information and belief, Nassau County Police Officer Michael Marzocca, Nassau County Police Officer Christopher Varga,  Nassau County Police Officer Phillip Cuiffo, Nassau County Police Officer Ryan Gale, Nassau County Police Officer Walter Palm and Nassau County Police Officers John and Jane Doe ## 1-10 are all employees of the Nassau County Police Department.

28. Nassau County Police Officer Michael Marzocca, Nassau County Police Officer Christopher Varga, Nassau County Police Officer Phillip Cuiffo, Nassau County Police Officer Ryan Gale, Nassau County Police Officer Walter Palm and Nassau County Police Officers John and Jane Doe ## 1-10 are sued in their individual and official capacity.

### FACTS

29. The following facts, to the extent relevant, applicable, and appropriate, support the causes of action hereafter pleaded in this Complaint and are to be considered to the extent necessary pleaded therewith.

30. On September 9, 2022, at the Green Acres Mall, Plaintiff Richard Kosowski  was lawfully recording Nassau County Police Department PO Michael Marzocca and PO Christopher Varga.

31. as is his right under Federal and State law.

32. On September 9, 2022, at about 14:56 in the parking lot of the Green Aces Mall, 1150 Green Aces Mall Valley Stream NY 11580 near row 74, Plaintiff Richard Kosowski was seized and arrested according to a record designated Arrest #: 222AR0510064.

33. According to Alysia Russell an agent of the Nassau County District Attorney, the following law enforcement personnel have evidence or information concerning the events which occurred at the Green Acres Mall on September 9, 2022: PO Michael Marzocca and PO Christopher Varga.

34. On September 9, 2022 during the midafternoon, Plaintiff Richard Kosowski was driving to Home Depot in Valley Stream on Peninsula Blvd. making a left turn on Mill Road to Sidney Place where he made another left turn and proceeded to drive on Sidney Place when he observed an unmarked silver Ford Crown Victoria approaching his vehicle about 200 feet away traveling in the opposite direction towards the Kosowski vehicle.

35. Plaintiff Richard Kosowski then retrieved his small Fuji digital camera, held it in his left palm; extended his left arm outside the open driver's side window, and photographed the unmarked police unit, its driver and a passenger.

36. As the unmarked police vehicle drove past his vehicle, Plaintiff Richard Kosowski immediately pulled his vehicle into the nearest parking space, which was in Row 76 of the parking lot

for the Green Acres Mall; parked and took his keys out of his ignition, holding them in his hand.

37. Plaintiff Richard Kosowski then removed his activated body worn camera from its holder on the dash and exited his vehicle with his activated body worn camera in his hand, as well as his vehicle keys and his Fuji Film digital camera.

38. Plaintiff Richard Kosowski  observed the unmarked police unit (containing PO Michael Marzocca and PO Christopher Varga) make a U-turn and start driving toward his vehicle.

39. While outside of his vehicle Plaintiff Richard Kosowski pointed his activated body worn camera at the unmarked police vehicle and the two plain clothes officers, the driver and the passenger of the unmarked silver Crown Victoria that just pulled behind his vehicle.

40. As the individuals in plain clothes (PO Michael Marzocca and PO Christopher Varga) were exiting their unmarked vehicle, Plaintiff Richard Kosowski was video recording them with his body worn camera.

41. One of the plain clothes police officers requested his license, registration, and insurance card.

42. Plaintiff Richard Kosowski asked the police officers for a reason why he was being accosted and Defendant Police Officer Marzocca said that Mr. Kosowski had an electronic device in my hand and that it was against the law.

43. Plaintiff Richard Kosowski told both officers that the "device" was his Fuji digital camera which Plaintiff Richard Kosowski was holding it in the palm of his hand as he showed it to them.

44. Plaintiff Richard Kosowski stated to both officers that his digital camera did not constitute an electronic device pursuant to the statute's operational definition which describes an electronic device as a cell phone, PDA, computer capable of transmitting text data etc. and other devices.

