UNITED STATES DISTRICT COUR
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
RICHARD KOSOWSKI,

                          Plaintiff,             24-CV-01669 (AYS)

   -against-

NASSAU COUNTY, NASSAU COUNTY
POLICE DEPARTMENT, NASSAU COUNTY       **ANSWER**
POLICE CHIEF PATRICK J. RYDER, in his
official capacity only, NASSAU COUNTY
POLICE OFFICER MICHAEL MARZOCCA,
NASSAU COUNTY POLICE OFFICER
CHRISTOPHER VARGA, NASSAU COUNTY
POLICE OFFICER RYAN GALE, NASSAU
COUNTY POLICE OFFICER WALTER
PALM and Nassau County Police Officers
JOHN and JANE DOE ## 1-10,

                         Defendants.
-----------------------------------------------------------------------X

       Defendants Nassau County, Nassau County Police Department, Nassau County Police Chief Patrick J. Ryder, Nassau County Police Officer Michael Marzocca, Nassau County Police Officer Christopher Varga, Nassau County Police Officer Ryan Gale and Nassau County Police Officer Walter Palm (collectively, the "County Defendants"), by their attorney. Nassau County Attorney Thomas A. Adams, by Deputy County Attorney Ralph J. Reissman, as and for their Answer to the Complaint of plaintiff Richard Koskowski ("plaintiff") [DE 1 filed March 6, 2024] state upon information and belief as follows:

1. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs numbered 1, 2, 3, 4, 5, 6, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 30, 31, 33, 34, 35, 36, 37, 38, 39. 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 94, 97, 102 and 112.

1

2. Deny the allegations set forth in paragraphs 6, 7, 8, 29, 86, 87, 88, 89, 90, 91, 92, 93, 95, 96, 98, 99, 100, 103, 104, 105, 106, 107, 108, 109, 113, 114, 115, 116, 118, 119, 120, 121, 122, 124, 125, 126, 127, 128, 2129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139. 140. 141, 142, 143, 144, 145, 146, 147, 148, 149 and 150.

3. Admit the allegations set forth in paragraphs 23, 24, 25, 26, 27, 28 and 117.

4. Aver that the allegations contained in the paragraphs numbered 9 and 10 of the Complaint characterize the legal action being brought, and purport to invoke the jurisdiction of the Court as well as the basis of venue pursuant to the statutes enumerated therein and, as such, make no answer save to demand strict proof thereof and to deny any conduct giving rise to any cause of action thereunder.

5. Deny the allegations set forth in paragraphs 32, 84, 85, 101, 110, 111 and 123 of the Complaint, and refer all questions of law to the Court.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

6. That the Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

7. That the damages sustained by the plaintiff, if any, were caused by the plaintiff's own culpable and/or negligent conduct.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

8. That the Complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or other basis for a civil rights claim.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

9. That no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by the County Defendants or otherwise ratified by any Nassau County

2

official, employee, agent, servant or officer authorized a deprivation of plaintiff's constitutional rights.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

10. That no custom or usage adopted, followed, endorsed or ratified by the County Defendants, or any Nassau County official, employee, agent, servant or officer, authorized a deprivation of Plaintiff's constitutional rights.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

11. That the doctrines of respondeat superior and vicarious liability do not apply to a civil rights claim.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

12. That municipal defendants are not liable for punitive damage awards.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

13. That the County Defendants' actions, if any, were justified by the facts and circumstances presented.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

14. That the County Defendants, at all times complained of, acted reasonably and in good faith in the discharge of their official duties and responsibilities.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

15. That the County Defendants acted in what they did solely pursuant to their duties and responsibilities as law enforcement and/or prosecuting officials.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

16. That at all applicable times herein, and at all times mentioned in the Complaint, the County Defendants enjoyed, and continue to enjoy, an absolute, full, partial or qualified immunity from civil suit.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

17. That this action is barred by the doctrines of qualified and/or absolute governmental immunity for discretionary acts.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

18. At all applicable times herein, and at all times mentioned in the Complaint, the County Defendants' actions were in full accord with all applicable laws and statutes.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

19. At all applicable times herein, and at all times mentioned in the Complaint, the County Defendants were acting in the performance of their duties as officers, agents, servants and/or employees of the County of Nassau and the Nassau County Police Department, and as officers, agents, servants and/or employees of the State of New York; that all of the their acts as officers, agents, servants and/or employees of the County of Nassau and the Nassau County Police Department in connection with the plaintiff, were performed in good faith, without malice, and with reasonable and proper care in the ordinary course of their duties as officers, agents, servants and/or employees of the County of Nassau, the Nassau County Police Department, and the State of New York.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

20. If plaintiff sustained damages as alleged in the Complaint, such damages were sustained through and by virtue of the negligent and/or wrongful conduct of parties other than the County Defendants, over whom the County Defendants exercised no control, without any negligent or wrongful conduct on the part of the County Defendants contributing thereto.

4

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

21. Under the case of *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978) and its progeny, the alleged acts or omissions of the County Defendants named in the Complaint, and/or any officers, agents, servants and/or employees of defendant County of Nassau, do not create vicarious liability against defendant County of Nassau pursuant to the doctrine of *respondeat superior* and, consequently, defendant County of Nassau cannot be liable for any acts or conduct of any individual defendant herein, and/or the acts or conduct of any agent, servant or employee of defendant County of Nassau with respect to any and all claims brought pursuant to 42 U.S.C. § 1983, as a matter of law.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

22. At all applicable times herein, and at all times mentioned in the Complaint, the duties and functions of the County of Nassau's officials, officers, agents, servants and/or employees entailed the exercise of proper and lawful discretion. Therefore, the County of Nassau enjoys governmental immunity from liability.

**WHEREFORE**, Defendants Nassau County, Nassau County Police Department, Nassau County Police Chief Patrick J. Ryder, Nassau County Police Officer Michael Marzocca, Nassau County Police Officer Christopher Varga, Nassau County Police Officer Ryan Gale and Nassau County Police Officer Walter Palm demand judgment against plaintiff dismissing the Complaint, together with the costs, disbursements and reasonable attorneys' fees of this action, and for such other and further relief as this Court deems just and proper.

Dated: Mineola, New York
       June 19, 2024

                    **THOMAS A. ADAMS**
                    Nassau County Attorney
                    Attorney for the County Defendants

                    By: /s/ Ralph J. Reissman
                          RALPH J. REISSMAN
                          Deputy County Attorney
                    1 West Street
                    Mineola, New York 11501
                    (516) 571-3046

TO:
All Counsel of Record