

**BRUCE A, BLAKEMAN**
County Executive

**THOMAS A. ADAMS**
County Attorney

**COUNTY OF NASSAU**
**OFFICE OF THE COUNTY ATTORNEY**

October 30, 2024

Via ECF

Hon. Anne Y. Shields

United States District Court/100 Federal Plaza

Central Islip, New York 11722

Re: Koskowski v County of Nassau (2:24-CV-01669 (AYS)

Dear Magistrate Judge Shields:

This office represents defendants Nassau County, Nassau County Police Department, Nassau County Police Chief Patrick J. Ryder, Nassau County Police Officer Michael Marzocca, Nassau County Police Officer Christopher Varga, Nassau County Police Officer Ryan Gale and Nassau County Police Officer Walter Palm (collectively, the "County Defendants"). Together with plaintiff Richard Kosowski's attorney, Cory H. Morris, Esq., the parties respectfully jointly submit the following letter to advise the Court of the status of discovery in this action.

**1. Nature of the Action.** Plaintiff was arrested by members of the Nassau County Police Department on September 8, 2022 and was charged with Obstructing Governmental Administration in the Second Degree (PL 195.05, a Class A Misdemeanor), as well as Disorderly Conduct/Create Hazardous or Offensive Condition, PL 240.20.07, a Violation. Both charges were dismissed following trial. In this action plaintiff claims that defendants violated his First Amendment rights, and are liable for false arrest and malicious prosecution for arresting him due to his prior acknowledged activity in video recording Nassau County police officers performing their lawful duties. As the Court and counsel well know, such activity does not constitute a crime, and as such provides the police no probable cause for arrest. Plaintiff claims that the Police Department has an unconstitutional "no recording" policy of arresting Nassau County citizens for video recording police officers performing their lawful duties, as well as other Nassau County employees performing their official duties, thereby creating *Monell* liability against Nassau County.

**2. Plaintiff's Position.**

Defendants still have not fully complied with the Order of this Court dated July 15, 2024.

Regardless of Defendants' averments, Plaintiff is entitled to copies of all Intelligence Bulletins which involve individuals who may have recorded the activities of Nassau County Police Officers. All of the objections raised by Defendants to the production of these Bulletins can be addressed with proper redaction. The existence of the Bulletin involving Plaintiff Richard Kosowski clearly indicates there may be other similar Bulletins. They must be produced.

Defendants raise the issue of "law enforcement privilege" in some detail. However, that privilege really deals with matters involving criminals, not law abiding citizens and government employees like Plaintiff Richard Kosowski who is definitely not a criminal. Creating Intelligence Bulletins about law-abiding citizens, provides a basis for Plaintiff's claims that there exists a policy and practice in the Nassau County Police Department which establishes *Monell* liability.

Providing copies, redacted if necessary, of Intelligence Bulletins which relate to interactions between Nassau County Police Department officers performing their duties and members of the public recording those officers performing those activities will not disclose information (1) pertaining to law enforcement techniques and procedures, (2) undermine the confidentiality of sources, (3) endanger witnesses and law enforcement personnel, (4) undermine the privacy of individuals involved in an investigation if properly redacted, or (5) seriously impair the ability of a law enforcement agency to conduct future investigations, the only proper grounds for asserting the "law enforcement privilege."

This action is certainly not frivolous and Defendants frankly claim that the information about their policies and practices which might be shown through Intelligence Bulletins is "secret" and certainly not lawfully available elsewhere. There is a compelling need to provide this information to the Plaintiff Richard Kosowski in order to enable him to establish his *Monell* claims against the Defendants.

Defendants assert that the only viable causes of action in the Complaint are for false arrest and malicious prosecution, but that is not the case. The First Amendment claim is the basis for liability under the Civil Rights Acts, 42 U.S.C. § 1983.

The proper way for Defendants to assert their assertion that Plaintiff's claim that the Nassau County Police Department has an unconstitutional "no recording" policy is a frivolous, vexatious and bad faith claim is on a motion for Summary Judgment or at the trial of this action before a jury.

Without further discovery, including deposition testimony of certain officials, there is no way to determine the circumstances of the origin and history of the written policies and procedures entitled "Right to Record Law Enforcement Related Activities" and "Right to Record Government Officials." The report of a conversation with Christopher V. Todd, Esq., Deputy Bureau Chief of the Nassau County Police Department's Legal Bureau, is of no evidentiary value unless reduced to a sworn Declaration subject to examination at a deposition.

**3. Defendants' Position**. Defendants completely *deny* plaintiff's claims and, instead, have provided plaintiff's counsel with the attached documents and policies expressly directing police officer *not to arrest* citizens recording County employees since such activity does not constitute a crime and therefore, no probable cause to arrest such citizens exists. To instruct patrol officers *to not arrest* citizens recording County employees performing their official duties, the Police Department circulated an Intelligence Bulletin, such as the one attached hereto, in all Police Department precincts, agencies and bureaus. Such Intelligence Bulletins are strictly confidential and used for law enforcement purposes only and are not meant to be distributed to the public at large. Unfortunately, through an unknown informant in the Police Department, plaintiff unlawfully obtained a copy of the attached Intelligence Bulletin pertaining to himself.

