# YANNACONE & YANNACONE
A New York Professional Corporation

326 South Ocean Avenue · Patchogue, N Y 11772

Victor J. Yannacone (1906–1982)
Victor John Yannacone, jr

December 3, 2024

Hon. Anne Y Shields, USMJ
Eastern District of New York
100 Federal Plaza
P.O. Box 840
Central Islip, New York 11722

   *re*   Pre-Motion Letter Request
        *Richard Kosowski* v. *Nassau County, et al.*
        **2:24-cv-01669–NJC–AYS**

Dear Judge Shields:

I am of counsel to the Law Offices of Cory H. Morris and one of the attorneys for the Plaintiff Richard Kosowski. I submit this pre-motion letter after several Meet & Confer telephone conferences with Counsel for Defendants Ralph Reissman to address the failure of Defendants to comply with your Scheduling Order of November 18, 2024.

Your Order provided that "… by December 2, 2024, Defendants are directed to provide a sworn statement indicating whether the requested Intelligence Bulletins exist. In the event they exist, by December 9, 2024, Defendants shall either provide the Intelligence Bulletins with the following limitations: limited to within a three-year period of Plaintiff's arrest and redacted to withhold the names of private individuals; or produce a privilege log. …"

Defendants have not complied with your order and indicate they do not intend to..

### SANCTIONS, IF NOT CONTEMPT, ARE APPROPRIATE

"The burden is 'on the disobedient party to avoid expenses by showing that his failure is justified or that special circumstances make an award of expenses unjust.'" *White v. Larusch*, 532 F. Supp. 3d 122, 124 (W.D.N.Y. 2021 (quoting *Novak v. Wolpoff & Abramson LLP,* 536 F.3d 175, 178 (2d Cir. 2008)). Under Fed. R. Civ. P. 37(a)(5), the losing party on a motion for a protective order can only avoid paying attorneys' fees if "the opposing party's nondisclosure, response, or objection was substantially justified[.]" Fed. R. Civ. P. 37(a)(5)(A)(ii). Substantial justification exists "where there is justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the

# YANNACONE & YANNACONE
### A New York Professional Corporation

December 3, 2024                                                                                                                      Page 2

disclosure request, or if there exists a genuine dispute concerning compliance." *Jackson v. Nassau County,* 602 F. Supp. 3d 352, 355 (E.D.N.Y. 2022) (quoting *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC,* 280 F.R.D. 147, 159 (S.D.N.Y. 2012)); *Hinterberger v. Cath. Health Sys., Inc.,* 284 F.R.D. 94, 106 (W.D.N.Y. 2012) ("The Supreme Court has defined `substantially justified' to mean `justified in the substance or the main'—that is, justified to a degree that could satisfy a reasonable person." (quoting *United States v. $19,047.00 in U.S. Currency,* 95 F.3d 248, 251 (2d Cir. 1996))). See, also, *Jackson v. Nassau County,* 602 F. Supp. 3d 352, 355 (E.D.N.Y. 2022) (quoting *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC,* 280 F.R.D. 147, 159 (S.D.N.Y. 2012))

      This requires only "an inquiry as to `an objective test of reasonableness' and not as to whether the party or counsel acted in `good faith.'" *Jackson,* 602 F. Supp. 3d at 355 (quoting *Cardwell v. Davis, Polk & Wardwell, LLP,* No. 19-CV-10256 (GHW), 2021 WL 2650371, at *2 (S.D.N.Y. June 28, 2021)). The burden is on the nonmoving party to show that "his failure is justified." *Novak v. Wolpoff & Abramson LLP,* 536 F.3d 175, 178 (2d Cir. 2008) (quoting Advisory Committee Note to 1970 Amendments to Fed. R. Civ. P. 37.) In *Jackson v. Nassau County,* 602 F. Supp. 3d 352, 355 (E.D.N.Y. 2022), Nassau County was sanctioned for failure to comply with discovery)

Defendants have not complied with the Order of this Court, however, that is merely the most recent in a succession of actions which violate the Federal Rules of Civil Procedure.

Defendants failed to timely answer the verified Complaint filed by the Plaintiff Richard Kosowski and at the request of Ralph Reissman, Counsel for Defendants, Plaintiff granted leave to eventually file an answer which was nothing more than a general denial and a laundry list of boilerplate affirmative defenses. Counsel for the Plaintiff served precise discovery requests but no discovery has been forthcoming from the Nassau County Police Department. Plaintiff has filed requests to take depositions but no 30(b)(6) individual has been designated.

There have been many "Meet & Confer" telephone conferences with Counsel for Defendants but to no avail. In the most recent M&C conference Counsel for

# YANNACONE & YANNACONE
### A New York Professional Corporation

December 3, 2024                                                                                                             Page 3

Defendants frankly admitted that the Nassau County Police Department was not cooperating with the Office of the County Attorney and that without a specific Order of this Court directing the Nassau County Police Department specifically to comply with the discovery demands of the Plaintiff, there would be no discovery forthcoming. The Nassau County Police Department apparently believes the Federal Rules of Civil Procedure do not apply to it as a government entity. County Attorney Reissman was unable to cite any statute or caselaw which supports that position.

Counsel for the Plaintiff suggests that discovery compliance by the Nassau County Police Department might occur if this Court would direct the Nassau County Police Department to appear, by some official with sufficient authority to assure compliance with Plaintiff's discovery demands, at a conference to resolve all outstanding discovery issues particularly the deposition of a Rule 30(b)(6) witness with actual knowledge of the circumstances surrounding the creation, posting and circulation of an Intelligence Bulletin concerning Plaintiff Richard Kosowski.

Time is running out on deadlines imposed by the Court to complete discovery in this case. Plaintiff Richard Kosowski respectfully request permission to file the appropriate Motion to compel Defendants to comply with his reasonable and proper discovery demands and for an Order holding Defendants in contempt and awarding interim attorneys' fees to the Law Office of Cory H. Morris for the time and expense associated with the repeated attempts to obtain compliance with discovery demands by the Defendants all together with such other and further relief as this Court shall believe is just and proper under the circumstances.

                                               /s/  *Victor John Yannacone, jr.* /s/
                                              Victor John Yannacone, jr., *of counsel*
                                                           barrister@yannalaw.com

                                              THE LAW OFFICES OF CORY H. MORRIS
                                                    *Attorney for the Plaintiff*
                                                  Office & P.O. Address
                                                       863 Islip Avenue
                                             Central Islip, New York 11722
                                                       Phone: (631) 450–2515
                                        Email : Cory.H.Morris@protonmail.com

516–551–0764                                                                 vyannacone@yannalaw.com