

*Via Electronic Case Filing Only*

December 11, 2024

Hon. Anne Y. Shields, USMJ
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

    Re:        Letter Motion to Sanction/Strike Defendants' Answer
    Caption:    Richard Kosowski v. Nassau County, et. al.
    <u>Docket:</u>    2: 24-cv-01669-NJC-AYS

Dear Honorable Judge Shields,

    I am counsel for the Plaintiff, Richard Kosowski, and I submit this letter to respectfully request that this Court reinstate the Defendants' certificate of default and set this matter for an inquest on damages as Defendants refuse to cooperate with record production, discovery and deposition demands and Court Orders that culminated with Plaintiff's December 3, 2024 pre-motion letter and now this request verifying that the November 18, 2024 Court Order directing Defendants to provide a sworn statement indicating whether the requested Intelligence Bulletins exist and to provide same has been completely disregarded and there has been no further contact with the defense counsel, including the supervisor county attorney.

## PROCEDURAL HISTORY

    Defendants initially defaulted in this case and the clerk entered a Certificate of Default. After meeting and conferring, Defendants later appeared. Indeed, Plaintiff consented to Defendants late answer (D.E. 9 and 11) without waiving the costs and fees associated with the default for a merits-based determination.

    Defendants answered and several Court Orders were issued, successive meet and confer conversations and agreed upon time extensions were provided to Defendants. On November 18, 2024, this Court's Order (described above) explicitly required compliance by Defendants in this case that was disregarded. All attempts to meet and confer or obtain voluntary compliance were ignored.

863 Islip Avenue Central Islip NY 11722
Please send all mail to:
TEL: 631.450.2515 | FAX: 631.223.7377 | WEB: coryhmorris.com | EMAIL: info@coryhmorris.com
515 East Las Olas Boulevard, Suite 120 • Fort Lauderdale, FL 33301   *By appointment only*

Defendants refuse to comply with the federal and local rules of civil procedure, ignore This Court Orders, refuse to produce relevant and discoverable information after previous status conferences and considerable (half-a-dozen) meet and confer exchanges. Now Defendants refuse to respond (see enclosed) or meet and confer. Even after Court Orders, Defendants do not produce discovery responses that is now weeks overdue, dates or deponents for deposition months after serving 30(b)(6) notices, and Defendants will not comply with the December 2, 2024 and December 9, 2024 deadlines issued by this Honorable Court.

Plaintiff, whose counsel expended countless hours in attempting to obtain compliance with regular deadlines (e.g. an answer or dispositive motion, discovery responses, initial disclosures, tiered discovery and Court Orders) is left with no other option but to file this motion to strike the Defendants answer, reinstate the prior issued default, and set this matter for an inquest on damages.

## LEGAL ARGUMENT

Plaintiff has no other available remedy at law to properly amend his complaint, name other police officers and articulate the bases that serve for the *Monell* claims in this case against Nassau County: a case where there were and are bulletins curtailing the first amendment activities of Plaintiff and other named persons as confirmed by defense counsel, including Sean Paul Reyes, also known as the "The Long Island Audit." Biography Lad, *Who is Sean Paul Reyes (Long Island Audit)?...* (November 29, 2023), available at: https://thebiographylad.com/sean-paul-reyes-aka-long-island-audit-wiki/.

Under Federal Rule of Civil Procedure 37(b)(2)(A)(iii) and (iv), the court has the authority to strike pleadings in whole or in part or enter a default judgment for a party's failure to comply with a discovery order. This rule is applicable when the disobedience is willful or there is an established history of violations of disclosure and discovery requirements. See Fed. R. Civ. P. Rule 37. In *Luft v. Crown Publishers, Inc.*, the court granted the plaintiff's motion to strike the defendants' answer and enter a default judgment because the defendants failed to comply with the plaintiff's discovery demands and court orders. *Luft v. Crown Publishers, Inc.*, 906 F.2d 862 (2d Cir. 1990). Similarly, in *Pergament v. Thilman (In re Thilman)*, the court struck the defendant's answer and directed entry of a default judgment due to the defendant's consistent failure to comply with discovery orders and lack of response to the plaintiff's motions. *Pergament v. v. Thilman (In re Thilman)*, 548 B.R. 1 (Bankr. E.D.N.Y. 2016). Yet another example can be found in *Elsevier Inc. v. Memon*, the court struck the defendant's answer and entered a default judgment when the defendant provided minimal discovery, failed

to communicate with the plaintiff, and repeatedly failed to follow court orders. *Elsevier Inc. v. Memon*, 97 F. Supp. 3d 21 (E.D.N.Y. 2015).

This case is markedly worse that the above examples: Plaintiff voluntarily withdrew a certificate of default, sought to and did meet and confer with defense counsel nearly a dozen times until the admission that the clients would not comply that culminated in the violation of not one but two separate deadlines within this Court's Order that was spawned by Defendants non-compliance. See *S. New Eng. Tel. Co. v. Global NAPs, Inc.*, 251 F.R.D. 82 (D. Conn. 2008). Failing to comply with scheduling and discovery orders should be found to prejudice the Plaintiff and may also justify the imposition of costs and attorney fees. *M.B. v. CSX Transp., Inc.*, 299 F.R.D. 341 (N.D.N.Y. 2014). Indeed, Plaintiff sought to meet and confer concerning the amendment of the complaint based on what discovery was provided and, indeed, what discovery was confirmed to exist but not provided pursuant to the aforementioned Court Order.

Here, the Court has made clear and unambiguous orders directing the Defendants to comply with Plaintiff's discovery production, which Defendants have failed to comply with and now indicate they will not comply with, and Defendants ignored its requirements to provide deponents, dates for depositions, interrogatory and document demand responses. My office has made numerous attempts to confer with Defendants counsel to resolve these issues to no avail. The latest correspondence is enclosed hereto.

## CONCLUSION

If Defendants wish to disregard Court deadlines, court orders and the basic rules governing civil litigation, the only rational response is to accept their willful disregard as a failure and to move towards resolving the Plaintiff's requests for relief. While the federal rules are merits based, there is no excuse for Defendants behavior after a certificate of default was vacated and Court Orders disregarded. If the Court is inclined to excuse Defendants' conduct, Plaintiff asks that both Plaintiff's counsel be compensated and that Plaintiff's time to, *inter alia,* amend its complaint be extended once the Court Ordered discovery is finally produced.

Respectfully Submitted,

CORY H. MORRIS, JD MA

CM:ac
Encl: