

**BRUCE A, BLAKEMAN**
County Executive

**THOMAS A. ADAMS**
County Attorney

# COUNTY OF NASSAU
## OFFICE OF THE COUNTY ATTORNEY

January 20, 2025

Via ECF
Hon. Anne Y. Shields
United States District Court/
100 Federal Plaza
Central Islip, New York 11722

      Re:  Kosowski v. County of Nassau, et al.
        24-CV-01669 (AYS)

Dear Magistrate Judge Shields:

      This office represents defendants, Nassau County, Nassau County Police Department, Nassau County Police Chief Patrick J. Ryder, Nassau County Police Officer Michael Marzocca, Nassau County Police Officer Christopher Varga, Nassau County Police Officer Ryan Gale and Nassau County Police Officer Walter Palm (collectively, the "County Defendants"). I respectfully submit this letter in opposition to the December 3, 2024 motion "for sanctions, if not contempt" filed by the attorneys for plaintiff Richard Kosowski ("plaintiff") [DE 22].

      **Background.** This case arises from plaintiff's arrest on September 9, 2022 by members of the Nassau County Police Department ("NCPD") on charges of violating New York Penal Law § 195.05, Obstructing Governmental Administrative in the Second Degree, and also Penal Law § 240.20.07, Disorderly Conduct/Create Hazardous Condition. The Narrative Statement included in the Arrest Report states:

> Narrative: While conducting Intensified patrol of the Green Acres Mall in regard to the Grand Larceny Crime Reduction Initiative Fifth Precinct PEP Officer Marzocca and Varga observed a tan Nissan Pathfinder bearing NYS Registration EUD8114 being operated by the Defendant while holding a portable electronic device traveling westbound on Sidney Pl in Valley Stream. Officers did initiate emergency lights at the above listed location at which time the defendant exited his vehicle abruptly screaming and yelling obscene language. Officers gave the Defendant multiple lawful orders to step back into his vehicle and to produce his license lo which he refused to do so. The Defendant continued to scream and yell which caused an inconvenience to the vehicles passing. The Defendant was placed under arrest and transported to the Fifth Precinct for arrest processing. Upon investigation The Defendant was found to be on a NCPD Intelligence Bulletin. A preliminary investigation revealed that the Defendant

> Kosowski is currently employed by Nassau County as a "Plant Maintenance Mechanic". Defendant released from the 5th Precinct with Appearance Ticket #2022AT002282. Asset Forfeiture and Fifth Squad Notified. Vehicle was impounded by All County Impound # 05-309-22.

In his Complaint [DE 1] at ¶¶ 84-85 that in April 2023 Nassau County District Court Judge David Goodsell issued an order finding that the Obstruction of Governmental Administration charge was legally insufficient insofar as the information alleged, and shortly thereafter dismissed the remainder of the accusatory instrument in a written decision.

Plaintiff commenced this action on March 6, 2024 alleging that he was arrested in violation of his First Amendment right to free speech because he records and reports on police activity. At ¶¶ 99-100 plaintiff alleges that "Upon information and belief, there exists in Nassau County a "no recording" Policy instituted by Defendants Nassau County, Nassau County Police Department, and/or Nassau County Police Chief Patrick J. Ryder, jointly and severally, individually and/or collectively which encourages police officers to actively interfere with the right of individual locations within Nassau County," and that defendants were implementing this "no recording" Policy when they did seize, arrest, detain, imprison, and maliciously prosecute Plaintiff Richard Kosowski." The Compliant further alleges at ¶ 134, "Upon information and belief, NCPD officers were and are encouraged to arrest individuals such as the Plaintiff Richard Kosowski making audio and/or video recordings of police activities in areas and locations accessible to the public in Nassau County."

The Complaint further alleges at ¶ 101 "That on or about April 19, 2022, the Intelligence Section of Defendant Nassau County Police Department did cause to be published, distributed and circulated an 'Intelligence Bulletin,' concerning Plaintiff Richard Kosowski and containing a photo of the Plaintiff." In short, plaintiff claims that he was arrested for Obstructing Governmental Administrative and Disorderly Conduct/Create Hazardous Condition, solely because he engaged in recording and reporting on police activity in Nassau County. In a Scheduling Order filed November 18, 2024 the Court directed as follows:

> As set forth on the record during the conference held today, by December 2, 2024, Defendants are directed to provide a sworn statement indicating whether the requested Intelligence Bulletins exist. In the event they exist, by December 9, 2024, Defendants shall either provide the Intelligence Bulletins with the following limitations: limited to within a three-year period of Plaintiff's arrest and redacted to withhold the names of private individuals; or, produce a privilege log. On December 13, 2024, counsel are directed to submit a joint letter indicating the status of the requested documents.

For the reasons set forth below, the County Defendants were unable to provide the requested information and documents by the dates set forth in the order, which led to plaintiff's attorneys to file the instant motion "for sanctions, if not contempt." The County Defendants hereby (1) responds in full to the Court's order for production and (2) opposes plaintiff's motion for "sanctions if not contempt."

**Reasons for the County Defendants' Delay in Providing Responses**. The Nassau County Attorney's Office, and in particular the General Litigation Bureau of which I am a member, is responsible for defending the NCPD in all state and federal litigations. According to the most recent 2024 population count, there are over 1,378 million residents in Nassau County. *See World Population Review, https://worldpopulationreview.com.nassau county.* Due to a series of unforeseen and unfortunate circumstances, the General Litigation Bureau currently has only one other Deputy County Attorney in addition to me qualified to practice in the United States District Court for the Eastern District of New York. As a consequence, I have taken on responsibility for dozens of federal (and state) litigations which I inherited from former Deputy County Attorneys who recently departed this office. Today is the first day which my schedule allows me to provide responses to the Court's Scheduling Order, which I now proceed to do.

