

| | | |
|---|---|---|
| **BRUCE A, BLAKEMAN**<br>County Executive | | **THOMAS A. ADAMS**<br>County Attorney |

**COUNTY OF NASSAU**
**OFFICE OF THE COUNTY ATTORNEY**

January 21, 2025

<u>Via ECF</u>
Hon. Anne Y. Shields
United States District Court/ 100 Federal Plaza
Central Islip, New York 11722

      Re:  <u>Kosowski v. County of Nassau, et al.. (24-CV-01669 (AYS))</u>

Dear Magistrate Judge Shields:

      This office represents defendants, Nassau County, its Police Department ("NCPD") and five NCPD members in the above action. I respectfully submit this letter seeking permission to file a motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(c).

      **Background.** As alleged in the Complaint [DE 1] plaintiff claims that on September 9, 2022 he was driving in Valley Stream, New York when he observed an unmarked silver car approaching his vehicle about 200 feet away traveling in the opposite direction towards him. Plaintiff then retrieved his small Fuji digital camera, held it in his left palm, extended his left arm outside the open driver's side window, and photographed the silver car, its driver and a passenger. As the car drove past him, plaintiff pulled into a parking space in the Green Acres Mall, parked and took his keys out of the ignition, and held the keys in his hand. Plaintiff then removed his body worn camera ("BWC") from its dashboard holder and exited his car holding his keys and the activated BWC in his hand. Plaintiff saw the unmarked car make a U-turn and come to a stop behind his car. Standing outside his car, plaintiff observed officers Michael Marzocca and Varga walking towards him, and plaintiff pointed his activated BWC at the silver car and the two officers.

      After one of the officers asked plaintiff for his license and registration, plaintiff asked the officers for a reason why he was being "accosted" and Officer Marzocca responded that plaintiff had an electronic device in his hand and that it was against the law. Plaintiff told both officers that his digital camera did not constitute an "electronic device" pursuant to the statute's operational definition, which describes an electronic device as a cell phone, PDA, computer capable of transmitting text data etc. and other devices. Plaintiff asked if this was the sole basis for the traffic stop, and Marzocca said, "Yes." Per ¶ 46 of the Complaint, plaintiff's camera is not a cell phone and is not a device defined and included in the statute's prohibition since it is not a cell phone and has no capability to transmit any wireless communications or text messages. After additional officers arrived on scene plaintiff was handcuffed behind his back and placed in an unmarked vehicle. After plaintiff complained that the handcuffs were too tight, an officer loosened and adjusted the handcuffs, however, plaintiff alleges that the handcuffs were still too tight, causing pain to his wrists and hands.

Plaintiff told the officers, "You are retaliating against me because you know that I regularly film the police and their activity." Plaintiff was driven to the Fifth Precinct, processed and then released from custody. Plaintiff was arrested on charges of Obstructing Governmental Administration and Disorderly Conduct/Create Hazardous Condition. In April 2023 after a bench trial, both charges terminated in plaintiff's favor.

Plaintiff commenced this action on March 6, 2024 alleging that he was arrested in violation of his First Amendment right to free speech because he records and reports on police activity. Plaintiff claims NCPD has a "no recording" Policy and that defendants were implementing this "no recording" Policy when he was arrested. Plaintiff further alleges that NCPD issues Intelligence Bulletins to officers identifying persons who record police activities. Plaintiff obtained such a Bulletin with his picture through a rogue Nassau County employee and filed a motion to compel NCPD to produce all such Bulletins in discovery [DE 23] and on January 20, 2025 defendants filed opposition to that motion [DE 25], which is to be argued today before Your Honor at 1:30 p.m.

**Grounds for Motion to Dismiss the Complaint.** The written narrative included in the Arrest, Crime and Case Reports (the "Narrative," previously provided to plaintiff's counsel) include no reference whatsoever to his being arrested for recording police activity. In fact, the heading in the illegally obtained Bulletin with plaintiff's name and face explicitly states in bold, large letters, **"NO PROBABLE CAUSE TO ARREST – OFFICER AWARENESS/SAFETY"** and warns officers *to not arrest plaintiff* merely for recording police performing their duties. In addition, this office provided plaintiff's counsel with the one Training Bulletin and two Department Notifications instructing officers that there is no probable cause to arrest a person for recording law enforcement activity. The simple truth is that plaintiff was arrested for Obstructing Governmental Administration and Disorderly Conduct/Create Hazardous Condition, and nothing else.

The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim. On a Rule 12(c) motion, the court considers the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case. *L-7 Designs, Inc. v. Old Navy, LLC,* 647 F.3d 419, 422 (2d Cir. 2011). In support of their motion the County Defendants will include as exhibits the Arrest, Crime and Case Reports with the Narrative, none of which contain any reference whatsoever to plaintiff being arrested for recording police activity. Plaintiff will not be able to defeat defendants' motion simply by waving the banner of the First Amendment, without even a scintilla of evidence he was arrested for recording police activity.

Defendants therefore respectfully request permission to file a motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(c). As always, Defendants thank Your Honor for your attention and consideration in this matter.

Respectfully submitted,<br>
/s/ Ralph J. Reissman<br>
RALPH J. REISSMAN<br>
Deputy County Attorney

cc: (via ECF)  All counsel of record