

Law Offices of
Cory H. Morris
Attorney &
Counselor at Law

*Via Electronic Case Filing Only*

February 6, 2025

Hon. Nusrat J. Choudhury, USDJ
Eastern District of New York
100 Federal Plaza
P.O. Box 840
Central Islip, New York 11722

*Richard Kosowski v. Nassau County, et. al.*

Docket:     2: 24-cv-01669-NJC-AYS

Re:     Letter Motion to Sanction/Strike Defendants' Answer and Immediately Enter an Order for appropriate injunctive relief <u>Enjoining a Pattern and Practice of First Amendment Violations</u>

Dear Honorable Judge Choudhury,

    I am counsel for the Plaintiff, Richard Kosowski, and I am forced to submit this letter to respectfully request that this Court reinstate the Defendants' certificate of default, issue an appropriate sanction for violating a series of Court Orders and, as evidenced by the enclosed and the below, enter an immediate order for the appointment of a federal monitor to enjoin further First Amendment Violations, namely the surveillance of persons who dare to speak out against or record police. See enclosed and Kosowski Bulletin, *available at*: https://adobe.ly/3Q5wxnO.

## INJUNCTIVE RELIEF SHOULD ISSUE PRELIMINARY

    Plaintiff voluntarily alleviated Defendants' default in this First Amendment case seeking injunctive relief to prevent unlawful surveillance. *Id.* Last night was latest in over six months of delay: Defendants disregarded USMJ Shields' February 3, 2025 Court Order denying any further delay, waiving privilege and Ordering "Defendants are directed to produce the requested discovery by close of business on February 5, 2025." Plaintiff certifies noncompliance with Court Order.

    While fact discovery ends in three (3) weeks, Defendants refuse to cooperate with record production, discovery and deposition demands and (December 2nd and 9th 2024 and February 3rd 2025) Court Orders that culminated with over a dozen meet and confer conversations and series of pre-motion letter requests.

## PROCEDURAL HISTORY

Defendants initially defaulted in this case and the clerk entered a Certificate of Default. After meeting and conferring, Defendants later appeared. Indeed, Plaintiff consented to Defendants late answer (D.E. 9 and 11) without waiving the costs and fees associated with the default for a merits-based determination.

Defendants answered and several Court Orders were issued, successive meet and confer conversations and agreed upon time extensions were provided to Defendants. On November 18, 2024, this Court's Order explicitly required compliance by Defendants in this case that was disregarded. Plaintiff moved multiple times to compel, sanction and strike before the U.S. Magistrate Judge that culminated in USMJ Shields' February 3, 2025 Court Order which, too, was disregarded. All attempts to meet and confer or obtain voluntary compliance were ignored. All Outstanding Orders by the USMJ Shields, too, were ignored.

Defendants refuse to comply with the federal and local rules of civil procedure, ignore Court Orders, refuse to produce relevant and discoverable information after previous status conferences and considerable (over a dozen) meet and confer exchanges. Plaintiff's counsel, like USMJ Shields' February 3, 2025 Court Order, "appreciates that the County Attorney's office is currently understaffed" and we too must emphasize "that does not excuse the County's lack of compliance with their discovery obligations, nor their non-compliance with this Court's orders." *Id.* Defendants do not produce discovery responses that is now months overdue, dates or deponents for deposition after serving 30(b)(6) notices in October, 2024, and Defendants disregard every Order of this U.S. Magistrate.

On January 21, 2025, Magistrate Judge Shields filed an Order denying Plaintiff's Motion to strike the Answer (D.E. 23) and establishing a briefing schedule and directing that Defendants shall respond to the outstanding document demands and interrogatories by January 28, 2025. Defendants have not complied. The Court, on February 3, 2025, again issued an Order that Defendants disregard.

## STRIKING OF DEFENDANTS' ANSWER AND APPROPRIATE SANCTIONS MUST ISSUE

Plaintiff is left with no choice but to move to strike Defendants' answer, reinstate the prior default judgment and set this matter for an immediate inquest on the injunctive relief outstanding in this matter as evidenced by the enclosed.

Under Fed.R.Civ.P. Rule 37(b)(2)(A)(iii) and (iv), this Court has the authority to strike pleadings in whole or in part or enter a default judgment for a party's failure to comply with a discovery order. This rule is applicable when the disobedience is willful or there is an established history of violations of disclosure

and discovery requirements. See, *Luft* v. *Crown Publishers, Inc.*, 906 F.2d 862 (2d Cir. 1990), *Pergament* v. v. T*hilman* (*In re Thilman*), 548 B.R. 1 (Bankr. E.D.N.Y. 2016), *Elsevier Inc.* v. *Memon*, 97 F. Supp. 3d 21 (E.D.N.Y. 2015), *S. New Eng. Tel. Co.* v. *Global NAPs, Inc.*, 299 F.R.D. 341 (N.D.N.Y. 2014).

Plaintiff has no other available remedy at law to properly amend his complaint, name other police officers and articulate the bases that serve for the *Monell* claims in this case against Nassau County: a case where there were and are bulletins curtailing the first amendment activities of Plaintiff and other named persons as confirmed by defense counsel, including Sean Paul Reyes, also known as the "The Long Island Audit." Biography Lad, *Who is Sean Paul Reyes (Long Island Audit)?...* (November 29, 2023), available at: https://thebiographylad.com/sean-paul-reyes-aka-long-island-audit-wiki/.

Failing to comply with scheduling and discovery orders should be found to prejudice the Plaintiff and may also justify the imposition of costs and attorney fees. *M.B.* v. *CSX Transp., Inc.*, 299 F.R.D. 341 (N.D.N.Y. 2014). After numerous voluntary and Court Ordered extensions, USMJ Shields made clear and unambiguous orders directing the Defendants to comply with, *inter alia,* Plaintiff's October, 2024 discovery demands. Defendants flaunted its requirements to provide deponents, dates for depositions, interrogatory and document demand responses.

### IMMEDIATE INJUNCTIVE RELIEF IS NECESSARY

A sworn complaint and affirmation attesting to ongoing First Amendment Violations of journalists is before this Court – We require immediate relief.

Defendants wish to disregard Court deadlines, Court Orders and the basic rules governing civil litigation to avoid dismantling its unconstitutional practice.

While the federal rules are merits based, there is no excuse for Defendants behavior after a certificate of default was vacated and Court Orders disregarded. If the Court is inclined to excuse Defendants' conduct, Plaintiff asks that both Plaintiff's counsel be compensated and that Plaintiff be allowed, *inter alia,* to amend the complaint and have a hearing for immediate injunctive relief to enjoin the surveillance of Plaintiff and other journalists, like Mr. Reyes, who report police activities as allowed by the United States Constitution and New York State law.

Respectfully Submitted,

CORY H. MORRIS, JD MA

Encl: