# YANNACONE & YANNACONE
A New York Professional Corporation

326 South Ocean Avenue · Patchogue, N Y 11772    Victor J. Yannacone (1906–1982)
Victor John Yannacone, jr

February 11, 2025

Hon. Anne Y. Shields, USMJ
Eastern District of New York
100 Federal Plaza
P.O. Box 840
Central Islip, New York 11722

  re  Response to Court's February 12, 2025 Scheduling Order
*Kosowski* v. *County of Nassau, et al.*
**2:24-cv-01669–NJC–AYS**

Dear Magistrate Judge Shields:

    I am of counsel to The Law Offices of Cory H. Morris, attorney for the Plaintiff, Richard Kosowski, and I submit this letter on behalf of Plaintiff Richard Kosowski in response to your February 12, 2025 Scheduling Order: re [32] Interim MOTION to Strike [12] Answer to Complaint for non-compliance with multiple USMJ Court Orders and Emergency MOTION for Preliminary Injunction Hearing and Appointment of Monitor supported by uncontested sworn testimony filed by Richard Kosowski, [34] MOTION for Contempt filed by Richard Kosowski.

    To avoid any misunderstandings or confusion, Plaintiff is asking this Court to consider and rule on the Plaintiff's Motion for contempt (D.E. 34). Specifically Plaintiff respectfully requests that this Court certify contempt by Defendants and reinstate the certificate of Defendants' default. The basis for the motion is that Defendants still refuse to cooperate with record production, discovery and deposition demands and Court Orders.

This Court has set strict time limits which Plaintiff has complied with, but Defendants have not. Discovery will close in less than three weeks

# YANNACONE & YANNACONE
A New York Professional Corporation

February 12, 2025                                                                                                                                                 Page 2

and Defendants have still refused to comply with Plaintiff's discovery demands.

It now appears that there is a pattern and practice of the Nassau County Police Department which creates "intelligence" bulletins identifying particular civilians for surveillance. In addition to the bulletin targeting the Plaintiff Richard Kosowski, there is also at least one other bulletin targeting SeanPaul Reyes. Plaintiff believes that there are many more such bulletins and that the Nassau County Police Department maintains an unconstitutional pattern and practice of surveillance directed at individuals who have attempted to exercise their First Amendment rights as citizens to investigate and observe the patterns and practices of the Nassau County Police Department.

Had Defendants complied with Plaintiff's discovery requests, Plaintiff would have already requested permission to amend his complaint to fully and completely allege these patterns and practices and obviate the need for the court to consider Defendants' motion to dismiss. In the alternative, the Court would have been able to convert that motion to a motion for summary judgment which would have either terminated this litigation or brought the case immediately to trial.

Plaintiff Richard Kosowski and his attorneys have no adequate remedy at law to obtain the discovery requested and application to this Court was the only avenue available under the Federal Rules of Civil Procedure for the Plaintiff to obtain discovery before the date this Court set for the close of discovery.

Counsel for the Plaintiff apologizes to this Court if their efforts to obtain compliance with the orders of this Court have resulted in confusion or frustration for the Court. However, Counsel for the Plaintiff had no other recourse but to request relief from this court upon each new discovery violation by Defendants particularly failure to provide deposition dates and designate a 30(b)(6) witness.

Plaintiff Richard Kosowski, by his attorneys, is requesting this Court to compel, by whatever means the Court may deem appropriate, Defendants to comply with Plaintiff's discovery requests forthwith, and

# YANNACONE & YANNACONE
A New York Professional Corporation

February 12, 2025 Page 3

upon failure to comply with the order of this Court, impose the appropriate sanctions upon the Defendant Nassau County Police Department and the Nassau County Attorney.

Your Honor was the Magistrate Judge in *Edmond* v. *Longwood Central School District et al*, 2:16-cv-02871 and faced a similar problem with a government Defendant failing to comply with discovery orders. The conduct of the Defendants in this case is no different and just as outrageous. Again a government agency seems to be without accountability for violating the local and federal rules that the Court expects citizen litigants such as Plaintiff Richard Kosowski and his attorneys to follow and obey.

If the Court should decide to excuse Defendants' conduct, then, for the sake of citizens seeking to vindicate constitutional rights and to reaffirm the legitimacy of the U.S. Courts, Plaintiff asks for a Decision and Order explaining why Nassau County is without accountability and the Nassau County Attorney can ignore Court orders.

Respectfully Submitted,

/s/ *Victor John Yannacone, jr.* /s/

Victor John Yannacone, jr., *of counsel*
barrister@yannalaw.com
THE LAW OFFICES OF CORY H. MORRIS
*Attorney for the Plaintiff*
Office & P.O. Address
863 Islip Avenue
Central Islip, New York 11722
Phone: (631) 450–2515
Email : Cory.H.Morris@protonmail.com