UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
RICHARD KOSOWSKI,

                      Plaintiff,                    **ORDER**

      -against-                            CV 24-1669 (NJC)(AYS)

NASSAU COUNTY, NASSAU COUNTY
POLICE DEPARTMENT, NASSAU
COUNTY POLICE CHIEF PATRICK
J. RYDER, in his official capacity only,
NASSAU COUNTY POLICE OFFICER
MICHAEL MARZOCCA, NASSAU COUNTY
POLICE OFFICER CHRISTOPHER VARGA,
NASSAU COUNTY POLICE OFFICER
PHILIP CUIFFO, NASSAU COUNTY
POLICE OFFICER RYAN GALE,
NASSAU COUNTY POLICE OFFICER
WALTER PALM, and NASSAU COUNTY
POLICE OFFICERS JOHN AND JANE DOE
## 1-10,

                      Defendant.
-------------------------------------------------------------X

**SHIELDS, Magistrate Judge:**

      This is an action commenced by Plaintiff Richard Kosowski ("Plaintiff" or "Kosowski") against Nassau County, Nassau County Police Department, Nassau County Police Chief Patrick J. Ryder, in his official capacity only, Nassau County Police Officer Michael Marzocca, Nassau County Police Officer Christopher Varga, Nassau County Police Officer Philip Cuiffo, Nassau County Police Officer Ryan Gale, Nassau County Police Officer Walter Palm, and Nassau County Police Officers John and Jane Does ##1-10 (collectively "Defendants"), alleging, <u>inter alia</u>, violations of Plaintiff's First Amendment and civil rights. Plaintiff has moved for an order certifying contempt upon the Defendants failure to cooperate with record production, discovery, deposition demands, and Court Orders, and reinstate Defendants' certificate of default.

1

Defendants' counsel has failed to oppose the motion. For the reasons which follow, Plaintiff's motion for an order certifying contempt is granted.

## RELEVANT BACKGROUND

Defendants initially defaulted in this case and a Clerk's Entry of Default was entered. See Docket Entry ("DE") [9]. Defendants later appeared and Plaintiff consented to Defendants' late answer. See DE [11]. Defendants answered, an initial conference was held, and a Tier I Discovery Schedule was entered on July 15, 2024. See DE [16]; Scheduling Order dated 7/15/2024. On October 1, 2024 a Tier II Discovery Schedule was entered. See Scheduling Order dated 10/01/2024.

In an October 30, 2024 status letter, Plaintiff set forth that Defendants had not fully complied with this Court's order of July 15, 2024. See DE [19]. Plaintiff stated that Defendants had failed to provide requested documents and had failed to assert privilege via a privilege log as mandated by the Federal Rules of Civil Procedure. Id. Defendants responded that they did indeed refuse to produce the documents and, in the status report, asserted the law enforcement privilege. Id. In response to the issues cited in the status report, the undersigned held a discovery conference on November 18, 2024. DE [21]. During the conference, Defendants were directed to provide a sworn statement indicating whether the requested Intelligence Bulletins exist. In the event they existed, by December 9, 2024, Defendants were directed to provide the responsive documents with certain limitations or produce a privilege log. See Scheduling Order dated 11/18/2024.

On December 3, 2024, Plaintiff filed a letter seeking a pre-motion conference regarding sanctions for Defendants failure to comply with their discovery obligations, and orders of this Court. DE [22]. Plaintiff asserted that Defendants had not complied with the Court's order of

2

November 18, 2024, and had failed to respond to deposition requests. Id. On December 11, 2024, Plaintiff filed a motion seeking to strike Defendants' Answer based on the discovery disputes. DE [23]. Defendants filed a motion seeking an extension of time to December 27, 2024, to respond to Plaintiff's motion, which was granted by this Court. See DE [24]; Order dated 12/18/2024.  On January 6, 2025, the undersigned granted Plaintiff's pre-motion conference request and scheduled a conference for January 21, 2025. Order dated 1/06/2025.

