UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Richard Kosowski,<br><br>                              Plaintiff,<br><br>        -v-<br><br>Nassau County, Nassau County Police Department, Patrick J. Ryder, Michael Marzocca, Christopher Varga, Phillip Cuiffo, Ryan Gale, and Walter Palm,<br><br>                             Defendants. | 2:24-cv-1669<br>(NJC) (AYS) |

**MEMORANDUM OPINION AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

      In this action, Plaintiff Richard Kosowski brings claims for false arrest and malicious prosecution as well as claims under 42 U.S.C. § 1983 to enforce rights afforded by the First Amendment to the U.S. Constitution against Nassau County, the Nassau County Police Department ("NCPD"), Nassau County Police Chief Patrick J. Ryder, and Nassau County Police Officers Michael Marzocca, Christopher Varga, Phillip Cuiffo, Ryan Gale, and Walter Palm (collectively, "Defendants").

      Before the Court is Kosowski's motion for a court order finding that Defendants are in civil contempt for failing to adhere to the Court's discovery orders and, as a remedy, to strike Defendants' Answer, reinstitute Defendants' default in this action, have the Court appoint a monitor to oversee that NCPD does not unlawfully target speech or conduct protected under the First Amendment, and impose monetary sanctions in order to make Kosowski whole.

      The record is clear: Defendants are in civil contempt for failure to abide by two clear and unambiguous court orders. Despite their failure to produce the requested documents and privilege log for more than ten months, on the day of the hearing before this Court on Kosowski's motion,

1

Defendants indicated—for the first time—that they would produce the requested documents *after* the Court's hearing. Following the hearing, Defendants produced at least *some* of the long-awaited discovery, but it remains unclear whether their production provides all of the information requested and fully complies with the Federal Rules of Civil Procedure. In any event, Defendants have failed to provide any explanation as to why they refused to produce the requested discovery for more than ten months. Accordingly, this Court finds Defendants in civil contempt for violating two clear and unambiguous court orders.

Kosowski's requests that the Court strike Defendants' Answer and reinstitute Defendants' previously vacated default in this case are not justified in light of Defendants' recent, albeit extremely belated, production of certain records. Accordingly, this Court orders Defendants to produce an affidavit regarding the contents of the October 8, 2025 production, a privilege log identifying any withheld documents, and an inquest into the attorneys' fees and costs incurred by Kosowksi as a result of Defendants' violations, including but not limited to expenses incurred in bringing the motion for civil contempt sanctions and in reviewing the October 8, 2025 production to determine whether it includes all information responsive to Plaintiffs' discovery requests, in order to determine the amount of a monetary sanction that will make Kosowski whole.

## BACKGROUND AND PROCEDURAL HISTORY

Kosowski is a citizen-journalist in Nassau County who records and documents the conduct of public officials and police officers and publishes his encounters online. (Compl. at ¶¶ 11–15, ECF No. 1.) He does this "to show his viewers various police practices, to exercise his right to record government agents engaged in government conduct, and to protect the rights of others to record public officials." (*Id*. ¶ 16.) Kosowski claims that on September 9, 2022, Defendants Marzocca and Varga arrested and brought charges against him because of his prior activity video recording Nassau County police officers performing their lawful duties. (*Id*. at

2

¶¶ 29–76.) Kosowski contends that this arrest was made pursuant to an allegedly unconstitutional "no recording" policy in Nassau County, under which Nassau County residents are arrested for video recording police officers and other county employees. (*Id*. at ¶¶ 99–100.) The charges were later dismissed. (*Id*. at ¶ 85.)

