LEX SCRIPTA
LEX TRADITA
LAW OFFICES OF
CORY H. MORRIS
ATTORNEY &
COUNSELOR AT LAW

***Via Electronic Court Filing Only***

June 8, 2026

Honorable Magistrate Judge Anne Y. Shields
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re: Plaintiff Request for Discovery Extension for Plaintiff Only/Request for an Appropriate Remedy due to Defendants inability or refusal to assign and maintain an attorney with knowledge to litigate this case until resolution;

Case: *Kosowski v. Nassau County et al*, Docket No. 2:24-cv-01669-NJC-AYS

Dear Your Honor,

I write on behalf of Plaintiff to respectfully request that discovery be closed for Defendants and remain open for Plaintiff for sixty (60) days or, alternatively, for further motion practice seeking an appropriate remedy or disposition of this case due to Defendants' failure to comply with Court Orders, timely furnish discovery or actively defend this matter.

This case previously defaulted. The default was voluntarily reopened without prejudice to Plaintiff. Discovery Orders were issued and disregarded by Defendants. The Defendants were found in contempt by the United States District Court Judge after Your Honor's Report and Recommendation. Accordingly, in violation of previous admonition(s) from this Honorable Court concerning failure to comply with basic deadlines due to a lack of staffing in the Nassau County Attorney's Office ("NCAO"), the undersigned was informed of yet another reassignment replete with another NCAO attorney unfamiliar with the matter requesting a thirty (30) day time extension to represent Defendants Nassau County, Nassau County Police Chief Patrick J. Ryder, Officer Michael Marzocca, Officer Christopher Varga, Officer Phillip Cuiffo, Officer Ryan Gale and Officer Walter Palm, ("County Defendants") in this case. County Defendants denied Plaintiff the opportunity to meet and confer despite Plaintiff's request until after the June 8, 2026 Scheduling Order was issued.

After speaking to the latest Nassau County attorney, the undersigned offered an opportunity for the County Defendants to provide its position in writing due to This Court's June 8, 2026 Scheduling Order denying an extension of time "for failure to comply with the Court's rules" and to "set forth a valid specific reason for the request, as 'restructuring and reassigning cases' is not sufficient." The undersigned conferred with the latest assigned attorney who stated he was out of the office and for which Plaintiff informed him that basic items, like electronic mailings, notices circulating the 'Intelligence Bulletins,' production

from a litigation hold notice and the Internal Affair Unit ("IAU") documentation on Plaintiff and other persons who are subject to 'Intelligence Bulletins' for their speech, reporting, podcasting, recording or speaking about Nassau County Police Practices (a posting of the person's picture, address and first-amendment protected activity, such as podcasting) be timely produced. The undersigned suggested a written response be incorporated into this anticipated letter. The response from the latest NCAO assigned attorney, *in toto,* was:

> *It was nice speaking with you today. I spoke with the office and our position remains the same. As Nick's last day in the office was late last week, I picked up the file almost the same day, and was scheduled to be out of the office today.*
>
> *With that said, I'll be working diligently to ensure the outstanding discovery is addressed, however I will need at least an additional 30 days.*
>
> *Hoping to get this case back on track and coming to a just resolution.*

NCAO Deputy County Attorney, Mo Tahir, Electronic Mailing (external quotation marks omitted). The undersigned has no reason to doubt the accuracy or veracity of this missive but submits that the latest reassignment, the rotating door of NCAO deputy attorneys, prejudices the Plaintiff, delays the resolution of this case and disregards compliance with Court Orders.

While the contempt issues and the IAU Report, items that allegedly did not exist previously, appear to be procured by the previous NCAO Nicholas Zotto, it appears that the latest NCAO Deputy Attorney is not privy to any of this information, is unfamiliar with the case, records produced (Plaintiff voluntarily produced about 2,000 pages of records to review in preparation for this submission) or the outstanding discovery items inclusive of outstanding electronic mailings, audio, video, IAU interviews, memorandum book/notes from County Defendants, the items procured by the Litigation Hold Notice served during the criminal prosecution of Plaintiff along with other 'Intelligence Bulletin' IAU Reports concerning persons such as Sean Paul Reyes (who submitted an affidavit in this very case) subject to such 'Intelligence Bulletins,' arrests and prosecution(s) by the County Defendants due to his recording of police/Nassau County Police Department activities. This requires the Plaintiff to expend countless hours, effectively starting over in a case where the County Defendants already defaulted and were already held in contempt by the United States District Court Judge for such similar shortcomings if not outright violation of Orders issued by this Honorable Court.

Plaintiff respectfully requests that additional time to conduct discovery be extended only to the Plaintiff, *not County Defendants*, while this case moves towards some disposition together with appropriate relief deemed just and appropriate under these continued circumstances.

We thank the Court for its kind consideration.

Respectfully submitted,

Cory H. Morris, JD MA