**BRUCE A. BLAKEMAN**
**County Executive**

**THOMAS A. ADAMS**
**County Attorney**

**COUNTY OF NASSAU**
**OFFICE OF THE COUNTY ATTORNEY**

June 9, 2026

**VIA PACER**
Honorable Magistrate Judge Anne Y. Shields
United States District Judge
Eastern Distrct of New York
100 Federal Plaza
Central Islip, NY 11722

Re: *Kosowski v. Nassau County et al*,
Docket No. 2:24-cv-01669-NJC-AYS

Dear Magistrate Judge Shields,

This Office represents Defendants Nassau County, Nassau County Police Chief Patrick J. Ryder, Officer Michael Marzocca, Officer Christopher Varga, Officer Phillip Cuiffo, Officer Ryan Gale, and Officer Walter Palm (collectively, the "County Defendants"). The County Defendants respectfully oppose Plaintiff's June 8, 2026 letter application seeking to close discovery against the County Defendants while permitting Plaintiff an additional sixty days to conduct discovery, or, alternatively, seeking sanctions or other relief.

Plaintiff's application appears procedurally premature under Your Honor's Individual Rules, which provide:

"Counsel must first undertake a good faith effort to resolve any discovery disputes, including a request to limit or terminate a deposition, without court intervention. Where attorneys cannot agree upon resolution of a discovery dispute, they shall initiate a conference call with this court by calling chambers at (631) 712-5710. Attorneys may not bring a discovery motion before the court until they have complied with these rules. This court does not accept letter motions unless authorized to do so after the telephone conference is held. In the event that a discovery dispute raised in a telephone conference is not resolved during the telephone conference, counsel will be instructed as to the procedure and time frame for the making of a formal motion."

Here, Plaintiff's counsel did not initiate the required conference call with the Court before filing the present letter application. Nor, to the County Defendants' knowledge, did the Court authorize Plaintiff to file a letter motion following such a conference. Plaintiff instead directly requested substantive discovery relief, including the closure of discovery against the County Defendants, a unilateral sixty-day discovery extension, and other unspecified sanctions or remedies.

The County Defendants also did not understand that Plaintiff intended to seek this relief. Although Plaintiff's counsel requested that the undersigned provide the County Defendants' position in writing, counsel did not state that Plaintiff intended to seek sanctions,

close discovery solely against the County Defendants, or obtain a unilateral discovery extension. The undersigned understood that counsel was requesting the County Defendants' position concerning the outstanding discovery and the County's request for additional time for purposes of a joint status submission.

The County Defendants had previously attempted to obtain Plaintiff's position concerning an extension. On June 3, 2026, prior County counsel advised Plaintiff's counsel that the Kosowski matters were being reassigned to the undersigned, that the undersigned had been briefed, and that the County would require extensions of the June 8, 2026 federal and state discovery deadlines. Counsel expressly requested that Plaintiff advise whether he consented. Plaintiff's counsel responded but did not state whether Plaintiff consented to or opposed the requested extensions.

The Court subsequently denied the County Defendants' extension request because the letter did not state whether the parties had conferred. Following that ruling, the undersigned and Plaintiff's counsel spoke by telephone. Plaintiff's counsel requested the County's position in writing, but did not identify the sanctions or one-sided discovery relief ultimately requested in his letter.

The matter was reassigned to the undersigned immediately following prior counsel's departure. The undersigned is actively reviewing the file and gathering the outstanding discovery to ensure compliance with the Court's directives. The County Defendants have not refused to provide discovery or taken the position that the outstanding materials will not be produced. Rather, the undersigned advised Plaintiff's counsel that he would work diligently to address the outstanding discovery and requested thirty days to complete that process.

To the extent Plaintiff seeks sanctions under Rule 37(b), such sanctions require violation of a clearly articulated court order requiring specified discovery. *Daval Steel Prods., Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357 (2d Cir. 1991). Plaintiff relies principally upon prior conduct but does not identify a new refusal by current counsel warranting the extraordinary and one-sided relief requested.

Accordingly, the County Defendants respectfully request that the Court deny Plaintiff's application without prejudice for failure to follow the applicable discovery-dispute procedures and grant the County Defendants thirty days to complete the collection, review, and production of the outstanding discovery.

As always, we thank the Court for its time, patience, and consideration.

Respectfully submitted,

Mohammad A. Tahir

Mohammad A. Tahir, Esq.
Deputy County Attorney