JASPAN | SCHLESINGER | NARENDRAN LLP
ATTORNEYS AT LAW

**LAUREL R. KRETZING**
PARTNER
(516) 393-8258
lkretzing@jaspanllp.com

July 16, 2026

**Via ECF**
Hon. Magistrate Judge Anne Y. Shields
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

**Re: Kosowski v. Nassau County, et al.**
**24-cv-1669(NJC)(AYS)**

Dear Judge Shields:

This firm has been retained by the County Attorney's Office to represent the named defendants in this action, and I filed a notice of appearance on June 22, 2026. Pursuant to the Court's Order of June 10, 2026, the parties were required to file a joint status letter on July 15, 2026. On July 13, 2026, Cory H. Morris, Esq., counsel for plaintiff, requested that I provide him with defendants' portion of the joint status letter. I prepared a draft letter which included defendants' position later that same day. Yesterday, I requested that he provide me with plaintiff's position for inclusion in the joint status latter. He advised me that he was going to file the letter and would include defendant's position in his letter and declined my request to see a draft of the joint status letter prior to filing. I assumed that he intended to file the joint status later in the evening on July 15, 2026 as the letter was due that day, but he did not do so. I am therefore providing the Court with a report of the status of this matter based on the draft previously provided to Mr. Morris and apologize to the Court for the delay and if there was any misunderstanding on my part with respect to Mr. Morris' intentions to file the letter.

**Defendants' Position**

The Court's June 10, 2026 Order set the deadline for completion of all discovery as July 10, 2026. On June 29, 2026, I conferred with Mr. Morris via telephone regarding the outstanding discovery requests set forth in Mr. Morris' letter to the Court dated June 9, 2026.

In that telephone conversation, I advised Mr. Morris that defendants would produce non-privileged emails circulating or referring to the Intelligence Bulletins issued by the Nassau County Police Department regarding plaintiff, but objected to the request for emails regarding Intelligence Bulletins circulated regarding third parties based upon their recording of police activities as overly broad, unduly burdensome to produce and privileged based upon law enforcement/investigative process privilege. Indeed, based upon the Court's prior orders, Plaintiff is already in possession



300 Garden City Plaza, Garden City, NY 11530 | Tel: 516.746.8000 | Fax: 516.393.8282 | www.jaspanllp.com
The Right Decision

of the Intelligence Bulletins prepared regarding third parties who recorded police activities within three years of plaintiff's arrest which is sufficient for purposes of this litigation. These Simply because plaintiff has asserted a *Monell* claim that the NCPD has an unwritten policy of arresting people for recording police activity, does not entitle him to require defendants to engage in burdensome electronic discovery and the redaction of unrelated, irrelevant and personally identifying information and preparation of a privilege log for all emails and other documents regarding the preparation and circulation of each of the Intelligence Bulletins issued with respect to third parties to this litigation.

I disagree with plaintiff's position, conveyed by Mr. Morris in our call, that the Court's February 3, 2025 Order amounts to a blanket waiver of privilege in this case. My understanding of the current request for emails and communications regarding the Intelligence Bulletins is that this request is a follow-up to the original document request for the Intelligence Bulletins and seeks additional documents in the form of communications regarding the Intelligence Bulletins that were produced by defendants in response to the Court's Orders, which request was not the subject of the Court's Orders. Based upon my review of the docket, the Order finding that the defendants waived privilege emanated from the Court's November 8, 2024 Order which directed that the defendants produce "the Intelligence Bulletins with the following limitations: limited to within a three-year period of plaintiff's arrest and redacted to withhold the names of private individuals, or, produce a privilege log". The Order was issued following a discovery dispute which was prompted by plaintiff's request for "all Intelligence Bulletins which involve individuals who may have recorded the activities of Nassau County Police Officers" [Doc. No. 19]. Subsequently, the County was given leave to move for a protective order with respect to its assertion of the law enforcement/investigative privilege, but failed to do so by the deadline set by the Court, resulting in the February 3, 2025 Order finding that the County waived the law enforcement/investigative process privilege with respect to the specific documents requested and directed to be produced, *i.e.*, the Intelligence Bulletins issued within three years of plaintiff's arrest with respect to individuals recording police activity.

In any case, we produced the non-privileged communications regarding the Intelligence Bulletin pertaining to Plaintiff through an electronic link on July 2, 2026 and the documents were re-produced at Mr. Morris's request on a thumb drive sent to Mr. Morris on July 6, 2026 and delivered to him on July 7, 2026 together with a privilege log and a letter setting forth defendants' position with respect to the remainder of the document request. On July 13, 2026, Mr. Morris advised me for the first time that the password that was provided with the electronic link did not work on the thumb drive, and I subsequently provided him with a new password for the documents on the thumb drive on July 13, 2026. However, he objected to the fact that the documents were password protected in the first place and I sent Mr. Morris a new thumb drive without password protection via FedEx overnight delivery on July 13, 2026 which was received by him on the morning of July 14, 2026. In our email exchange of yesterday he was in the process of reviewing

the documents provided and reiterated his position that all objections to investigative/deliberate process privilege had been waived.

In our telephone conference on June 29, 2026 and again in my letter dated July 6, 2026 I asked Mr. Morris if he intended to conduct additional depositions of any of the defendants so that we could develop a schedule and request an extension of the discovery cut-off date of July 10, 2026 but he did not advise whether he required additional depositions. Defendants do not intend to take any additional depositions.

Finally, with respect to the issue of the inquest pursuant to the Contempt Order, the parties have agreed upon the amount of the attorney's fees and a stipulation r confirming the resolution of the issue has been circulated.

Very truly yours,

s/Laurel R. Kretzing

LAUREL R. KRETZING

cc: Counsel of Record via ECF



300 Garden City Plaza, Garden City, NY 11530 | Tel: 516.746.8000 | Fax: 516.393.8282 | www.jaspanllp.com

The Right Decision