

**LAUREL R. KRETZING**
PARTNER
(516) 393-8258
lkretzing@jaspanllp.com

July 24, 2026

**Via ECF**
Hon. Nusrat J. Choudhury
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

     **Re:**    ***Kosowski v. Nassau County, et al.*, 24-cv-1669(NJC)(AYS)**

Dear Judge Choudhury:

This firm is the attorney for all named defendants.  This letter is submitted pursuant to Fed. R. Civ. P. 72(a) and the Court's Individual Practice Rule 3.3 as defendants' appeal from of the July 21, 2026 Minute Order of the Honorable Magistrate Judge Shields, which provides as follows:

> PRETRIAL ORDER. As set forth on the record during the conference held today, as the Court has made clear in prior orders and again today, Defendants have waived all privileges in this case as a sanction. As such, Defendants are directed to produce the requested documents unredacted. If Plaintiff elects to conduct a 30(b)(6) deposition, Plaintiff must notice such by July 28, 2026. Finally, counsel stated that the issue of attorneys' fees has been resolved and paid.[1] (the "Order")

Defendants appeal from that part of the Order that provided that defendants waived all privileges as a sanction and directed that defendants produce all documents requested by plaintiff in unredacted form.  Defendants also seek a stay of production of further documents until the important issue of a blanket waiver of privilege is resolved. Defendants will not only be put to a serious litigation disadvantage if they must reveal attorney/client communications and attorney/work product but because of the nature of the documents, they also reveal information about  police investigations and strategy which has the potential to jeopardize the safety of police officers and the community and are privileged on that basis as well.

Judge Shields erred in finding previous orders held that defendants waived all privileges. The February 3, 2025 Order ("Feb. Order"), determining that defendants had waived the law enforcement privilege by failing to timely move for a protective order with respect to plaintiff's earlier request for other documents was not, by its plain language, a blanket order precluding defendants from asserting all privileges, including the attorney/client privilege, with respect to any subsequent document request. Despite the language in the Order, the Feb. Order is the only order on the docket which imposed a waiver of privilege, and was narrowly directed at the specific

---

[1] A copy of the transcript of the conference is attached hereto.



discovery dispute then at issue and not sufficient to inform defendants that the assertion of all privileges was waived with respect to future requests for production of documents.

### Summary of Relevant Factual and Procedural Background

Plaintiff commenced this action pursuant to 42 USC §1983 arising out of his arrest which he alleges was a result of his recording police activity. During discovery, a dispute arose between the parties regarding plaintiff's request for the production of Intelligence Bulletins ("IBs") issued by the Nassau County Police Department ("NCPD") with respect to individuals, other than plaintiff, alleged to have recorded police activities. Defendants declined to produce these third-party IBs on grounds of the law enforcement privilege. See, October 30, 2024 joint status letter (Doc. No. 19). Judge Shields held a conference on November 18, 2024, to resolve the dispute and then issued an order on that date, directing that in the event the requested IBs exist "by December 9, 2024, Defendants shall either provide the IBs with the following limitations: limited to within a three-year period of Plaintiff's arrest and redacted to withhold the names of private individuals; or, produce a privilege log." (the "Nov. Order").  Defendants did not produce the documents or a privilege log. Judge Shields then issued another order setting a briefing schedule for defendants to move for a protective order, which defendants failed to adhere to, resulting in the issuance of the Feb. Order which reads, in relevant part:

> While the Court appreciates that the County Attorney's office is currently understaffed, that does not excuse the County's lack of compliance with their discovery obligations, nor their non-compliance with this Court's orders. *As the time to move for a protective order has expired, any claim of privilege regarding the discovery at issue is waived.* Defendants are directed to produce the requested discovery by close of business on February 5, 2025 (emphasis added).

Defendants failed to comply with the Feb. Order and Plaintiff sought an order from Judge Shields certifying the contempt, which was granted. This Court in its Memorandum Opinion and Order issued on November 3, 2025, held defendants in civil contempt. As this Court noted, Judge Shields did not make any recommendations as to the specific relief to be imposed for the contempt. Thus, this Court imposed the sanction for the contempt.

As sanctions, the Court directed defendants to file an affidavit setting forth the documents produced in compliance with the Nov. Order and the Feb. Order and a privilege log identifying any withheld or redacted information. The Court also directed "an inquest be held to determine the amount of attorneys' fees and costs incurred by Kosowski as a result of Defendants' violation of the November 18, 2024 and February 3, 2025 Orders, including but not limited to work to pursue production of the requested information and the motion for civil contempt sanctions and work to determine whether Defendants' belated October 8, 2025 production includes all of the information responsive to Koswoski's discovery request". Defendants complied with this Court's direction by filing the declaration of Christopher V. Todd, Esq. of the NCPD Legal Bureau, regarding the

300 Garden City Plaza, Garden City, NY 11530  |  Tel: 516.746.8000  |  Fax: 516.393.8282  |  www.jaspanllp.com

The Right Decision



contents of the October 8, 2025 production (Doc. No. 45), which the Court reviewed and accepted. The Court then allowed plaintiff to amend his complaint based on the newly produced documents. As set forth in the July 21, 2026 Order, the attorneys' fees imposed pursuant to the Contempt Order have been resolved and paid. Thus, defendants have resolved the sanctions imposed by the Contempt Order.

**The July 21, 2026 Order**

Following the amendment of the complaint, the parties conducted additional discovery including the deposition of defendant, police officer Michael Marzocca, conducted on April 17, 2026 and plaintiff made additional discovery requests for emails circulating the IBs regarding plaintiff and other parties about whom IB had been prepared which were produced as part of the October 8, 2025 production. On June 3, 2026, the Deputy County Attorney then assigned to the case left the Office and another Deputy County Attorney was assigned until my firm was retained and appeared on June 22, 2026. After my firm's retention, we advised plaintiff of defendants' objection to the production of emails concerning the IBs prepared with respect to third parties and produced the non-privileged emails regarding the IB pertaining to plaintiff, redacting the privileged information and providing plaintiff with a privilege log which identified the privilege being asserted with respect to a particular document. A number of documents were redacted because they were communications with Mr. Todd specifically seeking legal advice or which reflected his work product. Other documents were redacted based on the investigative/deliberative process privilege as they were drafts of the pre-dated the final Intelligence Bulletin. In total, 12 pages of documents were either withheld or redacted based on privilege grounds. However, because the IB or information from the IB was circulated in mass emails along with other information regarding unrelated police activities, there is a substantial amount of redactions of information that pertains to matters and third parties unrelated to the issues in this litigation. See, e.g. Doc. No. 59-2 at ECF. p. 4.

In addition to directing the documents already produced be produced unredacted, Judge Shields also erred in directing the emails circulating the IBs regarding third parties based upon their recording of police activities be produced. While plaintiff claims this is needed information for his *Monell* claim, that is not the case. The Intelligence Bulletins themselves establish the policy and practice of the NCPD, not the emails regarding the drafting and circulating of the IBs regarding people who are third parties to this litigation and have a right not to have police information about them made public. Moreover, the requested communications are pre-decisional and privileged based upon law enforcement/investigative process privilege and should not be produced, particularly in a case where there is no protective order in place.

Respectfully submitted,
s/Laurel R. Kretzing
LAUREL R. KRETZING

cc: All Counsel
(via ECF)

LRK / #1957758v2 / 0050160 - 086364