UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------X **Docket#**
RICHARD KOSOWSKI,                : 24-cv-01669-NJC-AYS
                                 :
            Plaintiff,           :
                                 :
   - versus -                    : U.S. Courthouse
                                 : Central Islip, New York
NASSAU COUNTY et al.,            :
                                 : July 21, 2026
            Defendants           : 11:34 a.m.
------------------------------X

    TRANSCRIPT OF CIVIL CAUSE FOR TELEPHONE CONFERENCE
         BEFORE THE HONORABLE ANNE Y. SHIELDS
         UNITED STATES MAGISTRATE JUDGE

**A   P   P   E   A   R   A   N   C   E   S:**
 (**VIA VIDEO/AUDIO**)


**For the Plaintiffs**:          **Cory H. Morris, Esq**.
                                 Law Offices of Cory H. Morris
                                 863 Islip Avenue
                                 Central Islip, NY 11722


**For Defendants**:              **Laurel R. Kretzing, Esq**.
                                 Jaspan Schlesinger LLP
                                 300 Garden City Plaza, 5th Fl.
                                 Garden City, NY 11530


**Transcription Service**:       **Transcriptions Plus II, Inc**.
                                 61 Beatrice Avenue
                                 West Islip, New York 11795
                                 RL.Transcriptions2@gmail.com


Proceedings recorded by electronic sound-recording,
transcript produced by transcription service

Proceedings                                    2

THE CLERK:  Calling 24-cv-1669, *Kosowski v. Nassau County et al.*

Please state your appearances for the record.

MR. MORRIS:  Good morning, your Honor.  Cory Morris for the plaintiff by the Law Office of Cory Morris.  And I believe he's listening in.  Good morning, your Honor.

THE COURT:  Who's listening in?

MR. MORRIS:  The plaintiff.

THE COURT:  Oh, okay.

MR. KOSOWSKI:  How you doing, Judge?  Richard Kosowski, the plaintiff.

THE COURT:  Good morning.  Who's here for defense?

MS. KRETZING:  Good morning, your Honor.  It's Laurel Kretzing from Jaspan Schlesinger Narendran for the defendants.

THE COURT:  Good morning.  Anybody else on the line?

MR. KOSOWSKI:  How you doing, Judge?  Richard Kosowski, the plaintiff.

THE COURT:  No, no, no, I know that you're on the line.  You can listen in.  Your lawyer will be doing the talking, not you.

MR. KOSOWSKI:  Yeah, please --

Transcriptions Plus II, Inc.

3

Proceedings

THE COURT:  Is anyone else on the line?

MS. KRETZING:  I don't believe so, your Honor.

THE COURT:  All right.  Very good.  Ms. Kretzing, welcome to the party.  You took over this case recently.  I have your letter, I have Mr. Morris's letter, and I have a couple of rulings to make.

First of all, all the objections that are asserted are waived and have been waived over my ruling, so I disagree with what this counsel has put in their letter.  So you are to produce all of the documents without redactions.  That's first.

Second, I know that the defendant does not want to take any depositions.  Let me ask Mr. Morris do you want to take depositions?

MR. MORRIS:  Your Honor, at this point, the only one I could really in good faith assert knows what's going is Patrick Ryder and I'm well aware of some of the hurdles in obtaining Mr. Ryder's compliance.

THE COURT:  Mr. Ryder's position is what?

MR. MORRIS:  He is the chief.  He is the chief operating officer of the Nassau County Police Department.

MS. KRETZING:  He's the police commissioner, your Honor.

THE COURT:  Can you remind me whether you took depositions already?  Did you get a 30(b)(6)?  Or just

Transcriptions Plus II, Inc.

4

Proceedings

remind me of what's been going on, Mr. Morris.

MS. KRETZING: The county identified two 30(b)(6) witnesses and my understanding is neither were deposed.

THE COURT: Mr. Morris, is that right? Did you not take a 30(b)(6)?

MR. MORRIS: Your Honor, if I may, for the plaintiff Cory Morris. This case hasn't gotten through your Honor's tier one discovery. We haven't have initial disclosures in this case.

THE COURT: I'm asking, all I'm doing is asking if you want to take depositions and how much time you need to do that.

MR. MORRIS: Yes. We need persons with actual knowledge.

THE COURT: Okay.

MR. MORRIS: The last persons were identified by Mr. Zotto who I understand these records were later culled from. So he's two attorneys ago in this continuing -- I think as your Honor said, welcome to this party. Two attorneys ago asserted that, that he's going to look into people who may have knowledge. And at this rate we may, you know, never complete discovery.

THE COURT: Let me ask you --

MR. MORRIS: The chief operating officer has --

Transcriptions Plus II, Inc.

5

Proceedings

THE COURT: Let me ask you this. Did you serve a 30(b)(6) notice of deposition?

