LEX SCRIPTA
LEX TRADITA
LAW OFFICES OF
CORY H. MORRIS
ATTORNEY &
COUNSELOR AT LAW

***Via Electronic Court Filing Only***

August 5, 2026

Hon. Nusrat J. Choudhury
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: *Kosowski v. Nassau County, et al.*, 24-cv-1669 (NJC)(AYS)

Dear Judge Choudhury:

Plaintiff Richard Kosowski respectfully submits this opposition to Defendants' July 24, 2026 letter (ECF No. 61) seeking a stay and appealing U.S. Magistrate Judge Shields' July 21, 2026 Minute Order ("the Order") finding its 2025 Order valid, that Defendants previously waived all privileges as a sanction and directing production of the requested documents in unredacted, that defendants willfully withhold basic discovery to endlessly delay this case under the guise of hiring new counsel, and its latest counsel (like many past) showed up unfamiliar with a case that needs a resolution for which Plaintiff already moved for default several times. Defendants' latest request to delay discovery if not disposition of this case must be denied.

As this Court recently stated, under Fed. R. Civ. P. Rule 72, "[t]he district judge . . . must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." The clearly erroneous or contrary to law standard is "highly deferential, imposes a heavy burden on the objecting party, and only permits reversal where the magistrate judge abused [her] discretion." *Ahmed v. T.J. Maxx Corp.*, 103 F. Supp. 3d 343, 350 (E.D.N.Y. 2015) (quotation marks and citations omitted); *Atl. Specialty Ins. Co. v. Coastal Env't Grp. Inc.*, 945 F.3d 53, 63 (2d Cir. 2019) ("Under the clear error standard, we `may not reverse [a finding] even though convinced that had [we] been sitting as the trier of fact, [we] would have weighed the evidence differently.'") (quoting *Mobil Shipping & Transp. Co. v. Wonsild Liquid Carriers Ltd.*, 190 F.3d 64, 67 (2d Cir. 1999)) (alterations in original).

Defendants are untimely - the original order is a year and a half old - and this Court has already held Defendants in contempt for this very same violation of Court Order. This case will never end without appropriate sanction as the record shows a course of discovery obstruction by Defendants that fully supports Magistrate Judge Shields' July 21, 2026 ruling.

Defendants defaulted. It was voluntarily reopened. An answer comprising a complete denial was filed. On November 18, 2024, following a discovery conference, Magistrate Judge Shields ordered Defendants, by December 9, 2024, either to produce the basic discovery (inclusive of Intelligence Bulletins ("IBs") limited temporally and with certain redactions of private names) or to produce a privilege log. Defendants did neither.

On February 3, 2025, after Defendants failed to move for a protective order on the schedule set by the Court, Magistrate Judge Shields held: "As the time to move for a protective order has expired, any claim of privilege regarding the discovery at issue is waived. Defendants are directed to produce the requested discovery by close of business on February 5, 2025." Defendants again failed to comply.

Plaintiff moved for certification of contempt. On May 19, 2025, Magistrate Judge Shields certified the facts of contempt (ECF No. 36). This Court, after hearing, held Defendants in civil contempt on November 3, 2025, for violations of the clear and unambiguous November 18, 2024 and February 3, 2025 Orders. The Court ordered an inquest on attorneys' fees, required an affidavit describing the (belated) October 8, 2025 production, and required a privilege log for any withheld or redacted material.

Defendants' October 8, 2025 production was incomplete and late. Plaintiff was permitted to amend the complaint based on the newly produced materials.

Discovery was discussed and set aside by Ralph Reissman (2025) to be reviewed by Nicholas Zotto (months ago), this occurred in tandem with USMJ Shields initial Court Order.

A new Nassau County Attorney, Mo Tahir, showed up completely unfamiliar with the matter in a further attempt to delay the production of that discovery. No real consequences occurred when Mo Tahir said he required more time and another, new, attorney would appear.

Over a year ago, Ralph Reissman stated that the County would not produce basic discovery without a Court Order and a significant effort - he was correct and the attorney who stated it was forthcoming, Nicholas Zotto (two defense counsel ago) has since left the office: Plaintiff still does not have it and the paucity of material provided (the same records reproduced dozens of times in previous filings, see D.E. 58-61) evidences broader discovery abuse .

