2:24-cv-01669–NJC–AYS

# United States District Court
## EASTERN DISTRICT OF NEW YORK

RICHARD KOSOWSKI,

*Plaintiff,*

–v–

COUNTY OF NASSAU; NASSAU COUNTY POLICE DEPARTMENT

NASSAU COUNTY POLICE CHIEF PATRICK J. RYDER as Commissioner of Police, in his official capacity only; Nassau County Police Officer Michael Marzocca; Nassau County Police Officer Christopher Varga, Nassau County Police Officer Phillip Cuiffo; Nassau County Police Officer Ryan Gale; Nassau County Police Officer Walter Palm; and Nassau County Police Officers John and Jane Doe ## 1-10,

*Defendants.*

## PLAINTIFF'S FIRST DEMAND FOR DOCUMENT PRODUCTION

Cory H. Morris, Esq. (CM 5225)
THE LAW OFFICES OF CORY H. MORRIS
*Attorneys for Plaintiff*
863 Islip Avenue
Central Islip, NY 11722
Phone: (631) 450–2515
E-mail: info@coryhmorris.com

Victor John Yannacone, jr, Esq., (VY 6405)
*of counsel*
E-mail: vyannacone@yannalaw.com

identical copy (regardless of origin) and all drafts of agreements, contracts, amendments, addenda, checks, check stubs, demands, statements, protocols, correspondence, memoranda, reports, financial reports, notes, letters, telegrams, messages (including reports, notes, and memoranda of telephone conversations and conferences), studies, agenda, analyses, booklets, books, bulletins, circulars, comparisons, instructions, magazines, internet documents, social media documents, minutes, newspapers, notices, purchase orders, invoices, questionnaires, shipping orders, and other Communications and studies, surveys, charts, graphs, photographs, phone conversations, phone records, social networking data, e-mails, text messages, blog posts, social media posts, internet posts, computer media, phonograph tape (or other recording or data compilations), telegrams, teletype, telex, and any other writings of any nature whatsoever, including all attachments thereto, including all data stored for use in or with electronic data processing equipment, e-mail, deleted documents, electronic correspondence in any form, microfilm, and other media from which information can be obtained in your possession, custody, or control, or of a controlled subsidiary, regardless of where located, of which you have knowledge or of which you may locate or discover by reasonably diligent effort;

1.6. "Identify" means, in addition to the definitions in Local Civil Rule 26.3:

shall in no way prejudice the rights of the undersigned to require the production of documents pursuant to Rule 34 of the Federal Rules of Civil Procedure.

1.11. "Relating to" shall mean constituting, describing, discussing, mentioning, commenting about, referring to, reflecting, or in any way logically or factually connecting with the matter described in that paragraph of these document production requests;

1.12. "File" refers to any collection of any number of documents;

1.13. "Personnel" refers to all employees, including officials, officers, managers, supervisors, foremen, professionals, office and any other person(s) carried on the payroll of the respondent;

1.14. The use of the singular form of a word shall apply to the plural as well, and words used in the masculine gender shall include the feminine;

1.15. The words "or" and "and" shall be construed either conjunctively or disjunctively to bring within the scope of these requests any documents which might otherwise be construed to be outside the scope. Thus, "or" will be "and" and vice versa where suitable;

1.16. "Information" as herein used includes formal and informal statements, notes, letters, telephone conversations, memoranda, or other forms of documentation;

1.17. "Organizational Structure" refers to all administrative units, including sections, branches, areas, offices, departments, or divisions, and any subdivision thereof, no matter how small;

investigation material relating to Richard Kosowski. The file should be accompanied by a certification from an authorized representative of the Nassau County Police Department that the file produced is a full, complete and accurate record of all the information relating to Richard Kosowski.

## Documents relating to Richard Kosowski

5. You are directed to produce all internal communications, memos, emails, or report s within the Nassau County Police Department ("NCPD") concerning Plaintiff Richard Kosowski.

6. You are directed to produce all records concerning Plaintiff Richard Kosowski, including but not limited to electronic mailings, memoranda, applications, violations, correspondence, audio, video, audio messages/voicemails, text messages, or other electronic messages inclusive of all records produced by Plaintiff Richard Kosowski himself.

7. You are directed to produce any statements made by Plaintiff Richard Kosowski and any member of the Nassau County Police Department, including but not limited to, Nassau County Police Officer Michael Marzocca, Nassau County Police Officer Christopher Varga, Nassau County Police Officer Phillip Cuiffo, Nassau County Police Officer Ryan Gale, Nassau County Police Officer Walter Palm.

8. You are directed to produce all documentation which is or has been in your possession and is authorized for you to possess and produce pursuant to any signed stipulation provided by Plaintiff Richard Kosowski or his attorneys to your office.

9. All records, including but not limited to electronic mailings, memoranda, applications, violations, correspondence, audio,

County Police Officer Christopher Varga, Nassau County Police Officer Phillip Cuiffo, Nassau County Police Officer Ryan Gale, Nassau County Police Officer Walter Palm, and the results of such complaints, allegations of misconduct, or internal affairs investigations.

14. You are directed to produce all training records, guidelines, policies, and procedures affecting and/or controlling Defendants, Nassau County Police Officer Michael Marzocca, Nassau County Police Officer Christopher Varga, Nassau County Police Officer Phillip Cuiffo, Nassau County Police Officer Ryan Gale, Nassau County Police Officer Walter Palm, on September 9, 2022.

