UNITED STATES DISTRICT COUR
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
RICHARD KOSOWSKI,

Plaintiff, 24-CV-01669 (AYS)

-against-

NASSAU COUNTY, NASSAU COUNTY POLICE DEPARTMENT, NASSAU COUNTY POLICE CHIEF PATRICK J. RYDER, in his official capacity only, NASSAU COUNTY POLICE OFFICER MICHAEL MARZOCCA, NASSAU COUNTY POLICE OFFICER CHRISTOPHER VARGA, NASSAU COUNTY POLICE OFFICER RYAN GALE, NASSAU COUNTY POLICE OFFICER WALTER PALM and Nassau County Police Officers JOHN and JANE DOE ## 1-10,

Defendants.
-----------------------------------------------------------------X

**DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR DOCUMENTS**

Defendants Nassau County, Nassau County Police Department, Nassau County Police Chief Patrick J. Ryder, Nassau County Police Officer Michael Marzocca, Nassau County Police Officer Christopher Varga, Nassau County Police Officer Ryan Gale and Nassau County Police Officer Walter Palm (collectively, the "County Defendants"), by their attorney. Nassau County Attorney Thomas A. Adams, by Deputy County Attorney Ralph J. Reissman, as and for their response to the First Demand for Documents of plaintiff Richard Kosowski ("plaintiff") respond upon information and belief as follows:

## GENERAL OBJECTIONS

1. The County Defendants object to plaintiff's requests because, and to the extent, they seek documents and/or information protected from disclosure under the attorney-client privilege and/or work-product doctrine.

2. The County Defendants object to plaintiff's requests because, and to the extent, they seek documents and/or information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

3. The County Defendants object to plaintiff's requests because, and to the extent, they are overbroad, unduly burdensome and oppressive.

4. The County Defendants object to plaintiff's requests because, and to the extent, terms or phrases contained therein are vague, ambiguous or undefined.

5. The County Defendants object to plaintiff's requests because, and to the extent, they fail to identify the information or category of information that is sought with reasonable particularity.

6. The County Defendants object to plaintiff's requests because, and to the extent, they fail to limit themselves to documents that are in the possession, custody or control of defendants.

7. These General Objections are continuing and are incorporated by reference in each, and every response set forth below.

8. By providing the information below, defendants do not in any way waive or intend to waive, but rather intend to preserve and is preserving (a) all objections to competency, relevance, materiality and admissibility of the responses or the subject matter thereof; (b) all objections as to vagueness, ambiguity, or undue burden; (c) all rights to object on any ground to

the use of any of said responses or the subject matter thereof, in any subsequent proceedings, including the trial of this or any other actions; and (d) all rights to object on any ground to any request for further responses to these or any other discovery requests involving or relating to the subject matter of these requests.

9. The County Defendants responses are based upon information and documents presently known to them. The County Defendants reserve the right to present at trial additional information discovered from plaintiffs during discovery.

**SPECIFIC OBJECTIONS AND RESPONSES**

**DEMAND NO. 3**

You are directed to produce the entire file of the Nassau County District attorney dealing with the prosecution of Plaintiff Richard Kosowski. The file should be accompanied by a certification from an authorized representative of the District Attorney that the file produced is a full, complete and accurate record of all the information relating to the prosecution of Richard Kosowski.

**RESPONSE**

The entirety of the District Attorney Office's files regarding plaintiff were received by Deputy County Attorney Ralph J. Reissman from Matthew Frankel, a Senior Paralegal employed by the District Attorney's Office, between June 18, 2024, and August 8, 2024, and were thereafter forwarded to plaintiff's attorney by electronic transmission.

**DEMAND NO. 4**

You are directed to produce the entire file of the Nassau County Police Department dealing with the arrest, incarceration, and prosecution of Plaintiff Richard Kosowski together with any investigation material relating to Richard Kosowski. The file should be accompanied by

a certification from an authorized representative of the Nassau County Police Department that the file produced is a full, complete and accurate record of all the information relating to Richard Kosowski.

**RESPONSE**

The entirety of the Nassau County Police Department's files regarding plaintiff were received by Deputy County Attorney Ralph J. Reissman from the Police Department's Legal Bureau on August 8, 2024, and were thereafter forwarded to plaintiff's attorney by electronic transmission.