45. Plaintiff Richard Kosowski asked the officers (PO Michael Marzocca and PO Christopher Varga) if that was the sole basis for the traffic stop and PO Marzocca said, "Yes."

46. The camera Plaintiff Richard Kosowski was using is not a cell phone and is not a device defined and included in the statute's prohibition because it is not a cell phone and has no capability to transmit any wireless communications or text messages etc.

47. The officer insisted that Plaintiff Richard Kosowski give him his license.

48. Plaintiff Richard Kosowski asked PO Marzocca to call a Sergeant to the scene because the officer was attempting to improperly issue Mr. Kosowski a summons for operating a motor vehicle while using an electronic device even though the Fuji camera used by Mr. Kosowski does not constitute an electronic device as defined by the New York Vehicle & Traffic Law.

49. Plaintiff Richard Kosowski again asked PO Marzocca to call a Sergeant to the scene and the officer said, "No, I am not going

to get a Sergeant to come to the scene, are you going to give me your license?" Mr. Kosowski then said, "If the Sergeant is not coming to the scene, here is my license."

## ARREST AND HANDCUFFING

50. As Plaintiff Richard Kosowski was attempting to get his license, the officer said, "It is too late. You are under arrest. Turn around and face the back of your vehicle." Mr. Kosowski complied, and PO Marzocca grabbed Mr. Kosowski's and put handcuffs on his wrists.

51. As Plaintiff Richard Kosowski was being cuffed, PO Christopher Varga took Mr. Kosowski's Fuji digital camera, his body worn camera and his car keys out of his hands and placed them on the rear roof of the Kosowski vehicle.

52. As PO Marzocca picked up Mr. Kosowski's body worn camera, the PO pressed the power button on it to turn it off.

53. As PO Marzocca was deactivating the camera, Plaintiff Richard Kosowski said to him, "I did not consent for you to turn off my body worn camera." The police officer replied that he has a right to turn it off because he does not want the camera to record anything else.

54. The officers PO Michael Marzocca and PO Christopher Varga placed Plaintiff Richard Kosowski into the unmarked police unit with his hands handcuffed behind his back and with all of the vehicle windows shut.

55. As Mr. Kosowski was being arrested, a Sergeant arrived on the scene in his marked unit, exited his vehicle, and started talking to the Officers.

56. PO Michael Marzocca and PO Christopher Varga refused to allow Plaintiff Richard Kosowski to speak with the Sergeant.

57. Plaintiff Richard Kosowski started calling through the closed windows of the unmarked car he was confined to, "I do not give consent for the police officers to turn off my activated body worn camera."

58. Mr. Kosowski kept saying through the closed windows that the officer is tampering with physical evidence by turning my body worn camera off and that the officers are creating a false narrative on their body worn cameras.

59. As soon as the officers, inclusive of Michael Marzocca, Christopher Varga, Phillip Cuiffo, Ryan Gale, Walter Palm and/or Nassau County Police Officers John and Jane Doe ## 1-10, realized that their own active body worn cameras might record Mr. Kosowski's voice, they moved away from the unmarked police unit he was confined in.

60. One of the aforementioned police officers entered the driver's side of the unmarked police unit, and Plaintiff Richard Kosowski asked him, "What are you charging me with?" The officer said that he was going to charge Mr. Kosowski with Disorderly Conduct and Obstructing Governmental Administration (OGA). He also said Mr. Kosowski would be issued two Traffic Summons; one for obstructing view through

the front windshield because of the dash camera suction cupped to the window and the other for having a digital device in Mr. Kosowski's hand.

61. Plaintiff Richard Kosowski told the police officers (Michael Marzocca, Christopher Varga, Phillip Cuiffo, Ryan Gale, Walter Palm and/or Nassau County Police Officers John and Jane Doe ## 1-10) several times that the handcuffs were too tight so the police officer loosened the handcuffs but they were still too tight and Mr. Kosowski requested that the handcuffs be loosened more, but one of the aforementioned police replied, "handcuffs are not supposed to be comfortable."