2

Between August 8-12, 2024 I transmitted by electronic means the entire contents of the case files of the Nassau County District Attorney and the Nassau County Police Department containing all of the documents and other information regarding the arrest of plaintiff on September 8, 2022. Defendants have not yet served formal discovery demands upon plaintiff's attorneys. I intend to do so no later than October 31, 2024.

Plaintiff's attorneys have demanded production of all such Intelligence Bulletins existing in the possession of the Police Department, including such bulletins which pertain to individuals other than plaintiff himself, to prove that the Police Department engages in an unconstitutional "no recording" policy of arresting Nassau County citizens for video recording police officers performing their lawful duties, as well as other Nassau County employees performing their official duties, thereby creating *Monell* liability against Nassau County.

I have advised plaintiff's attorneys that defendants will not produce any Intelligence Bulletins pertaining to any Nassau County citizens in addition to the Intelligence Bulletin which plaintiff unlawfully obtained. These bulletins and related information are protected from disclosure under the law enforcement privilege. For instance, other than plaintiff's unlawful procurement of his own Intelligence Bulletin, any and all Intelligence Bulletins relating to other Nassau County citizens are protected by the law enforcement privilege.

The law enforcement privilege is a qualified privilege which establishes a presumption against disclosure for information (1) pertaining to law enforcement techniques and procedures, (2) that would undermine the confidentiality of sources, (3) that would endanger witnesses and law enforcement personnel, (4) that would undermine the privacy of individuals involved in an investigation, or (5) that would seriously impair the ability of a law enforcement agency to conduct future investigations. *Morales v. United States*, No. 18-CV-4247 (CBA) (RER), 2020 U.S. Dist. LEXIS 216777, 2020 WL 6799681, at *2 (E.D.N.Y. Nov. 19, 2020) (quoting *In re The City of New York*, 607 F.3d at 948).

"The presumption against disclosure may be overcome by a party demonstrating that (1) its suit is non-frivolous, (2) the information is not available elsewhere, and (3) the party has a compelling need for the information." *Id.* at 2. Where such a showing is made, the court must weigh the interests in favor of and against "disclosure to determine whether the information should be disclosed." *Id.*

In this case, the law enforcement privilege should apply because the information sought by plaintiff, i.e., the Intelligence Bulletins and related information,  concerns law enforcement techniques and procedures, information that would undermine the privacy of individuals involved in the investigation and, if revealed beyond the parties, would seriously impair the ability of law enforcement agencies to conduct future investigations. Furthermore, since the only viable causes of action in the Complaint are for false arrest and malicious prosecution, plaintiff's claim that the Police Department has an unconstitutional "no recording" policy is the true essence of a frivolous,  vexatious and bad faith claim.

The third edition of *Webster's* defines "vexatious" as "causing or likely to cause vexation," or "lacking justification and intended to harass." *Webster's Third New International Dictionary* 2548 (3d ed. 1993). *Black's* defines a "frivolous" pleading as one "clearly insufficient on its face," and a "frivolous" claim as one for which a proponent "can present no rational argument based upon the evidence or law in support of that claim." *Black's Law Dictionary* 668. *Webster's* defines "frivolous" as "of little weight or importance," and

3

"having no basis in law or in fact." *Webster's Third New International Dictionary* 913.

However, as seen in the attached documents, defendants did produce numerous written policies and procedures entitled "Right to Record Law Enforcement Related Activities" and "Right to Record Government Officials." These policies and procedures completely contradict plaintiff's insistence that Police Department has a "no recording" policy. In fact, I asked this specific question to Christopher V. Todd, Esq., Deputy Bureau Chief of the Police Department's Legal Bureau, who categorically denied that any such "no recording" police, either written or "unwritten," exists. I have repeatedly told plaintiffs that no such "no recording" policy exists. Frankly, it is impossible to produce such a "no recording" policy for plaintiff's attorneys since no such policy exists, or ever existed. For the foregoing reasons defendants respectfully request that the Court issue a protective order preventing the disclosure of all Intelligence Bulletins and related information other than plaintiff's own Intelligence Bulletin, which again, plaintiff unlawfully obtained.

Respectfully submitted,

CORY H. MORRIS, PC
Attorney for Plaintiff

By: */s/ Victor John Yannacone, jr., of counsel*
Victor John Yannacone, jr., *of counsel*

THOMAS A. ADAMS Nassau County Attorney,
Attorney for Defendants

By: /s/ *Ralph J. Reissman*
Ralph J. Reissman, Deputy County Attorney