**Response to the Court's Scheduling Order**. As set forth above, in the Scheduling Order stated: "Defendants are directed to provide a sworn statement indicating whether the requested Intelligence Bulletins exist. In the event they exist, by December 9, 2024, Defendants shall either provide the Intelligence Bulletins with the following limitations: limited to within a three-year period of Plaintiff's arrest and redacted to withhold the names of private individuals; or, produce a privilege log."

As an initial matter, I conferred with Christoher V. Todd, Esq., who is the Deputy Chief of the Police Department's Legal Bureau. First, Mr. Todd advised me that NCPD's Intelligence Section issues Intelligence Bulletins covering the entire range of law enforcement activity for which NCPD is responsible. Second, he forwarded to me eight (8) Intelligence Bulletins in compliance with that part of the Scheduling Order directing defendants to "provide the Intelligence Bulletins with the following limitations: limited to within a three-year period of Plaintiff's arrest and redacted to withhold the names of private individuals; or, produce a privilege log." One of these Intelligence Bulletins is one that applies to plaintiff, which he illegally obtained from a rogue employee of NCPD.

Due to the sensitive nature of the contents of each Intelligence Bulletin, the County Defendants include herewith a Privilege Log per the Court's directive. It is not sufficient to merely redact the names of the eight (8) individuals, rather, the contents of these Bulletins contain sensitive information regarding ongoing NCPD investigations. To disclose this information will fatally compromise not only ongoing investigations related to the eight (8) Bulletins, but also future investigations if the law enforcement techniques and strategies contained in the Intelligence Bulletins is disclosed to the public..

It is well established that the purpose of the law enforcement privilege is "to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." *In re The City of New York*, No. 10-0237, 607 F.3d 923, 2010 U.S. App. LEXIS 11784, 2010 WL 2294134, at *12 (2d Cir. June 9, 2010) (quoting *In re Dep't of*

*Investigation of the City of New York*, 856 F.2d 481, 484 (2d Cir. 1988)). To meet its burden, "[t]he party asserting the law enforcement privilege must show that the documents contain information that the law enforcement privilege is intended to protect." *In re The City of New York*, 2010 U.S. App. LEXIS 11784, 2010 WL 2294134 at *14 (2d Cir. 2010).

Specifically, th[is] party . . . must show that the documents in question contain (1) information pertaining to law enforcement techniques and procedures, (2) information that would undermine the confidentiality of sources, (3) information that would endanger witness and law enforcement personnel, (4) information that would undermine the privacy of individuals involved in an investigation, or (5) information that would seriously impair the ability of a law enforcement agency to conduct future investigations. *Id.*

"[I]t should be clear that the focus of the law enforcement privilege is to protect information related to investigations." *Morrisey v. City of New York*, 171 F.R.D. 85. 90 (S.D.N.Y. 1997). "An investigation . . . need not be ongoing for the law enforcement privilege to apply as the ability of a law enforcement agency to conduct future investigations may be seriously impaired if certain information' is revealed to the public." *In re The City of New York*, 2010 U.S. App. LEXIS 11784, 2010 WL 2294134, at * 18 (quoting *National Congress for Puerto Rican Rights ex rel. Perez v. City of New York*, 194 F.R.D. 88, 95 (S.D.N.Y. 2000)) (quotation marks omitted).

The eight (8) Intelligence Bulletins identified in the Privilege Log contain not only information as to open and ongoing investigations, but also information about law enforcement techniques and strategies even if, in some cases, the individual identified in an Intelligence Bulletin in no longer the subject of an active investigation. Therefore, plaintiff's motion for "sanctions, if not contempt" should be denied in its entirety.

As always, the County Defendants thank Your Honor for your attention and consideration in this matter.

Respectfully submitted,

/s/ Ralph J. Reissman
RALPH J. REISSMAN
Deputy County Attorney

cc: (via ECF)
All counsel of record

*KOSOWSKI v. COUNTY OF NASSAU, et al.*
24-CV-01669 (AYS)

**PRIVILEGE LOG - JANUARY 20, 2025**

| # | BATES # | DATE | DOC TYPE | AUTHOR | RECIPIENT | CC | SUB |
|---|---|---|---|---|---|---|---|
| 1 | 000001 | 04/19/2022 | Intelligence Bulletin | NCPD Intelligence Section | Members of the NCPD | | No proba arres Awaren |
| 2 | 000002 | 09/04/2019 | Intelligence Bulletin | NCPD Intelligence Section | Members of the NCPD | | No proba arres Awaren |
| 3 | 000003 | 05/27/2019 | Intelligence Bulletin | NCPD Intelligence Section | Members of the NCPD | | No proba arres Awaren |
| 4 | 000004 | 02/04/2021 | Intelligence Bulletin | NCPD Intelligence Section | Members of the NCPD | | Officer /Offic Ta consi regardin video |
| 5 | 000005 | 08/18/2020 | Intelligence Bulletin | NCPD Intelligence Section | Members of the NCPD | | Probab arrest fo Conte |
| 6 | 000006 | 02/13/2022 | Intelligence Bulletin | NCPD Intelligence Section | Members of the NCPD | | No proba arres Awarenes p |
| 7 | 000007 | 11/23/2019 | Intelligence Bulletin | NCPD Intelligence Section | Members of the NCPD | | Wanted the sce acciden da |
| 8 | 000008 | 03/23/2021 | Intelligence Bulletin | NCPD Intelligence Section | Members of the NCPD | | O Awaren safety surveillan fac |