During the January 21, 2025 conference, this Court denied Plaintiff's request to strike the answer and set a briefing schedule regarding Defendants' motion for a protective order based upon Defendants' assertion of the law enforcement privilege. DE [28]; Order dated 01/21/2025. On January 29, 2025, Defendants requested an extension of time to file the motion for a protective order. DE [29]. Defendants cited the Nassau County Attorney's Office's staffing issues as a basis for the extension. Id. Plaintiff vehemently opposed the request. DE [31]. The Court denied Defendants' request for an extension of time to file a motion for a protective order stating,

> [w]hile the Court appreciates that the County Attorney's office is currently understaffed, that does not excuse the County's lack of compliance with their discovery obligation, nor their non—compliance with this Court's orders. As the time to move for a protective order has expired, any claim of privilege regarding the discovery at issue is waived. Defendants are directed to produce the requested discovery by close of business on February 5, 2025.

Order dated 02/03/2025.

Defendants failed to produce the discovery at issue. On February 6, 2025, Plaintiff filed an interim motion to strike the answer and an emergency motion for preliminary injunction and appointment of a Monitor due to Defendants' failure to comply with their discovery obligations and this Court's orders. DE [32]. On February 11, 2025, Plaintiff filed for a motion requesting that this Court certify contempt and reinstate Defendants' certificate of default. DE [34]. In

3

response to Plaintiff's separate and duplicative motions based upon the same conduct, this Court directed Plaintiff's counsel to submit a letter indicating the path upon which Plaintiff wished to proceed. See Scheduling Order dated 02/12/2025. In response, Plaintiff filed the instant application seeking an order certifying contempt and reinstating Defendants' certificate of default. DE [35]. Defendants have not submitted opposition.

Having summarized the facts and the parties' positions the Court turns to the merits of the motion.

## DISCUSSION

A.   Applicable Law

In general, "the power to punish for contempt is inherent in all courts." Bowens v. Atlantic Maint. Corp., 546 F. Supp. 2d 55, 63 (E.D.N.Y. 2008) (citations omitted). "The underlying concern is 'disobedience to the orders of the [j]udiciary,' not 'merely the disruption of court proceedings.'" Id. (citing Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991)). As such, an individual who disobeys a valid order of the court may be subject to both civil and criminal penalties for his actions. Id. (citing United States v. Petito, 671 F.2d 68, 72 (2d Cir. 1982)). "Criminal contempt is used to punish the contemnor or vindicate the court's authority; civil contempt seeks to coerce the contemnor into compliance with the court's orders or to compensate the complaining party for losses incurred as a result of the contemnor's conduct." Id. (citing Hess v. New Jersey Transit Rail Operations, Inc., 846 F.2d 114, 115 (2d Cir. 1988)).

A party may be held in civil contempt for failure to comply with a court order if: "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." Lynch v. Southampton Animal Shelter Found., Inc., No. CV

4

10-2917, 2013 WL 80178, at *5 (E.D.N.Y. Jan. 7, 2013) adhered to on reconsideration, 2013 WL 1563468 (E.D.N.Y. Apr. 12, 2013) (quoting King v. Allied Vision, Ltd., 65 F.3d 1051, 1058 (2d Cir. 1995)). Willfulness or bad faith is *not* a prerequisite to a contempt finding pursuant to Rule 37. See Dorsett, 2012 WL 2076911, at *8 ("a court need not find willfulness or bad faith as a prerequisite to a contempt finding"); Paramedics Electromedicina Comercial, Ltda. v. GE Medical Sys. Information Tech., Inc., 369 F.3d 645, 655 (2d Cir. 2004) ("It need not be established that the violation [of a court order] was willful."); Ferrara v. Nordev, LLC, No. CV 10-5844, 2012 WL 1999643, at *2 (E.D.N.Y. Apr. 10, 2012). Further, the "[p]rocess of contempt is a severe remedy, and should not be resorted to when there is fair ground of doubt as to the wrongfulness of the defendant's conduct." California Artifical Paving Stone Co. v. Molitor, 113 U.S. 609, 618 (1885); see Int'l Longshoremen's Ass'n v. Philadelphia Marine Trade Ass'n, 389 U.S. 64, 76 (1967) (noting that the court's contempt power constitutes a "potent weapon"); Stein Indus., Inc. v. Jarco Indus., Inc., 33 F. Supp. 2d 163, 170 (E.D.N.Y. 1999). The moving party must establish each essential element by clear and convincing evidence. Bowens, 546 F. Supp. 2d at 63-64; see King, 65 F.3d at 1058 (finding that "[a] contempt order is warranted only where the moving party established by clear and convincing evidence that the alleged contemnor violated the district court's edict."). Moreover, "[t]he failure to meet the strict requirements of an order does not necessarily subject a party to a holding of contempt." A.V. By Versace, Inc. v. Gianni Versace S.p.A., 446 F. Supp. 2d 252, 257 (S.D.N.Y. 2006) (quoting Dunn v. N.Y. State Dep't of Labor, 47 F.3d 485, 490 (2d Cir. 1995)).