Kosowski filed this action on March 6, 2024, and Defendants' Answered the Complaint on June 19, 2024. (ECF Nos. 1, 12.) On July 15, 2024, Magistrate Judge Anne Y. Shields held an initial conference, setting forth discovery deadlines. (Electronic Order ("Elec. Order"), July 15, 2024.) She ordered all Tier I discovery to be completed by August 15, 2024, and ordered Defendants to produce any files, communications, documents, and videos referencing Mr. Kosowski on a hard drive by overnight mail. (*Id.*) The August 15, 2024 Order also required Defendants to produce any documents with respect to New York's Right to Record Act by August 15, 2024, and for the parties to provide a joint status letter by August 20, 2024 that would include a jointly proposed Tier II discovery schedule for the Court's review. (*Id*.)

On August 21, 2024, the parties filed a joint motion for an extension of time to file the jointly proposed Tier II discovery schedule. (ECF No. 17.) The following day, on August 22, 2024, Magistrate Judge Shields granted the request and extended the parties' deadline to September 30, 2024. (Elec. Order, Aug. 22, 2024.) The parties then filed their jointly proposed Tier II discovery schedule on September 30, 2024 (ECF No. 18), which Magistrate Judge Shields subsequently adopted and ordered. (Elec. Order, Oct. 1, 2024.) Under the Tier II discovery schedule, all fact discovery was to be completed by February 28, 2025. (ECF No. 18.)

However, in an October 30, 2024 joint status letter (ECF No. 19), Kosowski raised concerns that Defendants had failed to provide requested documents—specifically, any Intelligence Bulletins "which involve individuals who may have recorded the activities of Nassau County Police Officers." (ECF No. 19 at 1.) Kosowski noted that he had a copy of an

3

Intelligence Bulletin concerning himself, and he requested copies of all Intelligence Bulletins that involve individuals who may have recorded the activities of Nassau County police officers. (*Id*.) Defendants argued that such documents were protected from disclosure by the law enforcement privilege,

> a qualified privilege which establishes a presumption against disclosure for information (1) pertaining to law enforcement techniques and procedures, (2) that would undermine the confidentiality of sources, (3) that would endanger witnesses and law enforcement personnel, (4) that would undermine the privacy of individuals involved in an investigation, or (5) that would seriously impair the ability of a law enforcement agency to conduct future investigations.

(*Id*. at 3) (citing *Morales v. United States*, No. 18-cv-4247, 2020 WL 6799681, at *2 (E.D.N.Y. Nov. 19, 2020) (quoting *In re The City of New York*, 607 F.3d 923, 948 (2d Cir. 2010) (same)). In the joint status report, Kosowski responded that Defendant could address any concerns over privilege with proper redactions. (*Id*. at 2.)

On November 18, 2024, the parties appeared for a status conference before Magistrate Judge Shields. (*See* Elec. Order, Nov. 18, 2024.) As memorialized in a November 18, 2024 Order, at the conference, Magistrate Judge Shields directed Defendants to provide a sworn statement by December 2, 2024 indicating whether the requested Intelligence Bulletins existed. (*Id.*) She further directed that if such bulletins did exist, Defendants were to provide the Intelligence Bulletins within a three-year period of Kosowski's arrest by December 9, 2024, with proper redactions to withhold the names of private individuals, or to produce a privilege log. (*Id.*)

On December 3, 2024, Kosowski filed a letter requesting a conference in anticipation of filing a motion to sanction Defendants for failing to comply with their discovery obligations and the Court's order. (ECF No. 22.) Specifically, Kosowski argued that Defendants had failed to produce any of the Intelligence Bulletins that the November 18, 2024 Order required them to produce, failed to respond to any of Kosowski's deposition requests, and "indicate[d] that they do not intend" to comply with the November 18, 2024 Order. (*Id*. at 1–2.)

4

On December 11, 2024, Kosowski filed a separate motion seeking to strike Defendants' Answer from the record for failure to comply with discovery obligations and court orders, under Rules 37(b)(2)(A)(iii) and (iv) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), which grant courts the ability to strike pleadings in whole or in part due to a party's failure to obey an order to provide or permit discovery. (ECF No. 23 at 2 (citing Fed. R. Civ. P. 37).) On December 16, Defendants filed a motion seeking an extension of time to December 27, 2024 to respond to the motions, which the Court granted. (ECF No. 24; Elec. Order, Dec. 18, 2024.)