MR. MORRIS: No. We haven't gone through tier one discovery, your Honor.

THE COURT: Here's what I want you to do. I want you to serve a 30(b)(6) notice of deposition. There's that --

MR. MORRIS: Can I serve Patrick Ryder so I have the appropriate person who has actual knowledge?

THE COURT: No. You can, but it's not going to do you a lot of good. Serve a 30(b)(6) on counsel. Counsel will produce somebody who they think has the knowledge that you're looking for. If that witness does not have knowledge, we'll take it from there and we'll give you someone you need with knowledge. But we don't start at the top. You start with somebody with knowledge. Okay?

MR. MORRIS: Your Honor, most respectfully --

THE COURT: Let's do that.

MR. MORRIS: Most respectfully, this is costing an enormous amount of time and money and we're going in ever diminishing circles without getting anywhere. I don't want to continue --

THE COURT: I read your letter. I'm trying to help by moving along with the deposition. So I'm going

6

Proceedings

to ask you to file a 30(b)(6) notice of deposition and I'm going to ask defense counsel in good faith to produce the witness. If that witness is not sufficient, we'll take it from there. But I am trying to move this case along for you, so that's the next step.

MR. MORRIS: But your Honor, again, I'm looking for someone with actual knowledge, right? This is easy. Who is the person who disseminates these intelligence orders? What I have is Patrick Ryder. That's it.

THE COURT: Again, did you file a 30(b)(6) notice of deposition? That is going to identify the areas that you want the person to have knowledge of. If the defendant deems that person to be Patrick Ryder, you'll get Patrick Ryder.

MR. MORRIS: Your Honor, most respectfully, I know the deposition --

THE COURT: Defendant -- stop, stop talking, sir. Defense counsel, when you get the 30(b)(6) notice of deposition, you can decide that Patrick Ryder is the person or you can decide that someone else is the person. If the person does not have knowledge, that's going to be on you.

MS. KRETZING: Yes, I understand, your Honor.

THE COURT: Someone with knowledge. If you want to produce Mr. Ryder, produce him. I'm assuming you

7

Proceedings

don't want to produce him.  Do you want to produce him and make this go easier or not?

MS. KRETZING:  Your Honor, respectfully, I need to see the 30(b)(6) topics before I can evaluate which witness or witnesses are appropriately produced.

THE COURT:  I think that's appropriate.  So Mr. Morris, when will you serve the 30(b)(6) notice?

MR. MORRIS:  Your Honor, I mean if I'm directed to do so, I will, but at this point I'd rather waive discovery and move to dispositive motions or trial.

THE COURT:  That's up to you.  You want to waive discovery, waive discovery.

MR. MORRIS:  I mean I have no opportunity --

THE COURT:  (Inaudible) on the record.

MR. MORRIS:  I have no opportunity to meaningfully prosecute this case within a time where I could seek injunctive relief.  We seek injunctive relief --

THE COURT:  Sir, sir, I'm giving you the opportunity.  If you don't want to file a 30(b)(6) notice of deposition, I'm giving you the opportunity, I'm giving you more time to do it.  If you do not want that and you want to waive discovery, that's okay.  That's your right. Do you want some time to think about that?

MR. MORRIS:  Well, placed between these two

Transcriptions Plus II, Inc.

8

Proceedings

options of continuing through county attorney and now private attorney, I have to speak to my client who's listening to every word of this, who has told me before that he wants this case to move towards resolution and not, again, the opportunity for yet another attorney to come in and say I have to see, I have to look at what we have, your Honor.

THE COURT:  Tomorrow you are getting all of your documents unredacted.  If you want depositions, I'm going to put an order on the docket that makes all of this very clear and you can have a week to decide if you want depositions --

MR. MORRIS:  Thank you.

THE COURT:  -- or if you don't want depositions.

MR. MORRIS:  Thank you.  I'll be --

THE COURT:  I'm not putting pressure on you one way or the other.  I'm trying to move it along.  If you don't want to take depositions, that's okay.  Defendants don't want to take depositions.  They've made that clear.

Now, there's an outstanding issue on the contempt with respect to I believe attorneys' fees.  Mr. Morris seems to indicate that that was agreed to with the prior -- defense counsel said it was agreed to?  Somebody said it was agreed to, the --

9

Proceedings

MS. KRETZING:  I believe -- oh, excuse me, your Honor.

THE COURT:  Go ahead, counsel.

MS. KRETZING:  I believe that it was agreed to and I was told that the payment was approved, but I don't believe the payment has been made or the stipulation signed.  So that is the only outstanding thing, just the paperwork.

THE COURT:  Mr. Morris, what's your position on that?