The latest defense counsel is unfamiliar and unwilling to comply with the discovery requirements of the Court. A review of the file shows that Defendants have not even produced initial disclosures or the materials contemplated in tandem to the contempt proceeding: internal affair unit reports concerning persons such as Sean Paul Reyes, persons targeted based on their reporting of law enforcement activities.

At the July 21, 2026 conference, Magistrate Judge Shields—having lived with this litigation's discovery history for nearly two years—expressly found that Defendants had waived *all* privileges as a sanction and ordered unredacted production of the requested documents. That ruling was neither clearly erroneous nor contrary to law. Further, Defendants challenge should have occurred in February of 2025 not July of 2026. It is untimely, unsupported by facts or law and conveniently targeting documents set aside nearly a year ago.

Defendants' request is untimely. Defendants wish to limit February 3, 2025 Order when it comprised USMJ Shields Tier One Discovery. It was not and never has been limited a pending IB request. Defendants defaulted, the case was voluntarily reopened. Defendants were in contempt and its latest counsel did not even know it was resolved. Defendants' latest attorney boldly ignores both the language of the Order and the broader context of repeated, willful non-compliance which should result in a default judgment at this point.

The February 3, 2025 Order waived "any claim of privilege regarding the discovery at issue" after Defendants defaulted on the briefing schedule for a protective order. This is long but over. More importantly, the subsequent contempt proceedings and this Court's November 3, 2025 Memorandum Opinion and Order make clear that Defendants' repeated failures were not isolated. Under Rule 37(b)(2) and the Court's inherent authority, a court may impose sanctions—including the preclusion of privilege assertions—for failure to obey discovery orders. This occurred over a year ago. Plaintiff asked to renew the default here - it was denied.

At this point, case ending sanctions is appropriate. *Thompson v. Rising Star Beauty Salon Inc., No.* 15CV3716 (RRM)(RER), 2017 WL 3887870, at *2 (E.D.N.Y. Sept. 5, 2017). Where a party has engaged in a pattern of delay, non-production, and late assertion of privileges only after new counsel appears and after years of stonewalling, a broader waiver sanction is fully within the magistrate judge's discretion and Plaintiff already briefed this before Your Honor.

Defendants' late assertion of attorney-client and work-product privileges over emails (which should have been produced at the outset of this case if not pursuant to the litigation hold notice served in this matter) involving Defendants Legal Bureau counsel (Mr. Todd) does not immunize them. Discovery, inclusive of the emails regarding third-party IBs are not peripheral. It is basic evidence of a broader practice of monitoring and responding to civilian recording of police, which bears directly on municipal liability. The absence of a protective order further undercuts Defendants' claims of prejudice. Any legitimate privacy or safety concerns as to third parties can be addressed through appropriate redactions of purely identifying information of non-parties (as the November 18, 2024 Order already contemplated for the IBs themselves), not through wholesale invocation of privilege after repeated defaults.

Defendants seek a stay of production pending resolution of this appeal. There is no basis for this. A stay of discovery is warranted only upon a showing of "good cause[.]" *Alloway v. Bowlero Corp*., No. 2:24-CV-04738 (SJB) (JMW), 2025 WL 1220185, at *1 (E.D.N.Y. Apr. 28, 2025) (citing *Hearn v. United States*, No. 17-CV-3703, 2018 WL 1796549, at *2 (E.D.N.Y. Apr. 16, 2018)). There is no good cause for Defendants' further delay.

The Order is a non-dispositive discovery ruling issue in 2025. Fed. R. Civ. P. Rule 72 relief was waived. There is no basis to appeal a February 2025 Order and there is no basis to assert the catastrophic harm claimed. Should the Court seriously entertain a stay of a February, 2025 Order, Plaintiff respectfully requests that the initial default judgment be recertified and entered: it is not that Defendants are unable to defend this proceeding, it is that Defendants will make a mockery of these court proceedings until case ending sanctions are issued.

USMJ Shields' Orders correctly applied basic discovery sanctions to a record of repeated, willful non-compliance. A default judgment was certified and contempt was found in this very case. The 2025 and 2026 Orders are neither clearly erroneous nor contrary to law. Defendants' Rule 72(a) appeal should be denied, the Order affirmed in full, and the request for a stay denied. Plaintiff respectfully requests that the Court order immediate production of all discovery, all *Monell* discovery inclusive of the internal affair reports contemplated multiple attorneys ago, award attorney's fees and allow case terminating sanctions related to Defendants' latest denial of discovery and perpetual delay of any disposition of this matter.

Respectfully submitted,

Cory H. Morris, JD MA