## Nassau County Police Department Management

15. You are directed to produce all records, including but not limited to electronic mailings, memoranda, legal research notes, prosecution records, applications, correspondence, audio, video, audio messages/voicemails, text messages, or other electronic messages concerning any complaints and/or claims filed against Nassau County Police Chief Patrick J. Ryder, together with records of the disposition of those complaints and/or claims.

16. You are directed to produce all records of prior allegations or complaints of misconduct against Nassau County Police Chief Patrick J. Ryder, regardless of whether those incidents are directly related to Plaintiff Richard Kosowski.

17. You are directed to produce complete disciplinary histories and internal investigation reports for Nassau County Police Chief Patrick J. Ryder, regardless of whether those incidents are directly related to Plaintiff Richard Kosowski.

Nassau County Police Officer Michael Marzocca, Nassau County Police Officer Christopher Varga, Nassau County Police Officer Phillip Cuiffo, Nassau County Police Officer Ryan Gale, Nassau County Police Officer Walter Palm.

22. You are directed to produce all documents, internal memoranda, and communications regarding any Nassau County Police Department policy changes concerning photographing Nassau County Police Officers and/or Nassau County Police Department activities subsequent to September 9, 2022.

23. In accordance with Rule 26(a)(1)(A)(ii), you are directed to produce a copy and/or a description by category and location, of all documents, electronically stored information, and tangible things that the Defendants have in its possession, custody, or control and may use to support its defenses, unless the use would be solely for impeachment, concerning Defendants' Fifteenth Affirmative Defense that, "... the alleged acts or omissions of the County Defendants named in the Complaint, and/or any officers, agents, servants and/or employees of defendant County of Nassau, do not create vicarious liability against defendant County of Nassau pursuant to the doctrine of respondeat superior ... ."

## Issues of fact

24. You are directed to produce all available audio and video surveillance recordings, including but not limited to, Police body camera footage, and dashcam recordings, concerning any observations of Plaintiff Richard Kosowski, including but not limited to, observation and surveillance which did not result in

all documents, electronically stored information, and tangible things that the Defendants have in its possession, custody, or control and may use to support its defenses, unless the use would be solely for impeachment, concerning Defendants Third Affirmative Defense that "That the Complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or other basis for a civil rights claim. "

30. In accordance with Rule 26(a)(1)(A(ii), you are directed to produce a copy and/or a description by category and location, of all documents, electronically stored information, and tangible things that the Defendants have in its possession, custody, or control and may use to support its defenses, unless the use would be solely for impeachment, concerning Defendants Third Affirmative Defense that "That the Complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or other basis for a civil rights claim. "

31. In accordance with Rule 26(a)(1)(A(ii), you are directed to produce a copy and/or a description by category and location, of all documents, electronically stored information, and tangible things that the Defendants have in its possession, custody, or control and may use to support its defenses, unless the use would be solely for impeachment, concerning Defendants Fourth Affirmative Defense that "That no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by the County Defend official, employee, agent, servant or officer authorized a deprivation of plaintiff's constitutional rights."

32. In accordance with Rule 26(a)(1)(A(ii), you are directed to produce a copy and/or a description by category and location, of all documents, electronically stored information, and tangible

35. In accordance with Rule 26(a)(1)(A)(ii), you are directed to produce a copy and/or a description by category and location, of all documents, electronically stored information, and tangible things that the Defendants have in its possession, custody, or control and may use to support its defenses, unless the use would be solely for impeachment, concerning Defendants' Ninth Affirmative Defense, "That the County Defendants, at all times complained of, acted reasonably and in good faith in the discharge of their official duties and responsibilities."

36. In accordance with Rule 26(a)(1)(A)(ii), you are directed to produce a copy and/or a description by category and location, of all documents, electronically stored information, and tangible things that the Defendants have in its possession, custody, or control and may use to support its defenses, unless the use would be solely for impeachment, concerning Defendants' Tenth Affirmative Defense, "That the County Defendants acted in what they did solely pursuant to their duties and responsibilities as law enforcement and/or prosecuting officials."

37. In accordance with Rule 26(a)(1)(A)(ii), you are directed to produce a copy and/or a description by category and location, of all documents, electronically stored information, and tangible things that the Defendants have in its possession, custody, or control and may use to support its defenses, unless the use would be solely for impeachment, concerning Defendants' Thirteenth Affirmative Defense, "At all applicable times herein, and at all times mentioned in the Complaint, the County Defendants' actions were in full accord with all applicable laws and statutes.

virtue of the negligent and/or wrongful conduct of parties other than the County Defendants, over whom the County Defendants exercised no control; without any negligent or wrongful conduct on the part of the County Defendants contributing thereto."

41. In accordance with Rule 26(a)(1)(A)(ii), you are directed to produce a copy and/or a description by category and location, of all documents, electronically stored information, and tangible things that the Defendants have in its possession, custody, or control and may use to support its defenses, unless the use would be solely for impeachment, concerning Defendants' Sixteenth Affirmative Defense, "... the duties and functions of the County of Nassau's officials, officers, agents, servants and/or employees entailed the exercise of proper and lawful discretion."

42. You are directed to produce copies of any insurance policies that may cover the claims and damages being sought by Plaintiff in this case, including but not limited to liability coverage for the involved officers and the County of Nassau.

DATED AT: Central Islip, NY
October 25, 2024

/s/ *Victor John Yannacone, jr.*

Victor John Yannacone, jr, Esq., (VY6405)
*of counsel*
E-mail: vyannacone@yannalaw.com
THE LAW OFFICES OF CORY H. MORRIS
*Attorneys for Plaintiff*
863 Islip Avenue
Central Islip, NY 11722
Phone: (631) 450–2515
E-mail: info@coryhmorris.com