**DEMAND NO. 5**

You are directed to produce all internal communications, memos, emails, or reports within the Nassau County Police Department ("NCPD") concerning Plaintiff Richard Kosowski.

**RESPONSE**

See documents annexed hereto bates numbers COUNTY 000001-000006.

**DEMAND NO. 6**

You are directed to produce all records concerning Plaintiff Richard Kosowski, including but not limited to electronic mailings, memoranda, applications, violations, correspondence, audio, video, audio messages/voicemails, text messages, or other electronic messages inclusive of all records produced by Plaintiff Richard Kosowski himself.

**RESPONSE**

See documents annexed hereto bates numbered COUNTY 000001-000006 and also video and audio recordings transmitted electronically with service of this response.

**DEMAND NO. 7**

You are directed to produce any statements made by Plaintiff Richard Kosowski and any member of the Nassau County Police Department, including but not limited to, Nassau County Police Officer Michael Marzocca, Nassau County Police Officer Christopher Varga, Nassau County Police Officer Phillip Cuiffo, Nassau County Police Officer Ryan Gale, Nassau County Police Officer Walter Palm.

**RESPONSE**

See documents annexed hereto bates numbers COUNTY 000001-000006

**DEMAND NO. 8**

You are directed to produce all documentation which is or has been in your possession and is authorized for you to possess and produce pursuant to any signed stipulation provided by Plaintiff Richard Kosowski or his attorneys to your office.

**RESPONSE**

See documents annexed hereto bates numbers COUNTY 000001-000006.

**DEMAND NO. 9**

All records, including but not limited to electronic mailings, memoranda, applications, violations, correspondence, audio, video, audio messages/voicemails, text messages, or other electronic messages concerning Richard Kosowski, inclusive of all records produced by Richard Kosowski himself.

**RESPONSE**

See documents annexed hereto bates numbered COUNTY 000001-000006, and also video and audio recordings transmitted electronically with service of this response.

**DEMAND NO. 10**

You are directed to produce all the information relied upon by any of the Defendant NCPD Police Officers, Nassau County Police Officer Michael Marzocca, Nassau County Police Officer Christopher Varga, Nassau County Police Officer Phillip Cuiffo, Nassau County Police Officer Ryan Gale, Nassau County Police Officer Walter Palm, with respect to the arrest, incarceration and prosecution of Plaintiff Richard Kosowski.

**RESPONSE**

See documents annexed hereto bates numbers COUNTY 000001-000006.

**DEMAND NO. 11**

You are directed to produce the complete disciplinary histories and internal investigation reports for all officers involved in the arrest, incarceration, and prosecution of Plaintiff Richard Kosowski.

**RESPONSE**

See documents annexed hereto bates numbers COUNTY 000034-000051.

**DEMAND NO. 12**

You are directed to produce all records, including but not limited to electronic mailings, memoranda, legal research notes, prosecution records, applications, correspondence, audio, video, audio messages/voicemails, text messages, or other electronic messages concerning any complaints and/or claims filed against Nassau County Police Officer Michael Marzocca, Nassau County Police Officer Christopher Varga, Nassau County Police Officer Phillip Cuiffo, Nassau County Police Officer Ryan Gale, Nassau County Police Officer Walter Palm, together with records of the disposition of those complaints and/or claims.

**RESPONSE**

See documents annexed hereto bates numbers COUNTY 000024-000033.

**DEMAND NO. 13**

You are directed to produce all records of prior complaints, allegations of misconduct, or internal affairs investigations against Nassau County Police Officer Michael Marzocca, Nassau County Police Officer Christopher Varga, Nassau County Police Officer Phillip Cuiffo, Nassau County Police Officer Ryan Gale, Nassau County Police Officer Walter Palm, and the results of such complaints, allegations of misconduct, or internal affairs investigations.

**RESPONSE**

See documents annexed hereto bates numbers COUNTY 000024- 000051.

**DEMAND NO. 14**

You are directed to produce all training records, guidelines, policies, and procedures affecting and/or controlling Defendants, Nassau County Police Officer Michael Marzocca, Nassau County Police Officer Christopher Varga, Nassau County Police Officer Phillip Cuiffo, Nassau County Police Officer Ryan Gale, Nassau County Police Officer Walter Palm, on September 9, 2022.