62. When Plaintiff Richard Kosowski again said that the handcuffs were hurting his wrists and one of the officers said, "lean forward." When Mr. Kosowski did and said they were still too tight, one of the aforementioned police said lean back. Mr. Kosowski did, but the handcuffs were still digging into his wrists and making his hands numb.

63. The officers did loosen and adjust the handcuffs, but they were still too tight so plaintiff Richard Kosowski suffered great pain in both his wrists and both hands were numb.

64. Plaintiff Richard Kosowski asked the officer, "Why are you charging me with OGA?" the officer replied, "Because you did not give me your license right away."

65. Plaintiff Richard Kosowski told the officers, "issuing me a summons when it is not warranted is an abuse of process, prosecutorial misconduct and retaliation because you did not

like the content of my video recording and photographing law enforcement activity and the officers."

66. Plaintiff Richard Kosowski told the officers (inclusive of Michael Marzocca, Christopher Varga, Phillip Cuiffo, Ryan Gale, Walter Palm and/or Nassau County Police Officers John and Jane Doe ## 1-10) that hindering him from recording law enforcement activity is a violation of his First Amendment protected right to a free press since the POs were preventing him from gathering and disseminating news.

67. Plaintiff Richard Kosowski said to the aforementioned officers, "You are retaliating against me because you know that I regularly film the police and their activity."

68. Immediately after the officers arrested Plaintiff Richard Kosowski and put him in the unmarked police vehicle, they began to thoroughly search his vehicle.

69. As they were searching his vehicle that was appropriately parked in the mall parking lot, Plaintiff Richard Kosowski kept saying to them, "I do not give consent to search my vehicle." The POs continued searching in spite of Mr. Kosowski's protests.

70. One of the aforementioned officers went back into the driver's seat of the unmarked police vehicle to look at his mobile data terminal. Plaintiff Richard Kosowski asked the officer why he was searching the Kosowski vehicle the officer said he was doing an inventory search.

71. When Plaintiff Richard Kosowski asked the PO what authority he had to search the vehicle, the PO said that he is having the vehicle impounded so he needs to do an inventory search.

72. When Plaintiff Richard Kosowski told the PO that he had no authority to impound my vehicle because it is parked in a parking space and that Mr. Kosowski had the keys in his hand when he exited his vehicle before the PO pulled his unmarked police vehicle behind the Kosowski vehicle and activated its emergency lights.

73. The officer that was in the driver's seat of the unmarked police unit told Mr. Kosowski that he would be transported to the 5th Precinct as soon as the towing company arrives to pick up his vehicle and impound it.

74. The arresting officer took about six (6) hours from 3 pm to 9 pm to transport Plaintiff Richard Kosowski to the 5th precinct, process and book Mr. Kosowski and then release him.

75. While Plaintiff Richard Kosowski was in the holding cell at the 5th Precinct, his right wrist was handcuffed to the bench and Mr. Kosowski told the officer several times that the handcuff was hurting his right wrist, and his hand was numb. No one would pay any attention to the pain Mr. Kosowski was complaining of or willing to do anything to relieve it.

76. Plaintiff Richard Kosowski was released on his own recognizance at about 9 pm on the same day as the arrest.

## RECOVERY OF PLAINTIFF'S VEHICLE AND CAMERAS

77. The next day, on Saturday about 8 am, Mr. Kosowski went back to the 5th Precinct in Elmont, Nassau County, to provide the required documents to obtain the release of his vehicle.

78. Plaintiff Richard Kosowski then went to the towing company located in Freeport, N.Y., paid the fees, and asked them where his vehicle located. They said that his vehicle is not located on this Freeport Towing Company property, but was located and stored at Island Park, New York and that the storage yard is closed on weekends.

79. After Plaintiff Richard Kosowski identified himself as an investigative reporter, another tow company worker said, "Wait a minute. I think we can get somebody to drive to the Island Park storage yard and get your vehicle out, you will just have to wait about 1 to 1–1/2 hours."