      The relevant statutory framework governing the contempt authority of a federal magistrate judge is set forth in 28 U.S.C. § 636(e). Under the statute, where a magistrate judge presides over a pre-trial matter in a case pending before a district judge,

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e); see Ferrara, 2012 WL 1999643, at *1. Thus, pursuant to the certification process outlined in 28 U.S.C. § 636(e), the magistrate judge "functions only to certify the facts and not to issue an order of contempt." Ferrara, 2012 WL 1999643, at *1 (citing Hunter TBA, Inc. v. Triple v. Sales, 250 F.R.D. 116, 118 (E.D.N.Y. 2008)). Further, "[i]n certifying the facts under Section 636(e), the magistrate judge's role is 'to determine whether the moving party can adduce sufficient evidence to establish a *prima face* case of contempt.'" Hunter, 250 F.R.D. at 118 (quoting Church v. Steller, 35 F. Supp. 2d 215, 217 (N.D.N.Y. 1999)); see Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation v. Duncan & Son Carpentry, Inc., No. 14-CV-2894, 2015 WL 3935760, at *3 (E.D.N.Y. June 26, 2015).

In accordance with the magistrate judge's role of "determin[ing] whether the moving party can adduce sufficient evidence to establish a prima facie case of contempt," Ferrara, 2012 WL 1999643, at *1, the court, after reviewing the evidence, may decline to certify the case to the district court where the court "determines that the conduct does not rise to the level of contempt" Lynch, 2013 WL 80178, at *5. See also Bowens, 546 F. Supp. 2d at 72 (declining to certify facts to the district court where movant failed to establish a *prima facie* case of contempt). In the event the court declines to certify facts to the district court for further review, the "district court may not proceed further on a motion for contempt where the conduct at issue occurred before a magistrate judge." Bowens, 546 F. Supp. 2d at 72; see Church, 35 F. Supp. 2d at 217 (citing In re Nova Biomedical Corp. v. i-STAT Corp., 182 F.R.D. 419, 423–24 (S.D.N.Y. 1998)); see also In

6

re Kitterman, 696 F. Supp. 1366, 1370 (D. Nev. 1988) (noting that magistrate's decision not to certify to district court "dispos[es] of the matter").

B.   Application

   1.   Contempt

The language of this Court's orders and the discovery obligations imposed by the Federal Rules of Civil Procedure are clear and unambiguous. As stated clearly in this Court's Order, "the time to move for a protective order has expired, any claim of privilege regarding the discovery at issue is waived. Defendants are directed to produce the requested discovery by close of business on February 5, 2025." See Order dated 02/03/2025. Additionally, the Court's earlier orders directing Defendants to produce the documents or produce a privilege log are also clear and unambiguous. Therefore, Plaintiff has satisfied the first prong of the test for civil contempt under Lynch.

Proof of non-compliance must be clear and convincing. Given that the Defendants have made no effort at all to comply with the discovery demands, and have failed to comply with this Court's orders, the Court finds that the second element is also established.

With respect to the third element-whether the alleged contemnor has been diligent in attempting to comply with the court's order - no diligent effort to comply has been made. To date, Defendants have not produced the requested discovery, nor have they responded in any way to the instant motion. Thus, the third and last element is established.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for an order certifying contempt for Defendants' failure to cooperate with record production, discovery, deposition demands, and

7

Court Orders, appearing as Docket Entry No. 35 herein, is hereby granted. The Court respectfully recommends that a contempt hearing before the District Court be held.

Dated: Central Islip, New York
      May 19, 2025

                                          /s/ Anne Y. Shields
                                              Anne Y. Shields
                                    United States Magistrate Judge