On January 6, 2025, Magistrate Judge Shields granted Kosowski's request and scheduled a conference with the parties for January 21, 2025. (Elec. Order, Jan. 6, 2025.) At the January 21, 2025 conference, Magistrate Judge Shields denied Kosowski's request to strike Defendants' Answer and, instead, set a briefing schedule regarding Defendants' motion for a protective order against Kosowski's request for Intelligence Bulletins based on Defendants' invocation of the law enforcement privilege. (Elec. Order, Jan. 21, 2025.) Defendants' motion was due on January 28, 2025, and Plaintiff's response was due on February 7, 2025. (*Id*.) On January 29, 2025, one day *after* their motion for a protective order was due, Defendants filed a motion for an extension of time to file the motion for a protective order due to pending deadlines in other matters, which Defendants indicated that Defendants' counsel needed to prioritize. (ECF No. 29.) On February 2, 2025, Kosowski opposed Defendants' motion for an extension, and on the following day, February 3, 2025, Magistrate Judge Shields denied the requested extension, stating:

> While the Court appreciates that the County Attorney's office is currently understaffed, that does not excuse the County's lack of compliance with their discovery obligations, nor their non-compliance with this Court's orders. As the time to move for a protective order has expired, any claim of privilege regarding the discovery at issue is waived. Defendants are directed to produce the requested discovery by close of business on February 5, 2025.
>
> (Elec. Order, Feb. 3, 2025.)

5

Shortly thereafter, on February 6, 2025, Kosowski filed an interim motion to strike the Defendants' Answer and an emergency motion for a preliminary injunction and appointment of a monitor due to Defendants' failure to comply with their discovery obligations. (ECF No. 32.) In his emergency motion, Kosowski noted that "[w]hile fact discovery ends in three (3) weeks, Defendants refuse to cooperate with record production, discovery and deposition demands," despite a series of Court orders and meet-and-confers between the parties. (*Id.* at 1.) On February 11, 2025, Kosowski filed an additional motion for an order finding Defendants in contempt of court orders due to their failure to comply with discovery obligations and to, accordingly, reinstate Defendants' certificate of default which had been filed on April 16, 2024. (ECF No. 34.) On February 12, 2025, Magistrate Judge Shields issued a scheduling order directing Kosowski's counsel to submit a letter indicating which path Kosowski wished to pursue, noting that "continued separate filings for relief based upon the same behavior may result in sanctions." (Elec. Order, Feb. 12, 2025.) Later that day, Kosowski filed a letter (ECF No. 35), which clarified that he is seeking a ruling on his previously filed motion for contempt (*see* ECF No. 34), and an order from Magistrate Judge Shields certifying facts concerning Defendants' contempt of Court orders and reinstating the certificate of Defendants' default. Kosowski's letter noted that discovery was scheduled to close in three weeks, but Defendants had yet to comply with Plaintiff's discovery requests. (*Id.*)

On April 8, 2025, this Court issued an Order finding that Kosowski's interim motion strike Defendants' Answer and emergency motion for a preliminary injunction were dismissed as moot in light of Plaintiff's filing of a revised motion for contempt. (*See* ECF No. 35; Elec. Order, Apr. 8, 2025.)

On May 19, 2025, Magistrate Judge Shields issued a Report and Recommendation ("R&R"), in which she certified facts to this Court pursuant to 28 USC § 636(e) and

6

recommended that Defendants be held in contempt for failure to produce documents requested by Kosowski by the close of business on February 5, 2025. (ECF No. 36.) Magistrate Judge Shields' R&R, however, did not include any recommendations as to the specific relief for such contempt.