MR. MORRIS:  Your Honor, I'd like to invoke a falsetto, a long pause, just to think about what was just said.  Defense counsel is unaware of what her clients are doing, but I am aware.  And the money has already been deposited.  The issue was resolved, not Moe Tahir, the last county attorney, but Nicholas Zotto, two county attorneys ago.  And just like privilege and just like discovery, we're going to continue in this dead spiral if we can't -- there's no real teeth to the fact that the county attorney has to be prepared, I mean prepared for conferences.

THE COURT:  So you already got paid on it and you --

MR. MORRIS:  Yeah.  This has been resolved.

THE COURT:  Oh, good news.  Then that's done.

10

Proceedings

So --

MR. MORRIS:  We did great.  I don't know why he left.

THE COURT:  Let me ask new counsel why don't you talk to whoever is at the county who knows something about this case because if you want to pay twice, you can pay twice, but it sounds like this was already taken care of.

MS. KRETZING:  All right.  And I'm sorry, but the file that I had didn't have a signed version.  If I could just request that Mr. Morris provide me with the signed stipulation and acknowledgment that he -- and I heard that he has been paid, so that's fine.

MR. MORRIS:  Your Honor --

THE COURT:  He just said it on the record so it's not a problem anymore.

MR. MORRIS:  Your Honor, I'm at a loss for words.  I just want to just emphasize in my career, it's limited, but the county paid me.  This is Nassau County, New York has paid me.  I've asserted it.  And believe me, this is a county that absent legislative approval in most cases won't give you a dime nevertheless, you know, resolve contempt which, you know, again I just need to belabor for the record if nothing else didn't happen last attorney, it happened two attorneys ago.  At what

11

Proceedings

point --

THE COURT:  It's better.  Okay.

MR. MORRIS:  I mean, you know --

THE COURT:  Well, then it's not your problem or my problem anymore.  I'm just going to tell counsel --

MR. MORRIS:  But in --

THE COURT:  Stop.  You don't have to put anything more on the record on that.  It's done.  It's done.  They've paid.  So I wouldn't --

MR. MORRIS:  Your Honor, I'm endeavoring, I'm endeavoring to resolve these issues.  I'm taking haircuts left and right endeavoring to resolve these issues just to bring this case to resolution.

THE COURT:  But it was resolved, so let's not talk about it anymore.  You got paid, right?

All right.  I'm going to put something on the docket and hopefully we can wake up and move this along.

MS. KRETZING:  And your Honor --

THE COURT:  Thank you both --

MS. KRETZING:  Your Honor, may I be heard on the redaction issue?

THE COURT:  No, no.  You and your predecessors were heard several times.  This is what you're stuck with.

MS. KRETZING:  All right.  I just want to point

12

Proceedings

out, your Honor, with the last set of redactions on the documents that I produced what we redacted were they circulate these intelligence bulletins together with a lot of other information about unrelated issues, unrelated people, unrelated crimes.  Those are the kind of things I redacted.  In addition to that, I redacted attorney-client privilege and attorney work product with respect to the production or the drafting of the intelligence bulletin about Mr. Kosowski.

THE COURT:  No privileges.  Everything was waived before.  It's not your fault.  This is the county's fault.  You're stuck with it.

MS. KRETZING:  All right.  So attorney-client privilege is waived and I have to produce all of the documents that accompanied the intelligence bulletin unrelated to Mr. Kosowski.

THE COURT:  Yes.

MS. KRETZING:  Okay.

MR. MORRIS:  Judge, I'd just like -- there's clarifying language that's recently employed.  This is a Monell, the custom trade pattern and practice.

THE COURT:  I know.  Why?

MR. MORRIS:  They refuse to provide Monell discovery.  All of a sudden there's new objections.

THE COURT:  You're getting it now, all of it.

Transcriptions Plus II, Inc.

13

Proceedings

All waived.  I couldn't be any clearer.

MR. MORRIS:  Thank you.

THE COURT:  I thought I couldn't be any clearer two lawyers ago but I'm being clear now.

MR. MORRIS:  Please, your Honor, I just ask for something meaningful for my client's sake.  I've been, you know -- some meaningful repercussions that Monell discovery will be produced, all intelligence bulletins --

THE COURT:  Mr. Morris --

MR. MORRIS:  -- all Internal Affairs --

THE COURT:  -- Mr. Morris, we're not talking about it anymore.  I already said it three times.

MR. MORRIS:  Okay.

THE COURT:  You're getting it all.

MR. MORRIS:  Thank you.

THE COURT:  Stop when you're ahead.  Thank you both.

(Matter concluded)

-oOo-

Transcriptions Plus II, Inc.

14

**C E R T I F I C A T E**


I, MARY GRECO, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.


I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.


IN WITNESS WHEREOF, I hereunto set my hand this **23rd** day of **July**, 2026.


_Mary Greco_

Transcriptions Plus II, Inc.


Transcriptions Plus II, Inc.