**RESPONSE**

The NCPD Legal Bureau is in the process of locating documents responsive to this demand and once received at the County Attorney's Office, these documents will immediately be forward to plaintiff's attorneys.

**DEMAND NO. 15**

You are directed to produce all records, including but not limited to electronic mailings, memoranda, legal research notes, prosecution records, applications, correspondence, audio,

video, audio messages/voicemails, text messages, or other electronic messages concerning any complaints and/or claims filed against Nassau County Police Chief Patrick J. Ryder, together with records of the disposition of those complaints and/or claims.

**RESPONSE**

The County Defendants object to this demand on the grounds that it seeks production of documents and/or information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**DEMAND NO. 16**

You are directed to produce all records, including but not limited to electronic mailings, memoranda, legal research notes, prosecution records, applications, correspondence, audio, video, audio messages/voicemails, text messages, or other electronic messages concerning any complaints and/or claims filed against Nassau County Police Chief Patrick J. Ryder, together with records of the disposition of those complaints and/or claims.

**RESPONSE**

The County Defendants object to this demand on the grounds that it seeks production of documents and/or information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**DEMAND NO. 17**

You are directed to produce all records of prior allegations or complaints of misconduct against Nassau County Police Chief Patrick J. Ryder, regardless of whether those incidents are directly related to Plaintiff Richard Kosowski.

**RESPONSE**

The County Defendants object to this demand on the grounds that it seeks production of documents and/or information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**DEMAND NO. 18**

You are directed to produce complete disciplinary histories and internal investigation reports for Nassau County Police Chief Patrick J. Ryder, regardless of whether those incidents are directly related to Plaintiff Richard Kosowski.

**RESPONSE**

The County Defendants object to this demand on the grounds that it seeks production of documents and/or information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**DEMAND NO. 19**

You are directed to produce all training records of any Nassau County Police Department officers involved in any way with the arrest, incarceration and prosecution of Plaintiff Richard Kosowski, including but not limited to, Nassau County Police Officer Michael Marzocca, Nassau County Police Officer Christopher Varga, Nassau County Police Officer Phillip Cuiffo, Nassau County Police Officer Ryan Gale, Nassau County Police Officer Walter Palm prior to September 9, 2022.

**RESPONSE**

The NCPD Legal Bureau is in the process of locating documents responsive to this demand and once received at the County Attorney's Office, these documents will immediately be forward to plaintiff's attorneys.

**DEMAND NO. 20**

You are directed to produce all guidelines provided to the Nassau County Police Department officers involved in any way with the arrest, incarceration and prosecution of Plaintiff Richard Kosowski, including but not limited to, Nassau County Police Officer Michael Marzocca, Nassau County Police Officer Christopher Varga, Nassau County Police Officer Phillip Cuiffo, Nassau County Police Officer Ryan Gale, Nassau County Police Officer Walter Palm prior to September 9, 2022.

**RESPONSE**

The NCPD Legal Bureau is in the process of locating documents responsive to this demand and once received at the County Attorney's Office, these documents will immediately be forward to plaintiff's attorneys.

**DEMAND NO. 21**

You are directed to produce all guidelines provided to the Nassau County Police Department officers involved in any way with the arrest, incarceration and prosecution of Plaintiff Richard Kosowski, including but not limited to, Nassau County Police Officer Michael Marzocca, Nassau County Police Officer Christopher Varga, Nassau County Police Officer Phillip Cuiffo, Nassau County Police Officer Ryan Gale, Nassau County Police Officer Walter Palm prior to September 9, 2022.

**RESPONSE**

The NCPD Legal Bureau is in the process of locating documents responsive to this demand and once received at the County Attorney's Office, these documents will immediately be forward to plaintiff's attorneys.

**DEMAND NO. 22**

You are directed to produce all policies, and procedures applicable to the Nassau County Police Department officers involved in any way with the arrest, incarceration and prosecution of Plaintiff Richard Kosowski, including but not limited to, Nassau County Police Officer Michael Marzocca, Nassau County Police Officer Christopher Varga, Nassau County Police Officer Phillip Cuiffo, Nassau County Police Officer Ryan Gale, Nassau County Police Officer Walter Palm prior to September 9, 2022.