80. Plaintiff Richard Kosowski waited about an hour and then a worker for the towing company released the vehicle to Mr. Kosowski.

81. When Plaintiff Richard Kosowski retrieved his vehicle, he noticed most of the content of the vehicle was out of place as if the vehicle had been ransacked. The front and rear dash cameras were off their window mount suction cups and on the seat and the spare camera that was in the glove compartment and was not used to take pictures of these police officers and the traffic stop had been removed and it was placed in the rear interior of the vehicle.

82. Plaintiff Richard Kosowski viewed the recorded content of the front dash camera and observed that recorded video files of events not related to, and which occurred before, the traffic stop were still recorded on the internal memory card, but any events related to the traffic stop had been deleted.

83. Upon viewing the recorded files of events after the traffic stop, Mr. Kosowski observed a video of a man about 35–40 years old in what appears to be a uniform issued by the tow company handling the front dash camera apparently causing recorded video files to be deleted. While handling the video camera, the man accidently recorded himself and his surroundings which were the area of the storage yard in which the Kosowski vehicle was stored.

## DISPOSITION OF THE CHARGES AGAINST PLAINTIFF

84. On or about April 14, 2023, the Honorable David Goodsell, a Judge of the Nassau County District Court, issued an Order finding that the Obstruction of Governmental Administration charge against Plaintiff Richard Kosowski was legally insufficient insofar as the information alleged.

85. On oral application, Judge Goodsell dismissed the Obstruction of Governmental Administration charge on or about April 28, 2023. The remainder of the accusatory instruments were dismissed shortly thereafter by written decision of Judge Goodsell.

## CLAIMS AGAINST DEFENDANTS

86. Upon information and belief, Plaintiff Richard Kosowski was targeted by Defendant Nassau County Police Department, its agents and employees.

87. Charges were brought against Plaintiff Richard Kosowski even though Defendants Nassau County, Nassau County Police Department, their agencies, agents and employees and Defendants Nassau County Police Chief Patrick J. Ryder, Nassau County Police Officers Michael Marzocca, Christopher Varga, Phillip Cuiffo, Ryan Gale, Walter Palm and John and Jane Doe #1-10, knew or had reason to know that there was no merit to the initiation and continuance of the prosecution.

88. That Defendant, jointly and/or severally, individually and/or collectively, Nassau County Police Department Police Officers violated the civil rights of Plaintiff Richard Kosowski by subjecting him to an improper and illegal seizure, arrest, and prosecution.

89. Defendants, jointly and severally, individually or collectively initiated and maintained a criminal proceeding against Plaintiff Richard Kosowski without probable cause.

90. Defendants, jointly and severally, individually or collectively initiated and maintained a criminal proceeding against Plaintiff Richard Kosowski while knowing or having reason to know that no probable cause existed against the claimant and that the allegations stated in the accusatory instrument were defamatory and slanderous.

91. Defendants, jointly and severally, individually or collectively initiated and maintained a criminal proceeding against Plaintiff Richard Kosowski while they knew and had reason to know that no probable cause existed for the arrest and, thereafter, became aware that no probable cause existed for the continued incarceration and, later, prosecution of Plaintiff Richard Kosowski.

92. Upon information and belief, Defendants, jointly and severally, individually or collectively initiated and maintained a criminal proceeding against Plaintiff Richard Kosowski with malice, specifically that because he records and reports upon the activities of police.

93. Upon information and belief, Defendants jointly and/or severally, individually and/or collectively initiated and maintained a criminal proceeding against Plaintiff Richard Kosowski on the basis of his speech and his actions in recording the activities of Defendant Nassau County Police Officers at Green Acres Mall.

94. All County Towing, a tow-truck company acting as an agent of Nassau County, did eventually obtain audio and video records from the personal vehicle of Plaintiff Richard Kosowski.

95. Plaintiff Richard Kosowski was seized, battered, arrested, stigmatized, defamed and wrongfully accused of a misdemeanor, "Obstruction of governmental administration," and vehicle and traffic offenses.