After the issuance of the R&R, Kosowski filed a letter on May 29, 2025, requesting (1) a contempt hearing, (2) an order striking the Defendants' Answer, (*see* ECF No. 12), and (3) an inquest to determine the amount of damages to be awarded Kosowski and the amount of reasonable attorneys' fees awarded to counsel for pursuing contempt sanctions concerning Defendants' failure to produce documents and participate in discovery. (ECF No. 38.) On June 2, 2025, Nicholas Zotto of the Nassau County Attorney's Office filed a reply in opposition to the motion for contempt sanctions and request for a contempt hearing. (ECF No 39.) Specifically, Mr. Zotto noted that "[t]he delay [was] attributable to the departure of the previous handling attorney," and that "his files are undergoing reassignment to ensure a thorough review and prompt remediation of any deficiencies." (*Id.* at 39.)

On September 2, 2025, this Court scheduled a contempt hearing to take place on October 7, 2025. (Elec. Order, Sept. 2, 2025.) In the September 2, 2025 Order, the Court noted that although three months had elapsed since Mr. Zotto's letter stating that Defendants' delay was attributable to the departure of the prior handling attorney, whose files were "undergoing reassignment," no attorney had yet entered a notice of appearance for Defendants. (*Id.*) However, later that day, John Carnevale filed a notice of appearance on behalf of Defendants. (ECF No. 40.)

In the month between the September 2, 2025 Order scheduling the contempt hearing and the hearing itself, the Court did not receive any further submissions from the parties to this action: no correspondence from Defendants' indicating that they had cured—or even attempted

7

to cure—their failure to produce the requested discovery, nor any additional submissions from Plaintiff regarding the motion or the requested relief. On the morning of the hearing, at approximately 3:00 AM, Kosowski's counsel emailed a memorandum of law in support of his motion for contempt sanctions. However, as stated on the record during the hearing, that submission was not considered by the Court, as it ran afoul of the Court's Individual Rules requiring all submissions to be filed on the docket, meaning that email is not an appropriate method to file documents with the Court. *See* Individual Rule 1.1 for Civil and Criminal Cases, Judge Nusrat J. Choudhury (Sept. 29, 2025).

On October 7, 2025, the Court held a hearing concerning Kosowski's motion for the imposition of civil contempt sanctions on Defendants for failure to produce the requested documents and to adhere to this Court's discovery orders. Following the hearing, on October 8, 2025, Defendants filed a letter notifying the Court that they "produced all responsive and outstanding documents to Plaintiff via a secure OneDrive link." (ECF No. 42.) Defendants also stated that they "identified D/Sgt. Frank DiConza and D.Sgt. Tom Kananowicz as the County's Rule 30(b)(6) designees, with the specific witness to be set based on the deposition date." (*Id.*) On October 13, 2025, in a letter filed with the Court, Kosowski disputed the representations Defendants made in their October 8, 2025 letter. (ECF No. 43 at 1.) According to Kosowski, Defendants had not sufficiently cured their contempt because their production did not include an affidavit regarding the contents of the production, a privilege log, or any other documents detailing what may have been withheld or excluded from the production. (*Id.*) Kosowski also noted that Defendants' transmission of documents via OneDrive and "dumping a load of paper records and other materials on counsel" failed to comply "with the spirit and intent of the federal discovery rules," (*Id.* at 1–2), not to mention this Court's Order to produce the materials on a hard drive (Elec. Order, July 15, 2024).

8

# DISCUSSION

A. <u>Legal Standards</u>

"[I]t is firmly established that [t]he power to punish for contempts is inherent in all courts." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (internal quotation marks omitted). A court may hold a party in civil contempt for failure to comply with a court order if "(1) the order the party failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted to comply in a reasonable manner." *CBS Broadcasting Inc. v. FilmOn.com, Inc.*, 814 F.3d 91, 98 (2d Cir. 2016). The court is not required to find that the party's violation of its orders was willful. *Paramedics Electromedicina Comercial Ltda v. GE Medical Systems, Information Technology Incorporated*, 369 F.3d 645, 655 (2d Cir. 2004). Indeed, "the fact that the prohibited act was done inadvertently or in good faith . . . does not preclude a citation for civil contempt, for the sanction is remedial in nature." *Vuitton et Fils S.A. v. Carousel Handbags*, 592 F.2d 126, 128 n.2 (2d Cir. 1979).