**RESPONSE**

The NCPD Legal Bureau is in the process of locating documents responsive to this demand and once received at the County Attorney's Office, these documents will immediately be forward to plaintiff's attorneys.

**DEMAND NO. 23**

You are directed to produce all use-of-force reports involving photographing or recording Nassau County Police Department Officers and/or police activities, including but not limited to, Nassau County Police Officer Michael Marzocca, Nassau County Police Officer Christopher Varga, Nassau County Police Officer Phillip Cuiffo, Nassau County Police Officer Ryan Gale, Nassau County Police Officer Walter Palm.

**RESPONSE**

The County Defendants are not in possession of any documents responsive to this demand.

**DEMAND NO. 24**

You are directed to produce all documents, internal memoranda, and communications regarding any Nassau County Police Department policy changes concerning photographing

Nassau County Police Officers and/or Nassau County Police Department activities subsequent to September 9, 2022.

**RESPONSE**

See documents annexed hereto bates numbered COUNTY 000007-000011.

**DEMAND NO. 25**

In accordance with Rule 26(a)(1)(A)(ii), you are directed to produce a copy and/or a description by category and location, of all documents, electronically stored information, and tangible things that the Defendants have in its possession, custody, or control and may use to support its defenses, unless the use would be solely for impeachment, concerning Defendants' Fifteenth Affirmative Defense that, "… the alleged acts or omissions of the County Defendants named in the Complaint, and/or any officers, agents, servants and/or employees of defendant County of Nassau, do not create vicarious liability against defendant County of Nassau pursuant to the doctrine of respondeat superior … ."

**RESPONSE**

See documents annexed hereto bates numbered COUNTY 000001-000006, COUNTY 000007-000011, and also the United States Supreme Court case entitled *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658 (1978).

**DEMAND NO. 26**

You are directed to produce all available audio and video surveillance recordings, including but not limited to, Police body camera footage, and dashcam recordings, concerning any observations of Plaintiff Richard Kosowski, including but not limited to, observation and surveillance which did not result in direct interaction between Nassau County Police Department Officers and Plaintiff Richard Kosowski.

**RESPONSE**

See documents annexed hereto bates numbered COUNTY 000001-000006, COUNTY 000007-000011. and also video and audio recordings transmitted electronically with service of this response.

**DEMAND NO. 27**

You are directed to produce any other audio and visual recordings, including but not limited to, security camera footage or any other recordings taken by non-party Defendants in the possession of or which were otherwise viewed by Defendants.

**RESPONSE**

See video and audio recordings transmitted electronically with service of this response.

**DEMAND NO. 28**

In accordance with Rule 26(a)(1)(A(ii), you are directed to produce a copy and/or a description by category and location, of all documents, electronically stored information, and tangible things that the Defendants have in its possession, custody, or control and may use to support its defenses, unless the use would be solely for impeachment, concerning Defendants First Affirmative Defense that the "Complaint fails to state a claim upon which relief can be granted."

**RESPONSE**

See documents annexed hereto bates numbered COUNTY 000001-000006, COUNTY 000007—000011, and also video and audio recordings transmitted electronically with service of this response.

**DEMAND NO. 29**

In accordance with Rule 26(a)(1)(A(ii), you are directed to produce a copy and/or a description by category and location, of all documents, electronically stored information, and tangible things that the Defendants have in its possession, custody, or control and may use to support its defenses, unless the use would be solely for impeachment, concerning Defendants' Second Affirmative Defense that "That the damages sustained by the plaintiff, if any, were caused by the plaintiff's own culpable and/or negligent conduct."

**RESPONSE**

See documents annexed hereto bates numbered COUNTY 000001-000006, COUNTY 000007—000011, and also video and audio recordings transmitted electronically with service of this response.

**DEMAND NO. 30**

In accordance with Rule 26(a)(1)(A(ii), you are directed to produce a copy and/or a description by category and location, of all documents, electronically stored information, and tangible things that the Defendants have in its possession, custody, or control and may use to support its defenses, unless the use would be solely for impeachment, concerning Defendants Third Affirmative Defense that "That the Complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or other basis for a civil rights claim. "

**RESPONSE**

See documents annexed hereto bates numbered COUNTY 000001-000006, COUNTY 000007—000011, and also video and audio recordings transmitted electronically with service of this response.