96. Defendants Nassau County, Nassau County Police Department, Nassau County Police Chief Patrick J. Ryder, Nassau County Police Officers Michael Marzocca, Christopher Varga, Phillip Cuiffo, Ryan Gale, Walter Palm and John and Jane Doe #1-10, through the Nassau County District Attorney sought to have Plaintiff Richard Kosowski plead guilty to a crime he did not commit.

97. Defendants Nassau County, Nassau County Police Department, Nassau County Police Chief Patrick J. Ryder, Nassau County Police Officers Michael Marzocca, Christopher Varga, Phillip Cuiffo, Ryan Gale, Walter Palm and John and Jane Doe #1-10, through the Nassau County District Attorney and the Office of the Nassau County Attorney sought an Order of Protection in favor of one or more of Defendants Nassau County, Nassau County Police Department, Nassau County Police Chief Patrick J. Ryder, Nassau County Police Officers Michael Marzocca, Christopher Varga, Phillip Cuiffo, Ryan Gale, Walter Palm and John and Jane Doe #1-10

98. Defendants, jointly and severally, individually or collectively acted to prevent Plaintiff Richard Kosowski from being able to perform his job functions as a Nassau County Employee.

99. Upon information and belief, there exists in Nassau County a "no recording" Policy instituted by Defendants Nassau County, Nassau County Police Department, and/or Nassau County Police Chief Patrick J. Ryder, jointly and severally, individually and/or collectively which encourages police officers to actively interfere with the right of individual

citizens to record police officers and their activities in public locations within Nassau County.

100. Upon information and belief, Nassau County Police Officer Michael Marzocca, Nassau County Police Officer Christopher Varga, Nassau County Police Officer Phillip Cuiffo, Nassau County Police Officer Ryan Gale, Nassau County Police Officer Walter Palm and Nassau County Police Officers John and Jane Doe ## 1-10, jointly and severally, individually and/or collectively were implementing this "no recording" Policy when they did seize, arrest, detain, imprison, and maliciously prosecute Plaintiff Richard Kosowski.

101. That on or about April 19, 2022, the Intelligence Section of Defendant Nassau County Police Department did cause to be published, distributed and circulated an "Intelligence Bulletin," concerning Plaintiff Richard Kosowski and containing a photo of the Plaintiff.

102. Upon information and belief, that Intelligence Bulletin was published and disseminated to many law enforcement departments and at a variety of facilities including, but not limited to, the Nassau County Police Gun Range and the Nassau County Police Academy.

## CAUSES OF ACTION

103. Plaintiff Richard Kosowski was targeted for his First Amendment activities, including recording law enforcement activities and the officers involved in those activities.

104. Plaintiff Richard Kosowski was specifically targeted by the Nassau County Police Department.

105. The actions of Plaintiff Richard Kosowski in recording the actions of Defendant Nassau County Police Department PO Michael Marzocca and PO Christopher Varga, on September 9, 2022 at Green Acres Mall, are protected activities under the United States Constitution, the New York State Constitution and New York State statutes.

106. Upon information and belief, Plaintiff Richard Kosowski was targeted by Defendant Nassau County Police Department, its agents and employees because and/or as a result of his exercise of his First Amendment rights including, but not limited to, recording Nassau County Police Department activities in areas accessible to the public and the Nassau County Police Department officers engaged in those activities, and speaking about the corruption within public and unrestricted areas of Nassau County.

### *MONELL* CONSIDERATIONS

107. The violations of the civil rights of Plaintiff Richard Kosowski were the result of and/or caused by the negligent hiring, training, retention, and supervision, acts of negligence, failure to intervene, failure to train, recklessness and intentional acts of Defendants  Nassau County, Nassau County Police Department, their agents, employees, and contractors, and Nassau County Police Chief Patrick J. Ryder.

108. The "no recording" Policy of Defendants Nassau County and the Nassau County Police Department is a manifestation of a long-standing policy of suppressing information about police activities and/or the actions of individual police officers and actively resisting and frustrating efforts by members of the general public such as Plaintiff Richard Kosowski to obtain such information by legal means authorized and created by the New York State Legislature and subject to protection under the United States Constitution.