Upon finding that a party is in civil contempt, courts then consider what sanctions are appropriate. "The imposition of civil contempt sanctions may serve dual purposes: to secure future compliance with court orders and to compensate the party that has been wronged." *Paramedics*, 369 F.3d at 657; *see also Al Hirschfeld Found. v. Margo Feiden Galleries Ltd.*, 438 F. Supp. 3d 203, 207 (S.D.N.Y. 2020) (Civil contempt sanctions "may be coercive, to secure compliance with court orders, or they may be compensatory."). In this way, civil contempt differs from criminal contempt, as "civil contempt proceedings must be remedial and compensatory, and not punitive." *Al Hirschfeld Found.*, 438 F. Supp. 3d at 207. The compensatory purpose of civil contempt is accomplished by awarding to the injured party any proven damages in order to repair the injured party and restore the parties to the position they would have held had the order been obeyed. *Id*. It is well established that district courts have the

9

"authority to award attorney's fees for . . . willful violation of its order[s]." *Herman v. Davis Acoustical Corp.*, 196 F.3d 354, 357 (2d Cir. 1999). "The court may, however, serve either goal—the coercive or the compensatory—by awarding attorneys' fees and costs to a contempt victim." *Al Hirschfeld Found.*, 438 F. Supp. 3d at 208 (citation omitted); *see also Yurman Design Inc. v. Chaindom Enters. Inc.*, No. 99-cv-9307, 2003 WL 22047843, at *2–3 (S.D.N.Y. Aug. 29, 2003) (awarding compensatory fees for plaintiff's investigation of defendant's failure to comply with injunction); *but c.f. Fendi Adele S.R.L. v. Burlington Coat Factory Warehouse Corp.*, 642 F. Supp. 2d 276, 299 (S.D.N.Y. 2009) (limiting fees to those accrued in litigating contempt proceeding, as opposed to all litigation activity).

Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure addresses the court's authority to sanction a party for failure to comply with a discovery order as well as remedies for such violations. The Rule provides that "[i]f a party or a party's officer, director, or managing agent [among others] fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). The Rule specifies that "further just orders" may include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

A magistrate judge presiding over a pre-trial matter in a case pending before a district judge may issue a Report and Recommendation certifying facts for civil contempt under 28 U.S.C. § 636(e). The magistrate judge "functions only to certify the facts and not to issue an

10

order of contempt." *Fed. Nat'l Mortg. Ass'n v. C.Y. Gold LLC*, No. 24-cv-1314, 2025 WL 2888054, at *2 (E.D.N.Y. July 7, 2025) (internal quotation marks omitted) (citations omitted). The district court must make an independent determination of the facts certified. *City of Almaty, Kazakhstan v. Ablyazov*, No. 15-CV-5345, 2023 WL 2787933, at *1 (S.D.N.Y. Apr. 4, 2023); *see also* 28 U.S.C. § 636(e)(6).

    B. <u>Analysis</u>

The record demonstrates that the first element of civil contempt—that the order with which a party failed to comply is clear and unambiguous—is clearly met. Defendants failed to comply with two separate discovery orders of this Court, both of which were clear and unambiguous.