**DEMAND NO. 31**

In accordance with Rule 26(a)(1)(A(ii), you are directed to produce a copy and/or a description by category and location, of all documents, electronically stored information, and tangible things that the Defendants have in its possession, custody, or control and may use to support its defenses, unless the use would be solely for impeachment, concerning Defendants Fourth Affirmative Defense that "That no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by the County Defend official, employee, agent, servant or officer authorized a deprivation of plaintiff's constitutional rights."

**RESPONSE**

See documents annexed hereto bates numbered COUNTY 000001-000006, COUNTY 000007—000011, and also video and audio recordings transmitted electronically with service of this response.

**DEMAND NO. 32**

In accordance with Rule 26(a)(1)(A(ii), you are directed to produce a copy and/or a description by category and location, of all documents, electronically stored information, and tangible things that the Defendants have in its possession, custody, or control and may use to support its defenses, unless the use would be solely for impeachment, concerning Defendants Fifth Affirmative Defense that "That no custom or usage adopted, followed, endorsed or ratified by the County Defendants, or any Nassau County official, employee, agent, servant or officer, authorized a deprivation of Plaintiff's constitutional rights."

**RESPONSE**

See documents annexed hereto bates numbered COUNTY 000001-000006, COUNTY 000007—000011, and also video and audio recordings transmitted electronically with service of this response.

**DEMAND NO. 33**

In accordance with Rule 26(a)(1)(A)(ii), you are directed to produce a copy and/or a description by category and location, of all documents, electronically stored information, and tangible things that the Defendants have in its possession, custody, or control and may use to support its defenses, unless the use would be solely for impeachment, concerning Defendants' Fifth Affirmative Defense that "That no custom or usage adopted, followed, endorsed or ratified by the County Defendants, or any Nassau County official, employee, agent, servant or officer, authorized a deprivation of Plaintiff's constitutional rights." Specifically provide all documents which set forth policies and practices concerning the photographing of Nassau County Police Officers and their activities.

**RESPONSE**

See documents annexed hereto bates numbered COUNTY 000001-000006, COUNTY 000007—000011, and also video and audio recordings transmitted electronically with service of this response.

**DEMAND NO. 34**

In accordance with Rule 26(a)(1)(A)(ii), you are directed to produce a copy and/or a description by category and location, of all documents, electronically stored information, and tangible things that the Defendants have in its possession, custody, or control

and may use to support its defenses, unless the use would be solely for impeachment, concerning Defendants' Eighth Affirmative Defense, "That the County Defendants' actions, if any, were justified by the facts and circumstances presented."

**RESPONSE**

See documents annexed hereto bates numbered COUNTY 000001-000006, COUNTY 000007—000011, and also video and audio recordings transmitted electronically with service of this response.

**DEMAND NO. 35**

In accordance with Rule 26(a)(1)(A)(ii), you are directed to produce a copy and/or a description by category and location, of all documents, electronically stored information, and tangible things that the Defendants have in its possession, custody, or control and may use to support its defenses, unless the use would be solely for impeachment, concerning Defendants' Ninth Affirmative Defense, "That the County Defendants, at all times complained of, acted reasonably and in good faith in the discharge of their official duties and responsibilities."

**RESPONSE**

See documents annexed hereto bates numbered COUNTY 000001-000006, COUNTY 000007—000011, and also video and audio recordings transmitted electronically with service of this response.

**DEMAND NO. 36**

In accordance with Rule 26(a)(1)(A)(ii), you are directed to produce a copy and/or a description by category and location, of all documents, electronically stored information, and tangible things that the Defendants have in its possession, custody, or control and may use to support its defenses, unless the use would be solely for impeachment, concerning Defendants'

Tenth Affirmative Defense, "That the County Defendants acted in what they did solely pursuant to their duties and responsibilities as law enforcement and/or prosecuting officials."

**RESPONSE**

See documents annexed hereto bates numbered COUNTY 000001-000006, COUNTY 000007—000011, and also video and audio recordings transmitted electronically with service of this response.