109. The manifestation of this police, pattern, practice, custom, trade or usage of targeting those who record and report upon the activities of police is evidenced by, among other things, the existence of a bulletin having Mr. Kosowski's information, that NCPD officers should be aware but not arrest Mr. Kosowski and that Mr. Kosowski should be the subject of, *inter alia,* surveillance and that the police should exercise caution in his presence so as to not alert the public to their true activities.

### FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983; FIRST AMENDMENT

110. Plaintiff Richard Kosowski was exercising his First Amendment right to record police activity and police officers in public and publicly accessible places.

111. The right of Plaintiff Richard Kosowski to record police activity and police officers in public and publicly accessible places is protected by the First Amendment.

112. On September 9, 2022 at approximately 14:45, Plaintiff Richard Kosowski was exercising his right to record police activity and police officers at the Green Acres Mall.

113. On September 9, 2022, one or more of the individual Defendant NCPD police officers did seize, arrest, detain, imprison, and maliciously prosecute Plaintiff Richard Kosowski because, and in retaliation for, Plaintiff exercising his First Amendment right to record public officials in public places.

114. Michael Marzocca, Christopher Varga,  Phillip Cuiffo, Ryan Gale, Walter Palm and Nassau County Police Officers John and Jane Doe ## 1-10 acted in this matter to address Plaintiff's speech and dissemination of recordings through First Amendment protected activities.

115. On September 9, 2022, the actions of the individual Defendant NCPD police officers involved in seizing, arresting, detaining, imprisoning, and maliciously prosecuting Plaintiff Richard Kosowski were not narrowly tailored to any governmental interest.

116. The arrest of Plaintiff Richard Kosowski on September 9, 2022 by one or more of the individual Defendant NCPD police officers was motivated or substantially caused by Plaintiff Richard Kosowski attempting to exercise of his First Amendment right to record police officers engaged in police activity in a public place, the Green Acres Mall parking lot.

117. At all relevant times Defendant Nassau County Police Officers were employees of the Nassau County Police Department acting within the scope of their official duties and were state actors acting under color of state law.

118. Michael Marzocca, Christopher Varga,  Phillip Cuiffo, Ryan Gale, Walter Palm and Nassau County Police Officers John and Jane Doe ## 1-10 did act individually and jointly to address Plaintiff's speech, acting in whole or in part of the bulletin containing Plaintiff's information, and to address if not prevent Plaintiff from speaking on police activities.

119. By seizing, arresting, detaining, imprisoning, and maliciously prosecuting Plaintiff Richard Kosowski for recording or attempting to record police activity and the individual Defendant NCPD police officers, Defendants, jointly and severally, individually and/or collectively, deprived Plaintiff of a constitutional right guaranteed to him under the First Amendment.

120. Michael Marzocca, Christopher Varga,  Phillip Cuiffo, Ryan Gale, Walter Palm and Nassau County Police Officers John and Jane Doe ## 1-10, individually or collectively, interfered with Plaintiff's rights by first threatening to arrest him and then, in fact, arresting him when he did not stop recording them.

121. One or more of the aforementioned individual Defendant Nassau County Police Officers engaged in viewpoint discrimination and retaliation by arresting Plaintiff Richard

Kosowski for exercising his First Amendment rights and engaged in a protected First Amendment activity.

122. The actions of Defendant Nassau County Police Officers were not narrowly tailored to any legitimate governmental interest.

## THE "NO RECORDING" POLICY

123. The right of Plaintiff Richard Kosowski to record police activity and police officers in public and publicly accessible places is protected by the First Amendment:

124. The individual Defendant NCPD police officers were acting pursuant to an NCPD "no recording" Policy, Custom, Trade, Practice, Usage and/or Pattern and Practice (hereinafter collectively referred to as "Policy") that is ultimately the responsibility of the NCPD and Nassau County.