First, on November 18, 2024, the parties appeared before Magistrate Judge Shields for a conference, at which she issued two orders that were memorialized in a clearly drafted Minute Entry:

> As set forth on the record during the conference held today, <u>by December 2, 2024</u>, Defendants are directed to provide a sworn statement indicating whether the requested Intelligence Bulletins exist. In the event they exist, <u>by December 9, 2024</u>, Defendants shall either provide the Intelligence Bulletins with the following limitations: limited to within a three-year period of Plaintiff's arrest and redacted to withhold the names of private individuals; or, produce a privilege log. On December 13, 2024, counsel are directed to submit a joint letter indicating the status of the requested documents.

(Elec. Order, Nov. 18, 2024.) (emphasis added). The November 18, 2024 Order clearly and unambiguously instructed Defendants to provide by December 2, 2024, a sworn statement indicating whether the requested Intelligence Bulletins exist. It also clearly and unambiguously instructed Defendants that, if such Intelligence Bulletins do exist, they must produce all such Bulletins within a three-year period of Kosowski's arrest or, in the alternative, produce a privilege log, by December 9, 2024.

11

Second, Magistrate Judge Shields' February 3, 2025 Order clearly and unambiguously ordered Defendants to produce the Intelligence Bulletins by February 5, 2025:

> While the Court appreciates that the County Attorney's office is currently understaffed, that does not excuse the County's lack of compliance with their discovery obligations, nor their non-compliance with this Court's orders. As the time to move for a protective order has expired, any claim of privilege regarding the discovery at issue is waived. Defendants are directed to produce the requested discovery by close of business on February 5, 2025.

(Elec. Order, Feb. 3, 2025). Accordingly, both court orders laying out Defendants' obligations were undeniably clear and unambiguous.

With respect to the second element required for a civil contempt finding, Defendants' failure to comply with the November 18, 2024 and February 3, 2025 Orders is also clear and unambiguous. Defendants failed to comply with the Court's order to produce a sworn statement indicating whether the requested Intelligence Bulletins exist by December 2, 2024. (Elec. Order, Nov. 18, 2024.) Defendants also failed to provide either a privilege log or the Intelligence Bulletins limited to a three-year period of Kosowski's arrest with the names of private individuals redacted, by December 9, 2024, as required by the Court's November 18, 2024 Order. (*Id*.) Finally, Defendants failed to produce the Intelligence Bulletins within the aforementioned limitations or the alternative of a privilege log by the February 5, 2025 production deadline. (Elec. Order, Feb. 3, 2025.) Instead, citing their agency's staffing challenges, Defendants made their first attempt to comply with the Court's Orders one day *after* the October 7, 2025 contempt hearing. (ECF No. 42.) Accordingly, there is clear and convincing proof of Defendants' failure to comply with the November 18, 2025 and February 3, 2025 Orders.

Finally, considering the third element of civil contempt, Defendants failed to make any diligent efforts to comply with their production obligations in a reasonable manner. Most notably, at the time that Magistrate Judge Shields' issued the R&R on May 19, 2025, which

12

recommended that Defendants be held in contempt for failure to follow court orders to produce documents, Defendants had failed to make *any* effort to demonstrate compliance with the Court's orders, even though more than three months had passed since Defendants' February 3, 2025 production deadline and more than five months had passed since their December 2024 production deadlines. (*See* Elec. Order, Nov. 18, 2025; Elec. Order, Nov. 4, 2024 (adopting parties jointly proposed scheduling order).) Nor did Defendants make *any* attempt to provide the required sworn declaration, Intelligence Bulletins or, if necessary, privilege log at any time during the nearly five months between the R&R and the October 7, 2025 contempt hearing.