**DEMAND NO. 37**

In accordance with Rule 26(a)(1)(A)(ii), you are directed to produce a copy and/or a description by category and location, of all documents, electronically stored information, and tangible things that the Defendants have in its possession, custody, or control and may use to support its defenses, unless the use would be solely for impeachment, concerning Defendants' Thirteenth Affirmative Defense, "At all applicable times herein, and at all times mentioned in the Complaint, the County Defendants' actions were in full accord with all applicable laws and statutes.

**RESPONSE**

See documents annexed hereto bates numbered COUNTY 000001-000006, COUNTY 000007—000011, and also video and audio recordings transmitted electronically with service of this response.

**DEMAND NO. 38**

You are directed to produce all records of investigations or surveillance of Plaintiff Richard Kosowski conducted by any member of the Nassau County Police Department.

**RESPONSE**

See the video and audio recordings transmitted electronically with service of this response.

**DEMAND NO. 39**

In accordance with Rule 26(a)(1)(A)(ii), you are directed to produce a copy and/or a description by category and location, of all documents, electronically stored information, and tangible things that the Defendants have in its possession, custody, or control and may use to support its defenses, unless the use would be solely for impeachment, concerning Defendants' Thirteenth [*duplicate number in Answer*] Affirmative Defense, "the County Defendants were acting in the performance of their duties as officers, agents, servants and/or employees of the County of Nassau and the Nassau County Police Department, and as officers, agents, servants and/or employees of the State of New York; that all of the their acts as officers, agents, servants and/or employees of the County of Nassau and the Nassau County Police Department in connection with the plaintiff, were performed in good faith, without malice, and with reasonable and proper care in the ordinary course of their duties as officers, agents, servants and/or employees of the County of Nassau, the Nassau County Police Department, and the State of New York."

**RESPONSE**

See documents annexed hereto bates numbered COUNTY 000001-000006, COUNTY 000007—000011, and also video and audio recordings transmitted electronically with service of this response.

**DEMAND NO. 40**

In accordance with Rule 26(a)(1)(A)(ii), you are directed to produce a copy and/or a description by category and location, of all documents, electronically stored information, and tangible things that the Defendants have in its possession, custody, or control and may use to support its defenses, unless the use would be solely for impeachment, concerning Defendants'

Fourteenth Affirmative Defense, "If plaintiff sustained damages as alleged in the Complaint, such damages were sustained through and by virtue of the negligent and/or wrongful conduct of parties other than the County Defendants, over whom the County Defendants exercised no control, without any negligent or wrongful conduct on the part of the County Defendants contributing thereto."

**RESPONSE**

See documents annexed hereto bates numbered COUNTY 000001-000006, COUNTY 000007—000011, and also video and audio recordings transmitted electronically with service of this response.

**DEMAND NO. 41**

In accordance with Rule 26(a)(1)(A)(ii), you are directed to produce a copy and/or a description by category and location, of all documents, electronically stored information, and tangible things that the Defendants have in its possession, custody, or control and may use to support its defenses, unless the use would be solely for impeachment, concerning Defendants' Sixteenth Affirmative Defense, "... the duties and functions of the County of Nassau's officials, officers, agents, servants and/or employees entailed the exercise of proper and lawful discretion." You are directed to produce copies of any insurance.

**RESPONSE**

See documents annexed hereto bates numbered COUNTY 000001-000006, COUNTY 000007—000011, and also video and audio recordings transmitted electronically with service of this response.

**DEMAND NO. 42**

You are directed to produce copies of any insurance policies that may cover the claims and damages being sought by Plaintiff in this case, including but not limited to liability coverage for the involved officers and the County of Nassau.

**RESPONSE**

The County Defendants are not in possession of any documents responsive to this demand.

The County Defendants reserve their right to supplement this response in the course of discovery up through and including the time of trial.

The County Defendants reserve their rights to supplement the foregoing responses.

Dated: Mineola, New York
February 7, 2025

THOMAS A. ADAMS
Nassau County Attorney
Attorney for Defendants

By: */s/ Ralph J. Reissman*
RALPH J. REISSMAN
Deputy County Attorney
1 West Street
Mineola, New York 11501
(516) 571-3046