125. Michael Marzocca, Christopher Varga,  Phillip Cuiffo, Ryan Gale, Walter Palm and/or Nassau County Police Officers John and Jane Doe ## 1-10 knew and had reason to know of such a Policy as evidenced by bulletins of Plaintiff and possibly others as persons who record police activities.

126. The individual Defendant NCPD police officers did seize, arrest, detain, imprison, and maliciously prosecute Plaintiff Richard Kosowski pursuant to an illegal NCPD Policy that, upon information and belief, continues to be enforced.

127. One or more of the individual Defendant Nassau County Police Officers interfered with Plaintiff's right to record law enforcement activity by arresting him when he did not stop recording them.

128. Plaintiff's arrest was motivated or substantially caused by his exercise of his First Amendment right to record police officers performing their official duties in public.

129. One or more of the individual Defendant Nassau County Police Officers arrested Plaintiff Richard Kosowski specifically because Plaintiff was exercising his First Amendment right to record public officials acting in public places.

130. Michael Marzocca, Christopher Varga,  Phillip Cuiffo, Ryan Gale, Walter Palm and/or Nassau County Police Officers John and Jane Doe ## 1-10 arrested and prosecuted Plaintiff Richard Kosowski because Plaintiff was exercising his First Amendment right to record public officials acting in public places and because Plaintiff disseminates recordings and information about public officials acting in public places.

131. By arresting Plaintiff Richard Kosowski, Defendants, jointly and severally, individually and/or collectively, deprived Plaintiff of a constitutional right.

132. Defendant Nassau County Police Officers were acting pursuant to an NCPD Policy that is ultimately the responsibility of Nassau County and the NCPD.

133. The Policy of the NCPD violates the First Amendment rights of Plaintiff Richard Kosowski.

134. Upon information and belief, NCPD officers were and are encouraged to arrest individuals such as the Plaintiff Richard Kosowski making audio and/or video recordings of police

26

activities in areas and at locations accessible to the public in Nassau County.

135. Nassau County's Policy deprives Plaintiff and many others, of their First Amendment rights to record NCPD officers in publicly accessible areas of Nassau County.

136. Nassau County's Policy is viewpoint discriminatory, is not content-neutral, and is not narrowly tailored to protect a legitimate government interest.

137. This "no recording" Policy of Nassau County does not contain any exceptions or "tailoring" to protect or recognize any legitimate interest in recording police activities in the publicly accessible areas of Nassau County.

138. This "no recording" of Nassau County Policy authorizes the arrest of individuals attempting to exercise their First Amendment rights.

139. This "no recording" Policy of Nassau County chills the First Amendment rights of those who would record the activities of police officers in public places and denies the First Amendment rights of those who choose to exercise them in the publicly accessible areas of Nassau County.

140. This "no recording" Policy has been implemented to limit First Amendment activity by members of the public and not for any legitimate law enforcement purpose.

141. This "no recording" Policy is enforced by NCPD officers acting under color of state law.

142. On September 9, 2022, at about 16:10 in the parking lot of the Green Aces Mall, at 1150 Green Aces Mall, Valley Stream, N.Y. 11580 near row 74 Plaintiff Richard Kosowski was seized, arrested, detained, imprisoned, and maliciously prosecuted by one or more of the individual Defendant NCPD police officers.

143. Plaintiff's First Amendment rights continue to be chilled by the "no recording" Policy, as he is refraining from exercising his First Amendment rights under the very real fear of future arrest and resulting jeopardy to his existing public sector employment.

## INJURY

144. Plaintiff Richard Kosowski was seized, battered, arrested, stigmatized, defamed and wrongfully accused of the misdemeanor crime of Obstruction of Governmental Administration and vehicle and traffic offenses, maliciously prosecuted, and as a result suffered injury to his body and mind.

145. Defendants, jointly and severally, individually and/or collectively, caused Plaintiff Richard Kosowski significant harm to his body, his reputation, his ability to work and continue working at his job and earn income as well as continued psychological pain and suffering.