Defendants' first attempt of any sort to comply with their discovery obligations and this Court's orders came the day *after* the Court's contempt hearing, when it produced some documents for the first time. (ECF No. 42.) But as set forth in Kosowski's October 13, 2025 letter (ECF No. 43), Defendants still may have not cured their production deficiencies and have not indicated whether they are withholding any responsive information for privilege or provided a privilege log indicating as much, as required by the Court's November 18, 2024 Order. (Elec. Order, Nov. 18, 2024 ("In the event they exist, by December 9, 2024, Defendants shall either provide the Intelligence Bulletins with the following limitations: limited to within a three-year period of Plaintiff's arrest and redacted to withhold the names of private individuals; or, *produce a privilege log*.") (emphasis added).) While Defendants' October 8, 2025 production is a step in the right direction to advance this litigation,[1] it comes nearly *eleven months* after Judge Shields ordered Defendants to provide a sworn statement indicating whether Defendants' possess the

---

[1] The Court must also correct Defendants' misrepresentation in its October 8, 2025 letter that the Court issued a "directive at the October 7, 2025 hearing to complete production by the end of the day." (ECF No. 42). The Court did not issue any explicit orders or directives during the hearing. Rather, Defendants' counsel stated he was in a position to promptly produce the previously-collected documents in his possession, and the Court acknowledged his representation. (*See* Hearing Transcript at 35) (Court: "Now, if what you are also trying to say is that you would like to produce the documents and for this case to go forward and that you are going to promptly produce all documents today, then that will impact the sanction that I impose for the civil contempt, which is unambiguously and clearly demonstrated by the record. Is that what you are trying to say, sir?" Defendants' counsel: "Yes, it is your Honor." Court: "Okay. Okay. So your intention is to produce the documents today so that they can go forward.")

13

relevant discovery and to produce any Intelligence Bulletins or, in the alternative, a privilege log, and more than *five* months after she certified facts relating to Defendants' contempt for failure to comply with court orders concerning their discovery obligations (ECF No. 36.) This belated effort cannot be described as a "diligent attempt" to comply with court orders in a reasonable manner.

Defendants do not argue, much less show, that the relevant court orders failed to communicate clear and unambiguous deadlines for their discovery responses or that Defendants actually complied at any point prior to the day after the contempt hearing. Defendants' June 2, 2025 opposition to Kosowski's motion for contempt (ECF No. 39) consists of a single paragraph, does not cite any case law, and attributes Defendants' non-compliance "to the departure of the previous handling attorney" and the reassignment of his cases to "ensure a thorough review and prompt remediation of any deficiencies." (*Id.* at 1.) Notwithstanding that representation, in the four months that followed, Defendants *still* failed to produce a sworn declaration, privilege log, or the requested Intelligence Bulletins, or even any explanation for their continuing failure to produce such information as required by Judge Shields. At the October 7, 2025 hearing, Defendants again attributed their shortcomings to staffing challenges but otherwise did not contest the Court's findings that they had continuously failed to comply with the November 18, 2024 and February 3, 2025 Orders. *See, e.g.* Hearing Tr. at 27 ("I'm in no way, your Honor, suggesting to the Court that we actually, in fact, did comply and turn these records over."); *Id.* at 34 ("Your Honor, I'm in no way saying that documents were produced . . . I don't have an explanation for that."); *Id.* at 48 ("Whatever is outstanding that hasn't been produced, I have the file and I have the authority to produce that, and we're willing to do that. I'm on the case now, I will move it forward expeditiously and I have nothing further, your Honor"). But "limited staffing" is an "unconvincing excuse[] for not complying with . . . discovery obligations . . . ."

14

*Aquavit Pharmacueticals, Inc. v. U-Bio Med, Inc.*, No. 19CV3351VECRWL, 2021 WL 4312579, at *5 (S.D.N.Y. July 16, 2021).

Accordingly, this Court holds Defendants in civil contempt for violating Magistrate Judge Shields' November 18, 2024 and February 3, 2025 Orders. There is clear and convincing proof of Defendants' noncompliance with these two court orders, which are clear and unambiguous, and Defendants failed to make any diligent attempts to comply with the orders in a reasonable manner. *See CBS Broadcasting Inc.*, 814 F.3d at 98.