146. Plaintiff Richard Kosowski suffered through the continued hardship and humiliation of defending himself in Criminal Court which caused him great emotional distress and required him to retain counsel and pay legal fees.

147. Plaintiff Richard Kosowski sustained physical and emotional injuries as a result of violation of his civil rights by Defendants, jointly and severally, individually and/or collectively.

148. As a result of the actions of the Defendants, jointly and severally, individually and/or collectively, Plaintiff Richard Kosowski was deprived of his liberty, spent hours in jail, and suffered physical pain and emotional injury.

149. That as a result of the Defendants, jointly and severally, individually and/or collectively violating his civil rights, Plaintiff Richard Kosowski sustained physical and emotional injuries, including but not limited to, loss of freedom, loss of comfort, extreme mental stress, pain and suffering, emotional scarring, psychological injury, injury to name and reputation, and stigma associated with being labeled a criminal.

## DAMAGES

150. That as a result of the Defendants, jointly and severally, individually and/or collectively in violating his civil rights, Plaintiff Richard Kosowski has sustained physical and emotional injuries including but not limited to loss of freedom, loss of comfort, extreme mental stress, pain and suffering, emotional scarring, psychological injury, injury to name and reputation, stigma associated with being labeled a criminal, and loss of income and now seeks monetary damages in the nature of special damages/costs/fees, compensatory damages, general damages, and punitive damages from the Defendants.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff demands judgment of the Defendants, jointly and severally, individually and/or collectively as to this Court shall seem appropriate under the circumstances in a monetary amount to be determined upon jury trial,

**FINDING** that Defendants, jointly and severally, individually or collectively maintain, facilitate and accommodate a pattern and practice among members of Defendant Nassau County Police Department to limit and effectively deny the Constitutional rights of the Plaintiff to record the actions of law enforcement officers in public places;

**FINDING** that Defendant Nassau County Police Department unlawfully targeted Plaintiff for exercising his rights protected under the First Amendment;

**RESTRAINING** Defendants Nassau County, Nassau County Police Department and Nassau County Police Chief Patrick J. Ryder, from continuing the Nassau County Policy that targets individuals for First Amendment Protectred Activity directly or indirectly;

**APPOINTING** a monitor to address the actions of the Defendants which result in chilling First Amendment protected speech and to oversee and provide oversight of the policies, procedures, and actions of Defendant Nassau County and its policy makers who targeted the Plaintiff for exercising his right to engage in First Amendment protected speech;

**APPOINTING** a monitor to address the actions by the Defendant Nassau County Police Department with respect to investigation and response to civilian complaints concerning the policies,

practices, and actions of Nassau County and the Nassau County Police Department and any of its individual members;

**REPORTING** to the public all independent complaints filed with the appointed monitor to this Court;

**RETAINING** federal jurisdiction of all reports of First Amendment violations by Defendants Nassau County and the Nassau County Police Department;

**ENFORCEMENT OF** the Order of this Court by issuance of contempt orders or similar remedies afforded to Article III Courts for violations of the First Amendment;

**TRAINING** as the monitor sees fit;

**DIRECTING** Nassau County Police Department to deliver and provide this court, temporarily under seal, unredacted copies of all civilian complaints and their disposition that were made in the last 10 years and pending civilian complaints concerning actions by individual members of the Nassau County Police Departments in violation of First Amendment rights;

All together with such other and further relief as shall be just and proper under the circumstances including, but not limited to, the costs of this action and attorneys' fees pursuant to 42 U.S.C. § 1988.

DATED AT:    Central Islip, NY
March 6, 2024

s/ *Cory H. Morris* /s
_____

THE LAW OFFICES OF CORY H. MORRIS
*Attorney for the Plaintiff*
Office & P.O. Address
863 Islip Avenue
Central Islip, New York 11722
Phone: (631) 450–2515
FAX: (631) 223–7377
email info@coryhmorris.com

Victor John Yannacone, jr., *of counsel*
Email barrister@yannalaw.com