C.  Appropriate Sanctions

After finding Defendants in civil contempt, the question then shifts to what sanctions are appropriate. "The imposition of civil contempt sanctions may serve dual purposes: to secure the future compliance with court orders and to compensate the party that has been wronged." *Paramedics*, 369 F.3d at 657. It is well established that district courts have the "authority to award attorney's fees for . . . defendants' willful violation[s] of its order . . ." *Herman,* 196 F.3d at 357; *Weitzman v. Stein*, 98 F.3d 717, 719 (2d Cir. 1996) ("The district court . . . may award appropriate attorney fees and costs to a victim of contempt."); *Al Hirschfeld Found.*, 438 F. Supp. 3d at 209–210 (issuing as attorneys' fees costs related to bringing a motion for sanctions for failure to comply with discovery orders). Further, Local Rule 83.6 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York provides that "[a] reasonable counsel fee, necessitated by the contempt proceedings, may be included as an item of damage."

As relief for Defendants' contempt, Kosowski's requests that this Court "strik[e] the Defendants' Answer" and order an inquest into the attorney's fees and costs that Kosowski incurred in bringing this motion for contempt. (ECF No. 38.) During the contempt hearing, Kosowski's counsel also specifically argued for relief in the form of an order striking

15

Defendants' Answer, the imposition of a certificate of default against Defendants, who initially were found to have defaulted but later entered an appearance in this case, (*see* ECF Nos. 9 and 10), and for a court-appointed monitor to oversee that NCPD does not target people who record their activities. (*See* Hearing Tr. at 49). However, following Defendants' production of certain records the day after the contempt hearing, Kosowski indicated that he seeks leave to file amended complaint in this action now that he is in possession of at least some of the discovery he originally requested. (*See* ECF No. 43).

Accordingly, Kozowski's request that the Court strike Defendants' Answer is moot. In light of the current posture of the case, the appropriate relief to compensate Kosowski for Defendants' violations of November 18, 2025 and February 3, 2025 Orders is an award of attorneys' fees and costs incurred in pursuing the work caused by Defendants' violations of these orders, including but not limited to work to pursue production of the requested information and the motion for civil contempt sanctions, and work to determine whether Defendants' belated October 8, 2025 production includes all of the information responsive to Kosowski's discovery requests. *See, e.g.*, *Al Hirschfield*, 438 F. Supp. 3d at 211 (imposing $23,000 in monetary sanctions to compensate the injured party "for work caused by the violations of [the court] orders"); *Yurman*, 2003 WL 22047843, at 2–3 (awarding compensatory fees for plaintiff's investigation of defendant's failure to comply with injunction). Additionally, Kosowski also merits coercive civil contempt sanctions in the form of an order requiring Defendants to produce an affidavit describing the contents of the October 8, 2025 production and a privilege log identifying any withheld or redacted information.

## CONCLUSION

For the foregoing reasons, Court grants in part Kosowski's motion for contempt and holds Defendants in civil contempt for their violations of two clear and unambiguous court

orders. To compensate Kosowski, the Court orders an inquest to determine the amount of attorneys' fees and costs incurred by Kosowski as a result of Defendants' violation of the November 18, 2024 and February 3, 2025 Orders, including but not limited to work to pursue production of the requested information and the motion for civil contempt sanctions and work to determine whether Defendants' belated October 8, 2025 production includes all of the information responsive to Kosowski's discovery requests. The Court hereby refers to Magistrate Judge Shields an inquest and written report and recommendation as to an appropriate award of attorneys' fees and costs.

Finally, to ensure that Defendants have fully complied with the November 18, 2024 and February 3, 2025 Orders, the Court further orders Defendants to produce **by November 10, 2025** an affidavit describing the contents of the October 8, 2025 production and a privilege log identifying any withheld or redacted information.


Dated: Central Islip, New York
       November 3, 2025

                                              */s/ Nusrat J. Choudhury*
                                              NUSRAT J. CHOUDHURY
                                              United States District Judge